IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

The Government stands ready, immediately upon the Court's entry of a protective order in this case, to produce a substantial amount of discovery to the defendant—discovery that defense counsel stated at the initial appearance yesterday that he needed in order to abide by the Court's order to propose a trial date and estimate the length of the defense case. To allow the Government to begin producing that discovery—much of which includes sensitive and confidential information—the Government respectfully moves the Court for entry of the attached proposed protective order governing the disclosure of discovery by the parties in the above-captioned case. The Court can and should enter it immediately to allow the Government to produce discovery, because the defendant can seek at any time to modify the order if he objects to it.

**I.      Background**

On August 1, 2023, a federal grand jury in the District of Columbia returned an indictment charging the defendant with violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States); 18 U.S.C. § 1512(k) (Conspiracy to Obstruct an Official Proceeding); 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of and Attempt to Obstruct an Official Proceeding); and 18 U.S.C. § 241 (Conspiracy Against Rights). On August 2, the Government sent a proposed protective order to counsel for the defendant. Defense counsel substantively responded on August 4 (today) with a different proposed protective order that did not, in the Government's estimation,

protect numerous categories of sensitive materials, including grand jury materials and sealed search warrant affidavits. The same day, in an attempt to reach a compromise, the Government drafted a new proposed protective order, modeled on the one entered by Judge Carl A. Nichols in a recent criminal case, and provided it to defense counsel, noting that the Government intended to file a proposed protective order today. In response, defense counsel asked the Government to note in this motion that they did not have adequate time to confer.

## II. Argument

The Government seeks to provide the defendant with discovery as soon as possible, including certain discovery to which the defendant is not entitled at this stage of the proceedings. The attached order would allow the Government to do so, while also protecting a large amount of sensitive and confidential material contained within the first production that the Government has prepared and will send as soon as the Court issues an order. Such materials include, but are not limited to: materials containing personally identifying information as identified in Federal Rule of Criminal Procedure 49.1; Rule 6 materials, including subpoena returns, witness testimony, and related exhibits presented to the grand jury; materials obtained through sealed search warrants and 2703(d) orders; sealed orders obtained by the Government's filter team related to this case; recordings, transcripts, interview reports, and related exhibits of witness interviews; and sensitive materials obtained from other governmental entities.

The Court may, for good cause, enter a protective order governing or restricting discovery or inspection. Fed. R. Crim. P. 16(d)(1); *see also United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) ("a 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'") (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)). Courts regularly do so "to 'expedite the flow of discovery' in cases involving a large amount of sensitive

information." *United States v. Johnson*, 314 F.Supp.3d 248, 251 (D.D.C. 2018). When seeking a protective order, the Government must establish good cause. *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). Here, good cause exists because issuance of the Government's proposed order would expedite the flow of discovery in this case, give the defendant prompt access to a large portion of the discovery he ultimately will receive, and protect the highly sensitive categories of material described above.

      The Government's proposed order is consistent with other such orders commonly used in this District and is not overly restrictive. It allows the defendant prompt and effective use of discovery materials in connection with his defense, including by showing discovery materials to witnesses who also agree to abide by the order's terms. All the proposed order seeks to prevent is the improper dissemination or use of discovery materials, including to the public. Such a restriction is particularly important in this case because the defendant has previously issued public statements on social media regarding witnesses, judges, attorneys, and others associated with legal matters pending against him. And in recent days, regarding this case, the defendant has issued multiple posts—either specifically or by implication—including the following, which the defendant posted just hours ago:



If the defendant were to begin issuing public posts using details—or, for example, grand jury transcripts—obtained in discovery here, it could have a harmful chilling effect on witnesses or adversely affect the fair administration of justice in this case. *See Gentile v. State Bar of Nevada*,

501 U.S. 1030, 1070 (1991) ("The outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding.  Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial . . . obviously threaten to undermine this basic tenet.").

  Finally, and importantly, the Government's proposed protective order provides that either party can seek to modify the order at any time—meaning that the defendant is in a better position if he receives discovery under the proposed order's conditions rather than receiving no discovery while this motion is pending.  If the Court issues the Government's proposed protective order forthwith, without awaiting a responsive brief, the defendant will be free to review the discovery that the Government will promptly produce and can seek any modifications of the order that he determines appropriate based on that review.  And once in possession of the Government's detailed, organized discovery inventory, the defendant will be in a better position to assess and justify whether to seek a modification to the protective order at all.

            Respectfully submitted,

            JACK SMITH
            Special Counsel

By:  /s/Molly Gaston
    Molly Gaston
    Thomas P. Windom
    Senior Assistant Special Counsels
    950 Pennsylvania Avenue NW
    Room B-206
    Washington, D.C. 20530