IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v. : <br> : <br> DONALD J. TRUMP, : <br> : <br> Defendant. : | No. 23-cr-257-TSC |

**MOTION FOR EXCLUSION OF TIME UNDER SPEEDY TRIAL ACT**

President Donald J. Trump respectfully moves to exclude the 25 days between August 3, 2023 (initial appearance) and August 28, 2023 (first status conference) from the Speedy Trial Act calculation. Pursuant to 18 U.S.C. § 3161(h)(7) and applicable case law, this exclusion is warranted by the complexity of this matter, including the substantial volume of discovery and novel questions of fact and law.

President Trump is charged in a four-count indictment (ECF No. 1), wrongfully alleging conspiracies spanning months and involving hundreds of potential witnesses across the country. The prosecution states this case will involve "a substantial amount of discovery." (ECF No. 10). Additionally, this matter raises significant constitutional issues, and other novel questions of law and fact. We anticipate, among other things, reviewing terabytes of electronic information and hundreds of thousands of pages of hard copy documents; filing numerous critical motions; interviewing hundreds of witnesses; issuing dozens of Rule 17 subpoenas; retaining expert witnesses, *etc.*

Under 18 U.S.C. § 3161(h)(7), a court can exclude periods of delay from the 70-day period within which a criminal trial must commence. Section 3161(h)(7)(B) sets forth certain factors that

1

the court must consider. Among those is "[w]hether the case is so unusual or so complex, due to… the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

Here, the sheer number of witnesses and volume of discovery alone warrants a continuance, to say nothing about the issues of first impression that the parties will inevitably have to brief. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 778–79 (D.C. Cir. 2019) (approving continuance due to "the lengthy time needed for discovery and its impact on defense counsel's ability to prepare for trial"). For a case of this magnitude, it would be impossible for the defense to evaluate the government's evidence, prepare its own defense, and participate in pretrial proceedings, all within the time constraints of the Speedy Trial Act. Accordingly, the ends of justice would be served by the exclusion of the 25-day period from the Speedy Trial Act calculation.

The prosecution requested that we include the following statement in our motion: "The Government's position is that the ends of justice are best served by a speedy trial. The Government will respond more specifically once it has the opportunity to review the defendant's motion."

Dated: August 8, 2023

Respectfully submitted,

Todd Blanche, Esq. *(PHV Pending)*
toddblanche@blanchelaw.com
BLANCHE LAW
99 Wall St., Suite 4460
New York, NY 10005
(212) 716-1250

*/s/John F. Lauro*
John F. Lauro, Esq.
D.C. Bar No. 392830
jlauro@laurosinger.com
Filzah I. Pavalon, Esq. (PHV)
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990

*Counsel for President Donald J. Trump*