IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *  CRIMINAL NO. 23-cr-257 (TSC) |
| | * |
| DONALD J. TRUMP, | * |
| | * |
| Defendant. | * |
| | * |

**GOVERNMENT'S RESPONSE TO COURT'S AUGUST 3, 2023 MINUTE ORDER**

In its August 3, 2023, Minute Order, the Court directed the Government to "file a brief proposing a trial date and providing an estimate of the time required to set forth the prosecution's case in chief" at trial. The Government proposes that trial begin on January 2, 2024, and estimates that its case in chief will take no longer than four to six weeks. This trial date, and the proposed schedule outlined below, would give the defendant time to review the discovery in this case and prepare a defense, and would allow the Court and parties to fully litigate any pre-trial legal issues. Most importantly, a January 2 trial date would vindicate the public's strong interest in a speedy trial—an interest guaranteed by the Constitution and federal law in all cases, but of particular significance here, where the defendant, a former president, is charged with conspiring to overturn the legitimate results of the 2020 presidential election, obstruct the certification of the election results, and discount citizens' legitimate votes.

I. **Government's Proposed Trial Date and Schedule**

To estimate a prompt trial date that serves the public's interest and the interests of justice, while also protecting the defendant's rights and ability to prepare for trial, the Government outlines below suggested interim dates subject to the Court's schedule and availability:

- September 25, 2023: Rule 12 and other dispositive motions
- October 16, 2023: Oppositions to Rule 12 and other dispositive motions
- October 25, 2023: Replies in Support of Rule 12 and other dispositive motions
- TBD: Motions Hearing
- November 13, 2023: Motions in Limine
- November 27, 2023: Oppositions to Motions in Limine
- December 4, 2023: Replies in Support of Motions in Limine
- December 8, 2023: Final Pretrial Conference
- December 11, 2023: Jury Selection
- January 2, 2024: Trial

This general schedule would give the defense almost two months after indictment to file Rule 12 and other dispositive motions, which raise legal issues, not issues of fact stemming from the review of discovery.[1]   It would then provide roughly five months before the start of trial for the defense to review discovery—which, as described below, the Government expects to be substantially complete in advance of the Court's hearing on August 28, 2023.   This schedule also proposes that the Court set a date certain to start trial in January 2024 regardless of when jury selection finishes in December 2023 to avoid uncertainty and hardships for jurors during the winter holidays.

II. **The Government's Proposed Trial Date Vindicates the Public's Interest in a Speedy Trial While Protecting the Defendant's Rights and Need to Prepare a Defense**

A January 2, 2024, trial date represents an appropriately speedy trial in the public interest and in the interests of justice, while affording the defendant time to prepare his defense and raise pre-trial legal issues with the Court.   The Government has undertaken extensive efforts to prepare and organize discovery in a manner that will assist the defendant in his review of produced materials.   Assuming that a protective order is entered, the Government expects to have

---

[1] It appears that defense counsel is already planning which motions the defendant will file. For instance, on CBS's Face the Nation on August 6, 2023, Mr. Lauro stated, "[W]e're going to be identifying and litigating a number of motions that we're going to file on First Amendment grounds, or the fact that President Trump is immune as president from being prosecuted in this way."   He also expressed an intention to pursue a change of venue.  *See* 8/6/23 CBS Face the Nation, *available at* https://www.cbsnews.com/video/86-face-the-nation/.

substantially completed discovery in this case by the next hearing on August 28, 2023. This Court—like federal courts throughout the nation—can and will ensure that the defendant receives both a fair and speedy trial.

      a. <u>The Constitution and Federal Law Provide that a Speedy Trial is in the Public's Interest and in the Interests of Justice</u>

At the defendant's initial appearance, and in several television interviews, defense counsel has suggested that the Speedy Trial Act is intended only to protect the defendant's rights. *See, e.g.*, 8/3/23 Hr'g Tr. at 17 ("Of course, the Speedy Trial Act protects a defendant's rights"); 8/3/23 Fox News, Ingraham Angle ("Speedy trials rights are a defendant's speedy trial rights. A citizen's speedy trial rights. Not the government."[2]). Not so. Under both the Sixth Amendment's Speedy Trial Clause and the Speedy Trial Act, the right to a timely trial is vested in the public, not just in the defendant. *See Barker v. Wingo*, 407 U.S. 514, 519 (1972) ("The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused," since "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."); *Zedner v. United States*, 547 U.S. 489, 501 (2006) ("[T]he [Speedy Trial] Act was designed not just to benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment."); *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ("[T]he public has as great an interest in a prompt criminal trial as has the defendant. Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'").

---

[2] *Available at* https://www.foxnews.com/video/6332388205112 at 2:29.

Consistent with the Speedy Trial Act, the D.C. Circuit has accorded significant weight to the public's interest, observing that in applying the Speedy Trial Act, district courts must "seriously weigh . . . the strong public and private interests served by speedy trials." *United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008) (citing *Zedner*, 547 U.S. at 507); *see also United States v. Rice*, 746 F.3d 1074, 1078 (D.C. Cir. 2014). It is difficult to imagine a public interest stronger than the one in this case, in which the defendant—the former President of the United States—is charged with three criminal conspiracies intended to undermine the federal government, obstruct the certification of the 2020 presidential election, and disenfranchise voters. The D.C. Circuit has determined that "[t]here is direct linkage between [the defendant] and the events of [January 6, 2021]," which it described as "the single most deadly attack on the Capitol by domestic forces in the history of the United States." *Trump v. Thompson*, 20 F.4th 10, 35-36 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 1350, 212 L. Ed. 2d 55 (2022). Trial in this case is clearly a matter of public importance, which merits in favor of a prompt resolution.

    b. <u>The Government Is Prepared to Exceed its Discovery Obligations and Provide Substantial Assistance to Aid the Defendant's Review of Produced Materials</u>

During the initial appearance hearing on August 3, defense counsel argued that a principal reason for delaying trial in this matter is the defendant's need to review discovery. *See* 8/3/2023 Hr'g Tr. at 14-17. It is perplexing, then, that the defense has refused to accept the discovery that the Government has ready, even on an interim basis under the Government's proposed protective order while the parties litigate the ultimate protective order in this case. In any event, although there is a large amount of discovery in this case—including witness interviews, grand jury transcripts, and evidence obtained through numerous sealed search warrants—the Government has gone to great lengths to organize materials for the defendant to assist him in his review. These efforts include providing him a compilation of certain key evidence on which the indictment relies

and identifying material potentially favorable to the defense. Indeed, assuming that a protective order is entered in the interim, by the time of the Court's hearing on August 28, 2023, the Government expects that its production of discoverable materials already in the Government's possession will be substantially complete. The Government would then continue to produce to the defense on a prompt rolling basis any additional materials that are obtained going forward.[3]

The Government is prepared at this moment to produce to the defendant the majority of discovery in this case, including materials that exceed its obligations. As soon as the Court issues a protective order, the Government will produce to the defendant materials including:

- grand jury transcripts and associated exhibits through the date of the indictment;

- witness interview recordings, transcripts, and reports, including agent notes, along with records used during the interviews;

- the vast majority of materials obtained through search warrants, 2703(d) orders, and grand jury subpoenas; and

- unredacted materials obtained from other governmental entities, including the House Select Committee to Investigate the January 6th Attack on the United States Capitol and the United States Secret Service.

The Government went to great lengths to organize these materials in a user-friendly manner, prepare them in formats ready to be loaded into a document review platform, and create detailed logs to guide the defendant's review.[4] The Government will also provide a compilation of certain

---

[3] In a separate filing today, the Government is requesting that the Court schedule a pre-trial hearing under the Classified Information Procedures Act so that parties can discuss a parallel schedule with respect to the mimimal amount of classified information that may be subject to discovery in this case.

[4] The Government will move separately to provide the Court, *ex parte* and under seal, a draft copy of the detailed production letter and source logs that the Government intends to provide to the defense upon the entry of a protective order. These materials demonstrate the scope of the Government's disclosures and the steps taken to organize the discovery material so that it is readily accessible for review and use by the defense.

key evidence that supports the charges in the indictment (in itself, a detailed, forty-five page speaking indictment that provides a roadmap to the Government's theories) and identifies certain material within the discovery that is arguably favorable to the defendant. The Government stands ready to provide technical assistance or answer any questions that defense counsel may have regarding the discovery in this case.

    Defense counsel claimed, both in a media interview and in the initial hearing,[5] *see* 8/3/23 Hr'g Tr. at 18, that the Government has been investigating this matter for three and a half years, while the defense is starting with a blank slate. Not only is this claim impossible, as January 6, 2021, was two and a half years ago, but it is disingenuous. The defendant has been aware of—and has responded forcefully in opposition to—certain relevant information made public through hearings and the report written by the House Select Committee to Investigate the January 6th Attack on the United States Capitol. *See, e.g.*, Letter from Donald J. Trump to Hon. Bennie G. Thompson, Chairman, House Select Committee to Investigate the January 6th Attack on the U.S. Capitol (Oct. 13, 2022). Furthermore, the defendant and his counsel have long been aware of details of the Government's investigation leading to his indictment, having had first contact with Government counsel in June 2022. Indeed, at his initial appearance, the defendant was accompanied by an attorney familiar with certain relevant pre-indictment information. In sum, the defendant has a greater and more detailed understanding of the evidence supporting the charges against him at the outset of this criminal case than most defendants, and is ably advised by multiple attorneys, including some who have represented him in this matter for the last year.

---

[5] *See* National Public Radio, Trump's Attorney Tells NPR How He Plans to Defend Against the Latest Charges, August 2, 2023 (*available at* https://www.npr.org/2023/08/02/1191627739/trump-charges-indictment-attorney-jan-6-probe).

The Government's proposed schedule and January 2 trial date afford the defendant many months to review the discovery in this matter, raise pre-trial legal issues, and prepare his defense. No additional time is necessary or warranted under the Speedy Trial Act and in light of the public's strong interest in a prompt trial.

    c. <u>Federal Courts Throughout the Nation Have Navigated Substantial Cases While Ensuring Speedy Trials</u>

The proposed schedule provides ample time for the Court to ensure that the defendant receives both a fair and speedy trial—just as other courts throughout the country have in cases of substantial size and complexity. Other courts, for instance, have successfully administered justice in an efficient and just manner in complex cases. *See, e.g., United States v. Paul Manafort, Jr.*, 18-cr-83 (E.D. Va.) (five months from indictment to trial in 32-count co-defendant complex tax evasion, FBAR, and bank fraud case); *United States v. Mohammed Salameh, et. al.*, 93-cr-180 (S.D.N.Y) (six months between arrest and trial in first World Trade Center bombing trial); *United States v. Robert McDonnell*, 3:14-cr-12 (E.D. Va.) (seven months from indictment to trial in bribery case against Commonwealth's Governor). In addition, over the past two years, courts in this District have fairly and efficiently managed the largest set of related criminal cases in American history, involving more than 1,000 individual defendants charged with crimes associated with the breach of the United States Capitol on January 6, 2021. The fair and efficient administration of the defendant's single criminal case pales in comparison to that challenge.

**IV.     Conclusion**

The Government's proposed trial date represents an appropriate balance of the defendant's right to prepare a defense and the public's strong interest in a speedy trial in the case. The Government respectfully requests that the Court set trial to begin on January 2, 2024.

                                                  Respectfully submitted,

                                                  JACK SMITH
                                                  Special Counsel

By:    /s/Molly Gaston
          Molly Gaston
          Thomas P. Windom
          Senior Assistant Special Counsels
          950 Pennsylvania Avenue NW
          Room B-206
          Washington, D.C. 20530