IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE
PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT**

The Government has identified a small amount of classified information that may be subject to discovery in this case. In such circumstances, the Classified Information Procedures Act ("CIPA"), Pub. L. 96–456, 94 Stat. 2025, 18 U.S.C. App. 3 §§ 1–16, sets forth the process for the handling, production, review, and use at trial of such materials. By this motion, the Government requests that the Court set a pretrial conference during or immediately after the parties' hearing on August 28, 2023, to discuss the CIPA procedures that will occur in this case. Because the classified information at issue in this case is minimal, the CIPA process can and should proceed in parallel with the rest of the schedule described in the Government's concurrent filing proposing a trial date.

**Background on CIPA**

CIPA sets forth procedures at the pretrial, trial, and appellate stages of a criminal case to enable courts to protect a defendant's right to due process, including the right to a fair trial, and to protect the government's interest in classified information, sources, and methods. *See United States v. Yunis*, 867 F.2d 617, 621-23 (D.C. Cir. 1989); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA's fundamental purpose is "protecting and restricting the discovery of classified information in a way that does not impair the defendant's right to a fair

trial." *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002); *see United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). However, "CIPA does not create any discovery rights for the defendant." *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005); *accord United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990) (CIPA does not "expand the traditional rules of criminal discovery" or require the government "to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense"); *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006) (citing *Yunis*, 867 F.2d at 621-23).

Certain potentially relevant provisions of CIPA here include:

- CIPA Section 2, which authorizes any party to move for a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." The instant motion invokes Section 2 for the purpose of discussing with the Court and the defendant on August 28 the timing of classified discovery in this case, as well as requisite specific, written pretrial notice by the defense to the Government of any classified information the defendant reasonably expects to disclose and procedures concerning the use, relevance, and admissibility of classified information.

- CIPA Section 3, which requires the Court to issue a protective order to protect against the disclosure of any classified information that the Government discloses to the defense. 18 U.S.C. App. 3 § 2; *see Pappas,* 94 F.3d at 801. The Government anticipates filing a motion for such a protective order in advance of the hearing on August 28, as well as a motion to appoint a Classified Information Security Officer ("CISO"), who will be designated to assist the Court and defense counsel in the review and handling of classified material.

- CIPA Section 4, which authorizes the Court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. 3 § 4; *see, e.g., United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998); *Yunis*, 867 F.2d at 619-25. The Government may make this showing *in camera* and *ex parte*. 18 U.S.C. App. 3 § 4; *see Mejia*, 448 F.3d at 457-58 & n.21 (noting similarity to Federal Rule of Criminal Procedure 16(d)). Here, the Government may, at a future date, seek the Court's determination pursuant to Section 4 regarding certain classified information.

- CIPA Section 5, which requires the defense to specify any classified information it reasonably expects to disclose or cause the disclosure of at any trial or pretrial proceeding.

- CIPA Section 6, which permits the Government to request that the Court conduct a hearing to determine the use, relevance, and admissibility of classified information that may be subject to disclosure at trial, and which provides for alternative procedures for such disclosure.

## Conclusion

The Government believes that the parties can efficiently address any scheduling matters pursuant to CIPA on the same day as the already scheduled hearing before the Court on August 28 and respectfully requests that the Court schedule a pretrial conference then. For several reasons—including the minimal amount of classified information potentially at issue here, and the fact that one of the defendant's attorneys of record already possesses an interim clearance to review certain classified discovery—the Government does not expect the disclosure of classified material to change or extend the pretrial schedule in this case.

Respectfully submitted,

JACK SMITH
Special Counsel

By: /s/Thomas P. Windom
Thomas P. Windom
Molly Gaston
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530