IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR EXCLUSION OF TIME UNDER SPEEDY TRIAL ACT**

The defendant's Motion for Exclusion of Time Under Speedy Trial Act (ECF No. 18) is unnecessary and premature, and fails to recognize that the Speedy Trial Act (Act) protects the public's strong interest in a speedy trial. The motion seeks to exclude time from August 3, 2023, to August 28, 2023, but fails to recognize that all of the time since the defendant's initial appearance has already been and continues to be excluded under the Act. Similarly, the defendant fails to acknowledge that one of his main bases for seeking to exclude time—that he will be "filing numerous critical motions," ECF No. 18 at 1—will, in and of itself, toll time. This is because a speedy trial under the Act does not necessarily mean a trial within seventy days; rather, it means a fair and efficient trial within a reasonable period of time, including appropriate exclusions for reasons such as the time required for consideration of motions. The Court should deny the defendant's motion without prejudice and reconsider the issue of exclusion of time under the Act when a trial date is set on August 28.

I.  **Background**

On August 1, 2023, a federal grand jury in the District of Columbia returned an indictment charging the defendant with violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States); 18 U.S.C. § 1512(k) (Conspiracy to Obstruct an Official Proceeding); 18 U.S.C.

§§ 1512(c)(2) and 2 (Obstruction of and Attempt to Obstruct an Official Proceeding); and 18 U.S.C. § 241 (Conspiracy Against Rights).  The defendant made his initial appearance and was arraigned in the District of Columbia on August 3, and at that hearing, defense counsel made an oral motion to exclude time under the Act.  On August 4, the Government filed a motion seeking the entry of a protective order in this case.  *See* ECF No. 10.  By Minute Order on August 7, the Court took the Government's motion and the defendant's opposition under advisement pending a hearing that has since been scheduled for August 11.  In addition, the Court has ordered briefing by the parties on a proposed trial date, with the Government's brief due on August 10 and the defendant's due on August 17, with the expectation that the Court will consider these briefs and determine a trial date on August 28.  *See* 8/4/2023 Minute Order.

II.     **Argument**

The Court should deny the defendant's motion because the specific relief requested—the exclusion of time between the August 3 initial appearance and August 28 scheduled hearing—already will occur under the operation of other provisions of the Act.  August 3 itself is excluded from the seventy-day period.  *See* 18 U.S.C. § 3161(c)(1) ("the trial of a defendant . . . shall commence within seventy days . . . from the date the defendant has appeared before a judicial officer of the court in which such charge is pending); Fed. R. Crim. Proc. 45(a)(1)(A) (excluding "the day of the event that triggers the period"—here, the date of the initial appearance and arraignment—from the seventy-day clock).  August 4 through at least August 11 will be excluded by operation of the defendant's oral motion for a speedy trial made on August 3; the Government's motion for a protective order, ECF No. 10; and the defendant's written motion for a speedy trial, ECF No. 18.  *See* 18 U.S.C. § 3161(h)(1)(D) (providing that any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt

disposition of, such motion" "shall be excluded . . . in computing the time within which the trial . . . must commence"); *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368-69 (5th Cir. 2010) (finding no difference, for Speedy Trial Act purposes, between a written and oral motion).  August 10 through at least August 28 will be excluded because of the Government's two scheduling-related pleadings filed concurrent with this opposition brief (ECF Nos. 23 and 25).  Therefore, it is unnecessary to grant the defendant's requested relief, since the exclusions already exist by operation of the Act.

More generally, the defendant's motion fails to recognize that the Act and the Sixth Amendment protect not only the defendant's rights, but also the public's strong interest in the efficient administration of justice.  *See Barker v. Wingo*, 407 U.S. 514, 519 (1972) ("there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused.").  To this end, none of the defendant's perfunctory and undeveloped arguments justify the Court's exclusion of time at this juncture of the case.  The defendant cites his need to review discovery, ECF No. 18 at 1, but the defense has steadfastly refused to accept the discovery that the Government has prepared and organized to facilitate the defense's review; his speculative claims about the time he might need to review discovery that he has not yet assessed does not justify exclusion of time.  Next, the defendant claims to need exclusion of time because "this matter raises significant constitutional issues, and other novel questions of law and fact" and the defendant plans to file "numerous critical motions."  But the Act has built-in exclusions of time for precisely this circumstance, and when the defense files its motions, time will be excluded under 18 U.S.C. § 3161(h)(1)(D).  In sum, as the Court "seriously weigh[s] . . . the strong public and private interests served by speedy trials," *United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008), the defendant's claimed speculative interests in delay

cannot outweigh the public's singularly strong interest in a speedy trial.

### III. Conclusion

The defendant moves for the exclusion of time—between his initial appearance and the hearing on August 28—that the Act already has provided by its own terms.  The Court should deny the request without prejudice because it is unnecessary.  Then, if at the August 28 hearing the defense again moves for exclusion of time, the Court should assess the argument anew, but as part of the required balancing of interests, including the public's strong interest in a speedy trial.

        Respectfully submitted,

        JACK SMITH
        Special Counsel

By:    /s/Molly Gaston
        Molly Gaston
        Thomas P. Windom
        Senior Assistant Special Counsels
        950 Pennsylvania Avenue NW
        Room B-206
        Washington, D.C. 20530