# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| v. | Criminal Action No. 23-00257 (TSC) |
| **DONALD J. TRUMP**, | |
| Defendant. | |

## PROTECTIVE ORDER GOVERNING DISCOVERY AND AUTHORIZING DISCLOSURE OF GRAND JURY TESTIMONY

The United States has moved for entry of a Protective Order that would govern discovery in this matter. To expedite the flow of discovery material between the parties and to adequately protect certain information that the United States intends to produce to the defendant, the Government's motion is **GRANTED in part and DENIED in part** and, pursuant to the court's authority under Federal Rule of Criminal Procedure 16(d)(1), it is hereby **ORDERED**:

### No Limit on Already Possessed or Public Documents

1.  This Protective Order ("Order") does not apply to information or records that are publicly available independent of the Government's productions, nor does it apply to information or records which the defendant or defense counsel came into possession by independent means, unrelated to the discovery process.

### Sensitive Materials

2.  Sensitive Materials, which the United States may designate in accordance with paragraph 8, below, are subject to this Order and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this

case, and for no other purpose, and in connection with no other proceeding, without further order of this court.

3. The defendant and defense counsel shall not disclose Sensitive Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the court may authorize disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of Sensitive Materials as necessary to prepare the defense, but they may not retain copies without prior permission of the court.

4. The defendant, defense counsel, and Authorized Persons shall not copy or reproduce Sensitive Materials except to provide copies of Sensitive Materials for use in connection with this case by the defendant, defense counsel, and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original. The defendant, defense counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of Sensitive Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original; provided, however, this paragraph shall not apply to generalized mental impressions of Authorized Persons, not reflecting the content of Sensitive Materials.

5. Before providing any Sensitive Materials to an Authorized Person(s), defense counsel must provide the Authorized Person(s) with a copy of this Order and the Authorized Person(s) must agree in writing to abide by this Order.

6. Upon conclusion of all stages of this case, all Sensitive Materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the court. The court may require a certification as to the disposition of Sensitive Materials; provided, however, this paragraph shall not apply to any work product, notes, or other documents

reflecting the content of Sensitive Materials.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of Sensitive Materials in judicial proceedings in this case, except as described below.

8. The United States may designate the following materials it produces to defense counsel as "Sensitive Materials":

   a. Materials containing personally identifying information as identified in Federal Rule of Criminal Procedure 49.1;

   b. Rule 6 materials, including grand jury subpoena returns, witness testimony, and related exhibits presented to the grand jury;

   c. Materials obtained through sealed search warrants and 2703(d) orders;

   d. Sealed orders obtained by the Government's filter team related to this case;

   e. Recordings, transcripts, interview reports, and related exhibits of witness interviews; and

   f. Materials obtained from other governmental entities.

The Government shall indicate to defense counsel, in discovery correspondence or otherwise, which materials constitute Sensitive Materials prior to or concurrent with disclosure.

9. Except as provided in this Order, without prior notice to the United States and authorization from the court, no Sensitive Materials, or information contained therein, may be disclosed to any person other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains and that person's counsel.

10. Sensitive Materials must be maintained in the custody and control of defense counsel. Defense counsel may show or provide Sensitive Materials to the defendant as necessary

to assist in preparation of the defense, and defense counsel is not required to be present while the defendant reviews Sensitive Materials. However, if defense counsel does show or provide Sensitive Materials to the defendant, defense counsel may not allow the defendant to write down any personally identifying information as identified in Federal Rule of Criminal Procedure 49.1 that is contained in the Sensitive Materials. If the defendant takes notes regarding Sensitive Materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personally identifying information as identified in Federal Rule of Criminal Procedure 49.1. Moreover, during any time that the defendant reviews Sensitive Materials outside of defense counsel's presence, the defendant must not have access to any device capable of photocopying, recording, or otherwise replicating the Sensitive Materials, including a smart cellular device. Defense counsel must also ensure that all Sensitive Materials are collected and safeguarded when the defendant is no longer reviewing them.

11. The parties may include designated Sensitive Materials in any public filing or use designated Sensitive Materials during any hearing or the trial of this matter without leave of court if all sensitive information is redacted, and the parties have previously conferred and agreed to the redactions. No party shall disclose unredacted Sensitive Materials in open court or public filings without prior authorization by the court (except if the defendant chooses to include in a public document Sensitive Materials relating solely and directly to the defendant's personally identifying information). If a party includes unredacted Sensitive Materials in any filing with the court, they shall be submitted under seal.

12. Any filing under seal must be accompanied by a motion for leave to file under seal as required by Local Rule of Criminal Procedure 49(f)(6)(i), as well as a redacted copy of any included Sensitive Materials for the Clerk of the Court to file on the public docket if the court were to grant the motion for leave to file under seal.

**Scope of this Order**

13. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

14. **No Waiver.** The failure by the United States to designate any of the Materials as "Sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the Materials as Sensitive.

15. **No Ruling on Discoverability or Admissibility.** This Order does not constitute a ruling on the question whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

16. **Challenges to Specific Documents.** The defendant may raise particularized concerns about specific documents by motion to this court.

Date: August 11, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge