IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | :<br>:<br>: No. 23-cr-257-TSC<br>: |
| v. | : |
| DONALD J. TRUMP, | : |
| Defendant. | : |

**RESPONSE IN OPPOSITION TO**
**GOVERNMENT'S PROPOSED TRIAL CALENDAR**

# Ex. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80101-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD J. TRUMP and
WALTINE NAUTA,

    Defendants.

_____/

## DECLARATION OF JAY I. BRATT

Pursuant to 28 U.S.C. § 1746, I, Jay I. Bratt, declare as follows:

1. I am employed as a Counselor to the Special Counsel in the Office of Special Counsel Jack Smith. I am one of the prosecutors involved in the above-captioned case and am familiar with it. The statements in this declaration are based on my personal knowledge and my conversations with other prosecutors and staff of the Special Counsel's Office, as well as the Litigation Security Group ("LSG").

2. Among the discovery to be produced by the government in this case are certain materials that are classified (the "classified materials"). The level of classification varies across the classified materials, but a security clearance is required to lawfully view any of them. According to counsel for defendant Trump and defendant Nauta, no defense counsel currently possesses a security clearance. As a result, they will need to obtain one to lawfully view the classified materials.

3. LSG has committed to significantly expediting the issuance of security clearances

in this case.

4. To be granted an interim security clearance, defense counsel must submit a Standard Form 86 – Questionnaire for National Security ("SF-86") and supporting documentation. To date, not all of the defense counsel have submitted their SF-86s. Once an SF-86 and supporting documentation are submitted, absent complicating circumstances, an interim clearance may be granted within a matter of days. In this case, LSG has committed to reaching an eligibility determination within 24-48 hours of the completed submission. Once defense counsel are granted interim security clearances, the government will be able to provide the vast majority of classified discovery, consisting of documents marked CONFIDENTIAL, SECRET, and TOP SECRET, including documents within the following Sensitive Compartmented Information Compartments: SI, SI-G, and TK.

5. However, interim security clearances are not sufficient for the government to provide in classified discovery a small number of documents—including some documents whose unauthorized retention is charged in the indictment—that contain restricted compartments for which a final security clearance and additional read-ins are required. LSG estimates that final clearances may be granted within 45 to 60 days of submission of the SF-86 and related documentation, depending upon the content of the applicant's SF-86. The additional read-ins can be conducted promptly upon access approval.

6. On June 21, 2023, the government began producing unclassified discovery to the defense. The production includes documents obtained via subpoena, evidence obtained via warrants, transcripts of grand jury testimony, memorialization of witness interviews, a reproduction of key documents that in the government's view are pertinent to the case, and copies of closed-circuit television footage the government has obtained during its investigation.

7. I have extensive experience with the Classified Information Procedures Act, Pub. L. 96–456, 94 Stat. 2025, 18 U.S.C. App. 3 §§ 1–16, and from that experience I am aware that the procedures provided for under that statute often lengthen the ordinary trajectory from indictment to trial. The additional procedures that may be required in this case are discussed in the government's Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act, which is being filed contemporaneously with this motion. These procedures address potential resolution of issues related to classified discovery and the use and admissibility of classified information at trial.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Jay I. Bratt

Dated: June 23, 2023

3

# EXHIBIT B

The government proposes the below schedule for CIPA litigation in this case:

| Date | Event |
|---|---|
| No later than July 10, 2023 (assuming timely interim clearance of defense counsel) | Government's initial production of classified discovery |
| August 14, 2023 | Deadline for filing of government's first CIPA Section 4 Motion, if necessary |
| September 5, 2023 | Deadline for all defense discovery requests |
| September 12, 2023 | Deadline for any notice under CIPA Section 5 |
| September 19, 2023, or seven days after defendant's initial CIPA Section 5 Motion, whichever is later | Deadline for government's initial Rule 16 expert disclosures and CIPA Section 10 notice |
| October 3, 2023, or 21 days after defendant's initial CIPA Section 5 Motion, whichever is later | Deadline for government to file initial CIPA Section 6(a) Motion<br><br>Defense Rule 16 expert disclosures due |
| October 17, 2023, or fourteen days after government's initial CIPA Section 6(a) Motion, whichever is later | Deadline for defense to file response to government's CIPA Section 6(a) Motion<br><br>Government's supplemental Rule 16 expert disclosures due |
| October 24, 2023, or seven days after defendant's response to government's initial CIPA Section 6(a) Motion, whichever is later | Deadline for government to file reply on its CIPA Section 6(a) Motion |
| October 31, 2023, or within seven days after government's reply on its CIPA Section 6(a) Motion, whichever is later | CIPA Section 6(a) Hearing |

| November 14, 2023, or fourteen days from filing of a final written Order on government's initial CIPA Section 6(a) Motion, whichever is later | Deadline for any government CIPA Section 6(c) Motion, if necessary |
|---|---|
| November 21, 2023, or seven days from filing of government's CIPA Section 6(c) Motion, whichever is later | Deadline for defendant's response to government's CIPA Section 6(c) Motion, if necessary |
| November 28, 2023, or seven days from filing of defendant's response to government's CIPA Section 6(c) Motion, whichever is later | Deadline for government's reply in support of its CIPA Section 6(c) Motion, if necessary |
| December 5, 2023, or seven days after the government's reply on any CIPA Section 6(c) Motion, whichever is later | Hearing to address any remaining CIPA issues, including CIPA Section 6(c), if necessary |
| December 11, 2023 | Trial (jury selection begins) |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO. 23-80101-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**DONALD J. TRUMP and**
**WALTINE NAUTA**,

    Defendants.

_____/

**PROPOSED ORDER**

    The Court has received the government's Motion for Continuance and Proposed Revised Scheduling Order (ECF No. \_\_), as well as the accompanying Declaration of Jay I. Bratt. Having reviewed the Motion, the accompanying Declaration, and all other relevant submissions of the parties, it is hereby

    **ORDERED** that trial in this matter is continued until December 11, 2023, on which date jury selection will begin; and it is further

    **ORDERED** that the delay resulting from the continuance of trial is excluded from the speedy trial calculation in this case, because the ends of justice served by continuing the trial date outweigh the best interests of the public and the defendants in a speedy trial; and it is further

    **ORDERED** that Calendar Call for trial is continued until December 5, 2023; and it is further

    **ORDERED** that any pretrial motions to be filed under Federal Rule of Criminal Procedure 12(b)(3) must be filed no later than July 31, 2023; and it is further

1

**ORDERED** that all other pretrial motions and motions *in limine* must be filed no later than November 20, 2023; and it is further

**ORDERED** that all provisions of this Court's Omnibus Order Setting Trial Date and Establishing Pretrial Instructions and Sentencing Procedures (ECF No. 28) that are not modified by this Order remain in full force and effect.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this _____ day of _____, 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**