IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 23-cr-257 (TSC) |
| | * |
| DONALD J. TRUMP, | * |
| | * |
| Defendant. | * |
| | * |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE**

The Government sought the defendant's position on the substantive motion that it sought leave to file today, and represented that position to the Court in its motion. *See* ECF No. 47-1. In addition, the Government sought leave of the Court to file an unredacted copy of the motion under seal, and a redacted copy on the public docket, because the motion refers to Sensitive Materials. *See* ECF No. 47. As described below and in the Government's motion for leave to file under seal, ECF No. 47, these actions were entirely consistent with the Protective Order that the Court issued in this case. The Defendant's Motion to Vacate, on the other hand, contemplates a process that is inconsistent both with the Protective Order and the efficient administration of justice, and the Court should deny it.

The Government filed its motion consistent with the terms of the Protective Order, which provides that "[i]f a party includes unredacted Sensitive Materials in any filing with the court, they should be submitted under seal." ECF No. 28 at ¶ 11. It further requires that "[a]ny filing under seal must be accompanied by a motion for leave to file under seal . . . as well as a redacted copy of any included Sensitive Materials for the Clerk of the Court to file on the public docket if the court were to grant the motion for leave to file under seal." *Id*. at ¶ 12.

In his Motion to Vacate, the defendant instead suggests an unworkable three-week briefing process for the Court to decide whether every ordinary filing that refers to Sensitive Materials may

- 2 -

be docketed.  *See* ECF No. 48 at 1.  Such a requirement would grind litigation in this case to a halt, which is particularly infeasible given the pressing matters before the Court—including the defendant's daily extrajudicial statements that threaten to prejudice the jury pool in this case, as described in the Government's motion.  *See* ECF No. 47-3.  The Court should deny the defendant's motion.

        Respectfully submitted,

        JACK SMITH
        Special Counsel

By:   /s/Molly Gaston
        Molly Gaston
        Thomas P. Windom
        Senior Assistant Special Counsels
        950 Pennsylvania Avenue NW
        Room B-206
        Washington, D.C. 20530