# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**,

v.

**DONALD J. TRUMP**,

Defendant.

Criminal Action No. 23-257 (TSC)

## OPINION AND ORDER

The government has requested leave to file a motion under partial seal—specifically, to file an unredacted version of that motion under seal, and to file a redacted version on the public docket.  ECF No. 47.  As set forth below, the government has carried its burden of justifying the limited redactions it proposes, and the court will grant its request.

The D.C. Circuit has recognized the "important presumption in favor of public access to all facets of criminal court proceedings."  *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980).  In assessing a request to file a submission under seal, a court must weigh six factors to determine whether that presumption is outweighed by the need to seal the materials at issue:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996).  As the moving party here, the government must "come forward with specific reasons why the record, or any part

thereof, should remain under seal." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991).[1]

Relatedly, when certain kinds of documents in a criminal case "have historically been open to the press and general public," and "public access plays a significant positive role in the[ir] function[]," those documents may implicate a qualified First Amendment right to public access. *United States v. Thompson*, 199 F. Supp. 3d 3, 8 (D.D.C. 2016) (quoting *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 8–9 (1986)). If the government seeks to seal such documents, it likewise must demonstrate that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Id.* (quoting *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991)).

Here, the government seeks leave to file a substantive motion (the "Motion"), and asks to redact from that Motion (1) the names and other identifying information of certain individuals whom, it asserts, Defendant targeted with inflammatory public statements and who were subsequently subjected to threats and harassment, and (2) excerpts from witness interview transcripts describing the threats and harassment they received. The latter category of redactions is from materials designated as "Sensitive" by the Protective Order entered in this case. *See* Protective Order, ECF No. 28 ¶ 8(e) (including "transcripts . . . of witness interviews"). But "the mere fact that material may be subject to a protective order limiting disclosure does not mean that it must remain shielded from public disclosure." *United States v. All Assets Held at Bank*

---

[1] In its initial request for leave to file, the government addressed the *Hubbard* factors in only conclusory terms, and did not provide specific arguments in support of its redactions until its Reply brief for that request. In the interests of judicial economy, the court will consider here the arguments raised by the government in its Reply.

*Julius Baer & Co.*, 520 F. Supp. 3d 71, 78 (D.D.C. 2020).  To approve the sealing of any materials in a criminal case, the court must still engage in the analysis required by the common-law *Hubbard* factors and, where applicable, the First Amendment.

### I.  *HUBBARD* FACTORS

On balance, the *Hubbard* factors support the government's proposed redactions.  First, the need for public access to the redacted information is relatively small.  The court acknowledges the intense public interest in and attention to this case, and has affirmed its commitment "for this case to proceed in the public record as much as possible."  Aug. 11, 2023 Hr'g Tr. at 66:2–3, ECF No. 29.  But *Hubbard* instructs that even when there is "generalized" public interest in a matter, "the purposes of public access are only modestly served" by unsealing information that is not material to the relevant judicial decision.  650 F.2d at 317–18.  In its Motion, the government seeks to establish that Defendant has publicly criticized his perceived adversaries and is aware that this criticism has led to their harassment.  That proposition does not turn on either the identities of the specific individuals whom the government cites as examples, or the broader transcript excerpts of witness interviews that the government's Motion summarizes without redaction.  Accordingly, the redactions will not significantly affect the public's ability to understand the basis for the Motion or the court's eventual decision on it, which reduces the weight of this factor.

The second *Hubbard* factor—the extent of previous public access—applies differently to the two distinct categories of proposed redactions.  The public has had no access to the witness interview transcripts.  By contrast, at least some of the names, titles, and other redacted identifying information have been included in, among other public sources, media reports about Defendant's public statements and their aftermath.  The defense argues that with respect to those redactions, an internet search for the quotes or other unredacted information associated with each

example in the government's Motion could reveal the individual's identity such that "the broad substance in the [redactions] is already public knowledge." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 27 (D.D.C. 2022). But even assuming that is true, it does not necessarily compel the parties or the court to disclose the "specific details" of that identifying information. *Id.* at 26. The need to conduct independent searches or make inferences to confirm the redacted identities undermines the assertion that they are already public. In short, the public's previous access to the redacted information has been limited (for individual identities) to none (for witness interview transcripts).

Under the third *Hubbard* factor, the court considers who, if anyone, objects to disclosure. In this case, the government objects. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010) (citing *Nat'l Children's Ctr.*, 98 F.3d at 1410). In general, "litigants to [a] proceeding have a lesser claim to privacy than third parties." *Hyatt v. Lee*, 251 F. Supp. 3d 181 (D.D.C. 2017) (quotation omitted). But the government "has a unique interest in protecting the integrity of its investigations, and it would be difficult for another third party"—such as a witness whose name is redacted here—"to object without revealing" their identity, which is "precisely the information the [g]overnment seeks to protect." *In re New York Times Co.*, No. 21-mc-91 (JEB), 2021 WL 5769444, at *5 (D.D.C. Dec. 6, 2021). In that sense, then, the government's objection is aimed at protecting third parties' interests, so "the need for minimizing intrusion is especially great" and adds further weight in favor of redaction under this factor. *Hubbard*, 650 F.2d at 319.

Fourth, the court turns to the strength of the privacy interests at stake. Those interests extend to "witnesses and informants who provided information during the course of an investigation." *In re New York Times Co.*, 2021 WL 5769444, at *5 (quoting *Citizens for Resp.*

*& Ethics in Wash. v. Dep't of Justice*, 854 F.3d 675, 682 (D.C. Cir. 2017)).  The court has already noted its concern that "members of the public who are not bound by [Defendant's] release conditions . . . might use sensitive witness information in ways that intimidate witnesses or otherwise threaten the integrity of the proceedings."  Aug. 11, 2023 Hr'g Tr. at 44:13–16.  The individuals whose identifying information and transcripts are redacted have already been harassed and threatened, and they have a strong interest in not repeating those experiences.  The risk of that happening weighs substantially in favor of permitting the government's proposed redactions.

      The fifth *Hubbard* factor evaluates the possibility of prejudice to the party opposing disclosure.  The government has identified a significant risk to its interests:  Witness intimidation could not only affect the willingness of any of the targeted individuals to participate in the law enforcement process, but also could chill the testimony of other potential witnesses in this case.  "Courts in this district have repeatedly recognized the need to protect witness anonymity," including because of "compelling law enforcement interests" in maintaining "the 'ability to obtain truthful information from subjects or witnesses'" who can "trust that their statements would in fact be kept private."  *In re New York Times Co.*, 2021 WL 5769444, at *6 (citing, e.g., *Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 127 (D.D.C. 2016)).  And the Supreme Court has emphasized that "preserving the[] anonymity" of witnesses encourages them to "communicate their knowledge" and therefore supports "effective law enforcement."  *Roviaro v. United States*, 353 U.S. 53, 59 (1957); *see also In re Los Angeles Times Commc'ns LLC*, 628 F. Supp. 3d 55, 66–67 (D.D.C. 2022).  This factor weighs in favor of the redactions as well.

      Sixth and finally, the court examines the purposes for which the government seeks to use the redacted information.  The analysis under this factor parallels that of the first.  As already

explained, the identifying information of individuals targeted by Defendant's public statements, along with portions of their witness interview transcripts, are not material to the government's assertion that Defendant will continue to make similar personal attacks, knowing that they may prompt similar harassment. Those specific identities and their accompanying transcripts will have minimal effect on the court's decision whether to grant the relief the government solicits in its Motion. Consequently, the sixth factor also supports granting leave for the government to make its requested redactions.

In sum, there is little need to publicly identify the specific individuals whose information and witness transcript interviews the government proposes to redact. All told, the redactions concern only the identities of a few examples in a single subpart of the Motion's background section. The Motion does not rely on the redacted information, and that information is not essential to the court's decision. On the other side of the scale, the individuals behind those redactions have already experienced harassment and threats due to publication of their information, and the possibility of that happening again risks witness intimidation—including of other witnesses not identified in this motion. While it may be possible for some observers to infer certain redacted identities based on publicly available sources, that alone is not sufficient reason to require the disclosure of the redacted information here. The court therefore concludes that the *Hubbard* factors support a partial seal of the government's Motion, limited to its proposed redactions.

## II.     FIRST AMENDMENT

The defense contends that there is a First Amendment right of public access to the redacted information. But that right only attaches to materials in criminal cases for which "(i) there is an 'unbroken, uncontradicted history' of openness, and (ii) public access plays a significant positive role in the functioning" of the material. *United States v. Brice*, 649 F.3d 793,

795 (D.C. Cir. 2011). For example, the Supreme Court has recognized that "right of access to criminal trials, voir dire proceedings, and preliminary hearings," and the D.C. Circuit has recognized it for "completed plea agreements" but not "'unconsummated' plea agreements." *Id.* at 795–96. The defense has not pointed to any history—much less an unbroken, uncontradicted history—of motions like the government's being fully available to the public, nor has it articulated why public access significantly contributes to their function.

There is little indication of a First Amendment right of access in this instance. To begin, the court is unaware of any specific precedent or history for that right in the context of a motion seeking to restrict extrajudicial pretrial statements or to require notification before conducting a survey of the potential jury pool, much less the identifying information of potential witnesses embedded in those motions. Indeed, the Supreme Court has squarely held that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). Identifying information in a motion dealing with the pretrial collection and public dissemination of information seems closer to "mere discovery, to which the public has no right," than it does to "evidence attached to dispositive briefs or submitted in open court." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d at 23. In addition, public access to the proposed redactions is unlikely to meaningfully contribute to the function of the government's Motion. As a general matter, public access can "strengthen[] public confidence in the outcome reached by the Court." *Id.* at 20. But as explained above, the information the government proposes to redact is not essential to the Motion's claims and is therefore not necessary for "the public to independently evaluate the parties' arguments and the Court's conclusion." *Id.* at 21.

Ultimately, however, the court need not decide whether the First Amendment applies here because even if it did, the government has met its burden to justify the redactions. Preventing witness intimidation is a compelling interest for the individuals whose information has been redacted, for the government's law enforcement purposes, and for "the public interest in the due administration of justice" in this case. *United States v. Jackson*, 513 F.2d 456, 459 (D.C. Cir. 1975); *see United States v. Thompson*, 713 F.3d 388, 396 (8th Cir. 2013) ("The government's interest in protecting its witness and the witness's concern for his own safety justify the partial closing in this case."); *United States v. Addison*, 708 F.3d 1181, 1187–88 (10th Cir. 2013) (collecting cases holding witness intimidation to be a compelling interest). The history of harassment and threats towards the individuals whose information has been redacted demonstrates the real likelihood that they could suffer further intimidation upon disclosure of their identities. And the government's proposed redactions are tailored to mitigate that risk, covering only those individuals' identifying information in a handful of instances and the witness interview transcripts. The vast majority of the government's Motion, including all of its key evidence and arguments, remains fully available to the public. Any First Amendment right of public access to the Motion would therefore be satisfied, notwithstanding the government's limited redactions.

### III.   CONCLUSION

For these reasons, the government's request for Leave to File Unredacted Motion Under Seal, and to File Redacted Motion on Public Docket, ECF No. 47, is hereby **GRANTED**. The Clerk of the Court is directed to file under seal the unredacted copy of the government's Motion (ECF No. 47-1), attaching Exhibit 1 to the that Motion (ECF No. 47-2) under seal as well. The Clerk of the Court is further directed to file on the public docket the redacted copy of the government's Motion (ECF No. 47-3), attaching a placeholder sheet for Exhibit 1 to the Motion

(ECF No. 47-4), and attaching the two proposed orders referenced in the Motion (ECF Nos. 47-5 and 47-6).

It is **FURTHER ORDERED** that Defendant shall file any Opposition to the government's substantive Motion by September 25, 2023, and the government shall file any Reply by September 30, 2023.  Accordingly, Defendant's Motion for Briefing Schedule, ECF No. 53, is **GRANTED** in part and **DENIED** in part.  In addition, the Clerk of the Court is directed to unseal that motion, ECF No. 53.

Date: September 15, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge