UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.  Case No. 1:23-cr-257-TSC

DONALD J. TRUMP,

    Defendant.
_____/

**PRESIDENT TRUMP'S REPLY IN SUPPORT OF MOTION FOR
EXTENSION OF TIME TO FILE PRETRIAL MOTIONS**

After setting trial in this matter for March 4, 2024, the Court indicated that it would create an initial pretrial schedule without argument, but that "[i]f the parties have conflicts or other issues with the schedule other than the trial date, [a party] may file a motion to alter those dates after consulting with opposing counsel regarding alternative dates."  Doc. 38 at 56.

This process is typically uncontroversial, with the government routinely agreeing to reasonable extensions of pretrial deadlines, especially where—as here—a requested extension would have no impact on the trial setting. With good reason, as the government's "interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935).

Not so here. Aware that its case legally insufficient and subject to dismissal, the prosecution casts the mandates of *Berger* aside, cynically hoping that it can obtain a conviction by denying President Trump his constitutional right to present a defense, including through motions addressing fatal deficiencies in the indictment. The Court should reject these improper, irregular, and unconstitutional tactics, and grant the Requested Extension, consistent with ordinary order.

1

**ARGUMENT**

Acting as though this were a mine-run case proceeding along a well-worn road, the prosecution claims President Trump should need no more than two months to submit pretrial motions. The prosecution knows better. This case is the first of its kind in American history. Many, if not most, of President Trump's motions address wholly unique areas of the law that have never been litigated. To lodge these motions properly, counsel requires time to fully research and develop each issue and apprise the court of relevant authorities.

For this exact reason, Fed. R. Crim P. 12(c)(1) allows liberal extensions of the pretrial motion deadline, which does not exist to limit a defendant's right to present motions, but rather to facilitate decisions in advance of trial—an objective the Requested Extension fully achieves by placing the deadline nearly *three months* before jury selection.

Unable to dispute this, the prosecution grasps at straws, claiming the Requested Extension would result "in a cascade of conflicts" that would somehow "delay the trial until [President Trump's] preferred 2026 trial date." Doc. 66 at 7.  In support, the prosecution argues that pretrial motions *must* be submitted by the current deadline, or else there will not be enough time to address other pretrial issues before jury selection begins. *Id*.

Yet the prosecution's own original scheduling proposal contemplated far *less* time between the pretrial motion deadline and jury selection—a total of just 56 days. Doc. 23 at 2. Amazingly, the timeline the government once championed as providing ample time for "the Court and parties to fully litigate any pre-trial legal issues," *id*. at 1, is now "unworkable," even with an additional month. Doc. 66 at 8. The reason for this sudden reversal is plain—the prosecution's only interest in this case is not justice, but undermining its administration's primary political opponent, and the leading candidate in the 2024 presidential election. To do so, it is more than willing to contradict

itself, "strike foul" blows, and employ "improper methods calculated to produce a wrongful conviction." *Berger*, 295 U.S. at 88.

In truth, although President Trump vehemently objects to the current trial setting, the Requested Extension will have no effect on it, and the notion that a 60-day extension of a motion deadline would "delay the trial until . . . 2026," Doc. 66 at 7, is absurd on its face. Indeed, if the Court grants the Requested Extension, nearly nothing else in this case will be affected. The new deadline would still be before any other briefing deadlines in this case, including 19 days before the current deadline for motions *in limine* and suppression motions, and over a month before proposed jury instructions are due.[1] Rather than "vitiate the organizational principles underpinning the Court's selection of interim dates," Doc. 66 at 7, the Requested Extension would allow counsel the time necessary to ensure that all questions are fully researched, examined, and briefed.

As the Court is aware, defense counsel has devoted significant time and effort preparing comprehensive filings addressing numerous weighty issues of first impression that go to the core of our system of government and our most deeply held Constitutional rights, including in our extensive motion to dismiss filed today. President Trump intends to do the same with his remaining

---

[1] The prosecution relatedly argues that the Requested Extension should be denied because "pretrial motions would not even be ripe for the Court to consider until January 5, 2024—well after the deadlines for the parties to submit exhibits and *in limine* motions." Doc. 66 at 7. This, however, assumes: (1) pretrial motions must be decided before motions *in limine* may be filed, which is not the case, (2) that President Trump would file all his pretrial motions on the Requested Extension date, which is also incorrect, as our multiple, already-filed pretrial motions demonstrate, (3) that the prosecution could not take its own advice and "at that time move under Rule 12(c) for relief from the Pretrial Order," Doc. 66 at 5, or (4) that the prosecution could not request expedited consideration of any motions that it believes might affect its own future motions, especially given the numerous motions for which the Court has already set expedited response and reply schedules, including this motion. Finally, to the extent the Court believes the sequencing of other pretrial events should be adjusted to account for a December 8 motion deadline, it can easily do so without affecting the current trial setting.

motions, and, with the Requested Extension, will continue to file on a rolling basis, consistent with orderly motion practice in a complex case.

The Requested Extension is a reasonable and typical accommodation that will enable President Trump to review larger segments of the provided discovery and fully address the complex questions raised by the unique circumstances of this case. It will not affect any other deadlines or prejudice any party, and the case will continue to trial on schedule. Accordingly, President Trump respectfully requests the Court overrule the prosecution's objections and grant the Requested Extension.

## **CONCLUSION**

For the forgoing reasons, as well as those set forth in the underlying Motion, President Trump respectfully requests that the Court grant the Requested Extension and allow the parties until December 8, 2023, to file pretrial motions.

Dated: October 5, 2023                                  Respectfully submitted,

| | |
|---|---|
| Todd Blanche, Esq. (PHV) | */s/John F. Lauro* |
| toddblanche@blanchelaw.com | John F. Lauro, Esq. |
| BLANCHE LAW | D.C. Bar No. 392830 |
| 99 Wall St., Suite 4460 | jlauro@laurosinger.com |
| New York, NY 10005 | Gregory M. Singer, Esq. (PHV) |
| (212) 716-1250 | gsinger@laurosinger.com |
| | Filzah I. Pavalon, Esq. (PHV) |
| | fpavalon@laurosinger.com |
| | LAURO & SINGER |
| | 400 N. Tampa St., 15th Floor |
| | Tampa, FL 33602 |
| | (813) 222-8990 |
| | *Counsel for President Trump* |