**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**GOVERNMENT'S OPPOSED MOTION FOR FORMAL PRETRIAL NOTICE OF**
**THE DEFENDANT'S INTENT TO RELY ON ADVICE-OF-COUNSEL DEFENSE**

The defendant has provided public notice that he intends to rely on an advice-of-counsel defense at trial. When a defendant invokes such a defense in court, he waives attorney-client privilege for all communications concerning that defense, and the Government is entitled to additional discovery and may conduct further investigation, both of which may require further litigation and briefing. To prevent disruption of the pretrial schedule and delay of the trial, the Court should exercise its inherent authority to require the defendant to provide notice in court of his intent to assert such a defense by the date exhibit lists are due, December 18, 2023. Through counsel, the defendant opposes this motion.

**I.      Background**

During the course of the Government's investigation, at least 25 witnesses withheld information, communications, and documents based on assertions of the attorney-client privilege under circumstances where the privilege holder appears to be the defendant or his 2020 presidential campaign. These included co-conspirators, former campaign employees, the campaign itself, outside attorneys, a non-attorney intermediary, and even a family member of the defendant.

In the time since the grand jury returned the indictment against the defendant on August 1, 2023, the defendant and his counsel have repeatedly and publicly announced that he intends to

assert the advice of counsel as a central component of his defense at trial.  On the night of August 1, for example, defense counsel told a national audience on Fox News that the defendant "had an advice of counsel, a very detailed memorandum from a constitutional expert."[1]  Hours later on CNN, defense counsel argued that "Mr. Trump had the advice of counsel, Mr. Eastman, who was one of the most respected constitutional scholars in the United States, giving him advice and guidance."[2]

The following day defense counsel was asked on National Public Radio "to talk a little about your legal strategy" and "give us a summary of your legal defense to these criminal charges."[3]  Defense counsel responded, "Well, it's not a big surprise," and the defendant "got advice from counsel – very, very wise and learned counsel – on a variety of constitutional and legal issues."

Three days after the defendant's arraignment, defense counsel made appearances on a circuit of Sunday news shows.  On NBC, defense counsel explained that "what [the defendant]'s being indicted for, ultimately, is following legal advice from an esteemed scholar, John Eastman" and "one thing for certain, President Trump acted under the advice of counsel when he petitioned, under the First Amendment, petitioned Mr. Pence . . . [a]nd that's legally protected speech."[4]  Likewise, on CBS, defense counsel claimed that the defendant "believed" a certain course of action described in the indictment was appropriate because he was "following the advice of John

---

[1]     Fox News, Aug. 1, 2023, at minute 3:03, *available at* https://www.foxnews.com/video/6332255292112.

[2]     CNN, Aug. 1, 2023, at minute 2:20, *available at* https://www.youtube.com/watch?v=GW7Bixvkpc0.

[3]     NPR All Things Considered, Aug. 2, 2023, *available at* https://www.npr.org/2023/08/02/1191627739/trump-charges-indictment-attorney-jan-6-probe.

[4] Meet the Press (NBC), Aug. 6, 2023, *available at* https://www.nbcnews.com/meet-the-press/meet-press-august-6-2023-n1307001.

Eastman."[5]  And on CNN, defense counsel argued that the conduct alleged in the indictment was sanctioned because the defendant "was following the advice of his lawyer."[6]  Weeks later, the defendant himself explained in a Twitter interview that "we had some lawyers, not all, we had some lawyers that said" that a particular course of action described in the indictment was appropriate.[7]

On August 28, 2023, the Court entered the Pretrial Order to organize pretrial proceedings. *See* ECF No. 39.  Among other reasoned deadlines therein, the Court set December 18, 2023, as the date for the parties to "exchange lists of exhibits they intend to use in their cases in chief."  *Id.* ¶ 8.  By that date, the defendant will be required to identify (and, if he has not already done so, produce) any exhibits to be used in his case-in-chief, including ones supportive of an advice-of-counsel defense.

## II.    Applicable Law

In order to assert at trial an advice-of-counsel defense—an affirmative defense, *United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989)—the defendant will be required to "introduce[] evidence that (1) 'he relied in good faith on the counsel's advice that his course of conduct was legal,' and (2) 'he made full disclosure of all material facts to his attorney before receiving the advice at issue,'" *United States v. Gray-Burriss*, 920 F.3d 61, 66 (D.C. Cir. 2019) (quoting *United States v. DeFries*, 129 F.3d 1293, 1308 (D.C. Cir. 1997)).  If the defendant satisfies the burden to produce evidence that would support an advice-of-counsel defense, the Court should instruct the

---

[5]    Face the Nation (CBS), Aug. 6, 2023, at minute 24:11, *available at* https://www.cbsnews.com/news/face-the-nation-full-transcript-2023-08-06/.

[6]    CNN, Aug. 6, 2023, at minute 7:58, *available at* https://www.cnn.com/videos/politics/2023/08/06/sotu-lauro-full.cnn.

[7]    Donald Trump interview with Tucker Carlson, Aug. 23, 2023, at minute 34:35, *available at* https://twitter.com/TuckerCarlson/status/1694513603251241143?lang=en.

jury on the defense, and the Government retains the burden of proving the defendant's *mens rea*
beyond a reasonable doubt.  *See United States v. Westbrooks*, 780 F.3d 593, 596 (4th Cir. 2015)
(defendant bears burden of production while Government bears burden of proof); *United States v.
Dallmann*, 433 F. Supp. 3d 804, 810 (E.D. Va. 2020) ("the defendant bears the initial burden of
production, but the prosecution always retains the burden of persuasion, namely the burden of
proving the defendant's guilty state of mind beyond a reasonable doubt").

 In invoking the advice-of-counsel defense, the defendant waives attorney-client privilege
on all communications concerning the defense.  *See White*, 887 F.2d at 270; *United States v.
Crowder*, 325 F. Supp. 3d 131, 137 (D.D.C. 2018).  Accordingly, once the defense is invoked, the
defendant must disclose to the Government (1) all "communications or evidence" the defendant
intends to rely on to establish the defense and (2) any "otherwise-privileged communications" the
defendant does "not intend to use at trial, but that are relevant to proving or undermining" it.
*Crowder*, 325 F. Supp. 3d at 138 (emphasis in original).  *See United States v. Stewart Rhodes*, 22-
cr-15 (D.D.C.), ECF No. 318 at 2 (quoting *Crowder*); *Dallman*, 740 F. Supp. 2d at 814 (waiver is
for "information defendant submitted to the attorney on which the attorney's advice is based, the
attorney's advice relied on by the defendant, and any information that would undermine the
defense"); *United States v. Hatfield*, 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) ("This
disclosure should include not only those documents which support [defendants'] defense, but also
all documents (including attorney-client and attorney work product documents) that might
impeach or undermine such a defense."); *United States v. Scali*, 2018 WL 461441, at *8 (S.D.N.Y.
Jan. 18, 2018) (quoting *Hatfield*).

 Accordingly, waiting until the eve of trial—or, worse, when jeopardy attaches—to raise an
advice-of-counsel defense risks causing substantial disruption and delay, particularly in this case

given the number of attorneys involved.  To avoid such disruption, courts in this District and others

have concluded that, while the Federal Rules of Criminal Procedure do not address this defense

specifically, judges retain inherent authority to order defendants to provide formal notice of an

advice-of-counsel defense before trial.  *See Crowder*, 325 F. Supp. 3d at 138 ("Courts have broad

discretion to impose disclosure and notice requirements outside the [Federal Rules of Criminal

Procedure].");  *Rhodes*, ECF No. 318 (imposing pretrial notice requirement and citing *Crowder*);

*Dallman*, 433 F. Supp. 3d at 812 ("The majority of district courts that have considered the question

have sensibly exercised their inherent authority to impose a pretrial notice and discovery

requirement regarding the advice-of-counsel defense . . . .") (collecting cases); *United States v.

Mubayyid*, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007) ("Upon review of the cases, the

Court concludes that it may, at least under some circumstances, order that defendant give notice

of an intent to rely on an advice-of-counsel defense.");  *United States v. Cooper*, 283 F. Supp. 2d

1215, 1225 (D. Kan. 2003) (ordering defendant who indicated intention to rely on advice-of-

counsel defense to provide pretrial disclosure if he intends to rely on the defense);  *Hatfield*, 2010

WL 183522, at *13 (requiring defendants to provide pretrial notice and disclosure of advice-of-

counsel defense);  *Scali*, 2018 WL 461441, at *8 (same and scheduling hearing on "whether the

Defendant has proffered the factual prerequisites of an advice of counsel Defense");  *United States

v. Crinel*, 2016 WL 6441249, at *12 (E.D. La. Nov. 1, 2016) (requiring defendant to file pretrial

motion if he wishes to assert advice-of-counsel defense);  *United States v. Impastato*, 535 F. Supp.

2d 732, 740 (E.D. La. 2008) (same).

     A number of courts, in cases unlike this one, have denied such notice.  *See United States

v. Ray*, 2021 WL 5493839, at *4 (S.D.N.Y. Nov. 22, 2021) (declining to impose notice requirement

and collecting cases showing "no consensus among federal courts");  *United States v. Wilkerson*,

388 F. Supp. 3d 969, 974-75 (E.D. Tenn. 2019) (finding no good cause to compel the defendants to provide notice before trial); *United States v. Atias*, 2017 WL 563978, at *4 (E.D.N.Y. Feb. 10, 2017) (concluding that prosecution in the case had not established a "right" to pretrial notice); *United States v. Meredith*, 2014 WL 897373, at *1 (E.D. Ky. Mar. 6, 2014) (declining to require notice and discovery of the defense pretrial); *United States v. Lacour*, 2008 WL 5191596, at *1 n.1 (M.D. Fla. Dec. 10, 2008) ("Defendants are not obligated to put on *any* defense, and, except for certain [enumerated] defenses which must be disclosed prior to trial, Defendants are free to make that decision at trial.").

Those out-of-circuit cases are readily distinguishable, and the factors animating their contrary rulings are not present here.  For example, some courts have refrained from requiring notice because it would force the defendant to reveal an intended defense before trial.  *See Meredith*, 2014 WL 897373, at *1 (declining to require notice of advice-of-counsel defense because it "would require the defendant to reveal his trial strategy pretrial"); *Ray*, 2021 WL 5493839, at *5 (declining to require the defendant to disclose his defense).  But here the defendant has broadcast to the world his intent to rely on this defense.  Another court expressed concern that requiring the defendant to give pretrial notice would not place "reciprocal discovery" burdens on the Government.  *See Wilkerson*, 388 F. Supp. 3d at 973.  Here, as explained below, related non-privileged discovery in the possession of the Government already has been provided to the defendant as part of the Government's early and robust discovery productions.  Courts have also denied pretrial notice because the defense was unlikely to arise during the Government's case-in-chief.  *See Ray*, 2021 WL 5493839, at *7 ("The Court need not now decide whether it has the authority to require the defense to make an unequivocal assertion of privilege prior to the end of the government's case ….").  Here though, given the nature of the charges and the defense

statements regarding the defendant's reliance on the advice of counsel, little doubt exists that the defense will arise in opening statements and during the questioning of Government witnesses, and may affect voir dire.

## III.    Argument

The defendant has made public statements regarding his forthcoming reliance on the advice-of-counsel defense, but he has not provided formal notice of such a defense to the Government or the Court—notice that would trigger discovery obligations. *See Scali*, 2018 WL 461441, at *8 (where a defendant had signaled his "unequivocal[]" intent to rely on an advice of counsel defense "in his pleadings," district court concluded that defendant had triggered pretrial discovery obligation). By December 18, 2023, however, the defendant is required to produce any exhibits he intends to introduce in his case-in-chief, including ones on which to base an advice-of-counsel defense. To promote fairness and efficiency, by that same date the defendant should be required to provide formal notice to the Government of his intent to rely on the defense, and promptly produce the concomitant required discovery. *See Mubayyid*, 2007 WL 1826067, at *2 ("[T]he requirement of a notice should be imposed only to the extent reasonably necessary to ensure a fair and reasonably efficient trial").

### A.    Requiring Notice Promotes Fairness

Fairness dictates that the Government should be provided notice and discovery regarding the defense sufficiently before trial. As the *Mubayyid* court found, the three enumerated defenses in Rule 12.1 (alibi), Rule 12.2 (insanity), and Rule 12.3 (public authority) for which pretrial notice is required under the Federal Rules of Criminal Procedure "share a basic characteristic with the advice-of-counsel defense: they are ordinarily fact-intensive defenses that are likely to create substantial problems of fairness and efficiency if raised for the first time during the trial." *Id.* at

2. *See also Dallmann*, 433 F. Supp. 3d at 811 (relying on reasoning of *Mubayyid* that advice-of-counsel defense is fact-intensive and should be addressed before trial).  Given the defendant's obligation to provide discovery that arises from advancing the defense, the defendant should not be permitted to pepper his exhibit list with documents that support his advice-of-counsel defense, be coy with formally noticing the defense so as to withhold discovery undermining it, and then ambush the Government with the defense during trial.  *Cf. United States v. Hitselberger*, 991 F. Supp. 2d 91, 99 (D.C. Cir. 2013) (defendant does not have constitutional right to withhold all defense and surprise the Government); *United States v. Poindexter*, 725 F. Supp. 13, 33-34 (D.D.C. 1989) ("[I]t is of course hardly a novel proposition that defendants in criminal cases may be required to disclose elements of their defenses in advance of trial.").

In addition to having publicly advanced the defense, the defendant knows what information the Government has—and does not have—that might support or undermine the defense.  The Government produced in discovery the privilege logs for each witness who withheld material on the basis of a claim of privilege on behalf of the defendant or his campaign, and in some cases the defendant's campaign was directly involved in discussions regarding privilege during the course of the investigation.  In other instances, the Government produced court orders requiring the production of material claimed to be privileged.  Compelling the defendant to provide notice, and thereby discovery, would be reciprocal of what the Government already has produced.  For example, defense counsel publicly identified one attorney on whose advice the defense intends to rely at trial, and the Government has produced in discovery substantial evidence regarding that attorney and his advice, including relevant search warrant returns.[8]  Any material relevant to that

---

[8] That same attorney asserted an attorney-client privilege with the defendant and his campaign to shield material from disclosure to Congress.  *See Eastman v. Thompson*, Case No. 8:22-cv-00099 (C.D. Cal.), ECF No. 260 at 15 ("The evidence clearly supports an attorney-client

attorney's advice that remains shielded by the attorney-client privilege should be produced to the Government at the earliest date to avoid disruption of the trial schedule.

In filing this motion, the Government does not concede that the defendant is entitled to offer an advice-of-counsel defense at trial or that such a defense is supported by competent evidence. Indeed, if the evidence disclosed by the defendant shows that the advice-of-counsel defense is unavailable as a matter of law, in fairness the Government should be permitted to raise that matter in advance of trial before questioning, evidence, and argument. *See Rhodes*, ECF No. 318 at 1 ("Such disclosure is necessary to assess the viability of the defense."); *United States v. West*, 392 F.3d 450, 456-57 (D.C. Cir. 2004) ("The defense of advice of counsel necessarily fails where counsel acts as an accomplice to the crime."). Juxtaposed against such a defense, the indictment alleges that the defendant ignored the advice of attorneys and was not acting in good faith, *see* ECF No. 1 ¶¶ 92-94, and the Court may need to hold a hearing in advance of trial to determine if the defendant should be permitted to present evidence of the defense at trial. *See* Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."); Fed. R. Evid. 103(d) ("To the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means.").

Finally, while fairness warrants pretrial notice of the advice-of-counsel defense in this case, requiring it imposes no unfairness on the defense. Given his extensive public statements, the defendant cannot complain that formal notice will prematurely or unfairly reveal a hidden trial strategy. And since the defendant must produce exhibits in support of an advice-of-counsel defense by December 18 anyway, he will suffer no prejudice in also formally noticing his intent

---

relationship between President Trump, his campaign, and [plaintiff] during January 4-7, 2021.").

to rely on the defense.  After all, producing and identifying an otherwise-privileged document will operate as a subject-matter waiver for all related communications.  *See White*, 887 F.2d at 271 ("Under the law of this circuit, a defendant can waive his attorney-client privilege by releasing documents to . . . an investigative body at the pretrial stage."); *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) ("[V]oluntary disclosure of privileged material subject to the attorney-client privilege to unnecessary third parties in the attorney-client privilege context 'waives the privilege, not only as to the specific communication disclosed but often as to all other communications relating to the same subject matter.'" (quoting *In re Sealed Case*, 676 F.2d 793, 809 (D.C. Cir. 1982)); *Protect Democracy Project, Inc. v. Nat'l Sec. Agency*, 10 F.4th 879, 891 (D.C. Cir. 2021) (describing the attorney-client privilege as taking an "all-or-nothing approach" to waiver (quoting *In re Sealed Case*, 121 F.3d at 741)).  Since waiver will occur otherwise by operation of law, there is no unfairness to requiring defendant to provide formal notice, thereby triggering the requirement to produce the potentially extensive discovery to which the Government will then be entitled.

### B.  Requiring Notice Promotes Efficiency

Requiring pretrial disclosure will prevent disruption of the Court's schedule and further judicial efficiency to allow for the defendant to produce the discovery that such a defense would entail.  The defendant publicly claims to have had multiple lawyers providing advice in the post-election period, and at least 25 witnesses withheld information on attorney-client privilege grounds during the course of the Government's investigation.  The process of disclosure, review, and further investigation by the Government, followed by potential litigation as to the applicability of the defense in this case, may be time-consuming, and—if not done in advance of trial—"risks unnecessary interruption and delay."  *Crowder*, 325 F. Supp. 3d at 138; *Mubayyid*, 2007 WL 1826067, at *1-2 (recognizing that once defense is invoked, the Government will need to obtain

discovery and conduct investigations which could lead to delay).  Moreover, the discovery and investigation process surrounding the advice-of-counsel defense "may raise issues requiring additional briefing before trial" in connection with the discovery process and the scope of the defense itself.  *See Crowder*, 325 F. Supp. 3d at 138.  And if the defendant fails to provide timely notice and discovery, the Court is within its discretion to preclude the defendant from asserting an advice-of-counsel defense during trial.  *Id.*; *Rhodes*, ECF No. 318 at 3 ("The court may preclude a defendant from asserting an advice-of-counsel defense if they fail to provide the notice required by this Order.").

Pretrial notice is all the more warranted here because the defense is likely to arise during the opening days of trial.  For example, the defendant may wish to discuss it in his opening statement.  Or, on cross-examination of a witness in the Government's case-in-chief, the defendant could elicit privileged information previously shielded from the Government, thus sandbagging the Government and necessitating an interruption of testimony or an adjournment.  There is no benefit in allowing the defendant to wait until trial to advance his defense.  Rather, efficiency requires that the Government receive notice and discovery in advance of presenting its case so that it can fairly prepare for direct and cross-examination and avoid recalling witnesses either in its case-in-chief or in rebuttal.  *See, e.g.*, *United States v. Philip Morris USA, Inc.*, 219 F.R.D. 198, 200 (D.D.C. 2004) ("The underlying purpose [of case management orders] has been to ensure efficient and orderly management of the case so that trial would proceed [on the scheduled date], and to avoid last-minute 'trial-by-ambush' tactics which might jeopardize that trial date.").

## C.    Notice Should Be Given When Exhibit Lists Are Due

Once the decision is made to require pretrial notice, the Court should set the deadline most reasonable to accomplish the twin goals of fairness and efficiency.  The deadline most directly

related to the advice-of-counsel defense is December 18, 2023—the date on which "the parties shall exchange lists of exhibits they intend to use in their cases in chief."  ECF No. 39 ¶ 8.[9]  By that date the defendant already is required to provide functional notice by way of the exhibits he intends to offer into evidence; the Court should formalize the defendant's requirement to produce discovery by requiring notice at that point.

The defendant's intention to pursue an advice-of-counsel defense has direct bearing on the exhibits he will seek to introduce at trial.  Presumably he would try to rely on, for example, the "very detailed memorandum from a constitutional expert" his counsel described in an interview, and therefore would need to identify that document on his exhibit list.  He also would need to identify as an exhibit any document showing that he "made full disclosure of all material facts to his attorney before receiving the advice at issue" and that "he relied in good faith on the counsel's advice that his course of conduct was legal."  *Gray-Burriss*, 920 F.3d at 66.  This could come in the form of emails, text messages, attorney notes, communications, or other documents, any of which would result in a subject-matter waiver over any other privileged materials.

Requiring the defendant to give formal notice at the time he designates exhibits on December 18 is a natural complement to the Pretrial Order.  *In limine* motions, including ones seeking to admit or exclude certain evidence, are due by December 27, 2023.  ECF No. 39 ¶ 4.  Objections to exhibits are due by January 3, 2024.  *Id.* ¶ 8.  And January 15, 2024, is the date by which the parties must jointly submit a short narrative description of the case to be read to the

---

[9] The defendant's "case in chief" means not only what the defendant will introduce after the Government rests, but also substantive, non-impeachment evidence introduced during the Government's case-in-chief.  *See Crowder*, 325 F. Supp. 3d at 136 (finding that "the phrase 'case-in-chief' in Rule 16(b)(1)(A) refers to any substantive evidence [the defendant] affirmatively intends to introduce to prove [his] theory of the case or defenses, as opposed to for the purpose of impeachment only, regardless of when during the trial such evidence will be offered," collecting cases, and stating that "[n]early every court to consider the issue has concluded the same").

prospective jurors, proposed voir dire questions, and jury instructions. *Id.* ¶ 5. The parties will not be able to submit an effective joint proposal without advance notice of the defendant's intent to rely on the advice-of-counsel defense. For example, the asserted defense may inform what questions the parties and the Court want to ask the venire during voir dire, and the Court would benefit from the parties putting forth an agreed (or disputed) jury instruction regarding the advice of counsel. The Redbook does not contain a generic iteration of the instruction, so necessarily the Court will have to decide on the most appropriate language based on current law and the facts introduced at trial. *See id.* ¶ 5 ("To the extent that the parties seek to use pattern jury instructions from the current version of the DC Redbook, it is sufficient simply to list the numbers of those instructions. Special instructions shall be submitted verbatim with citations to cases and other authorities to support each instruction."). The parameters of that instruction should operate as guardrails throughout the trial and therefore should be determined by the Court prior to opening statements.

In more simple cases with fewer attorneys on whose advice a defendant purportedly relied, courts that have ordered pretrial disclosure of an intent to rely on an advice-of-counsel defense ordinarily have required that it be provided within weeks of the start of trial. These cases are factually distinguishable. *See, e.g.*, *Crowder*, 325 F. Supp. 3d at 139 (requiring notice two weeks before trial, in two defendant case involving scheme to defraud D.C. public schools); *Dallman*, 433 F. Supp. 3d at 813 (requiring notice ten days before trial, where defense arose from three interactions involving two attorneys); *Cooper*, 283 F. Supp. 2d at 1225 (requiring notice two weeks before trial, in health care fraud case with three defendants). In addition to the prudential reasons to peg the defendant's notice to the deadline for exhibit lists, a more substantial notice period is warranted in this case because the defense likely will involve multiple lawyers, there will be

discovery obligations and additional litigation, and the required notice will not expose any defense secrets.  As set forth above, lead counsel has identified one attorney by name, the defendant has spoken of getting advice from multiple attorneys, and at least 25 witnesses have withheld information from this investigation on the basis of attorney-client privilege.

Given the potential number of attorneys and breadth of advice involved, the defendant's notice should describe with particularity the following: (1) the identity of each attorney who provided advice; (2) the specific advice given, including whether the advice was oral or written; (3) the date on which the advice was given; and (4) the information the defendant communicated or caused to be communicated to the attorney concerning the subject matter of the advice, including the date and manner of the communication.

## IV.    Conclusion

The Court, the parties, the jury, and the public have an interest in an orderly and efficient trial.  The Court should build an appropriate interval into the pretrial schedule to ensure that all disclosure, investigation, and litigation resulting from notice of the advice-of-counsel defense can be addressed and resolved in an orderly fashion.  For that reason, the Court should enter an order requiring the defendant to provide notice of his intent to rely on such a defense by December 18, 2023.  A proposed order is attached.

Respectfully submitted,

JACK SMITH
Special Counsel

By:   /s/Thomas P. Windom
      Thomas P. Windom
      Molly Gaston
      Senior Assistant Special Counsels
      950 Pennsylvania Avenue NW
      Room B-206
      Washington, D.C. 20530