BARRY LOUDERMILK, GEORGIA
CHAIRMAN

H. MORGAN GRIFFITH, VIRGINIA
GREGORY F. MURPHY, NORTH CAROLINA
ANTHONY D'ESPOSITO, NEW YORK

BRYAN STEIL, WISCONSIN
FULL COMMITTEE
CHAIRMAN

One Hundred Eighteenth
**Congress of the United States**
House of Representatives

SUBCOMMITTEE ON OVERSIGHT
COMMITTEE ON HOUSE ADMINISTRATION
1309 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–6157
202–225–2061 | CHA.HOUSE.GOV

NORMA J. TORRES, CALIFORNIA
RANKING MINORITY MEMBER

DEREK KILMER, WASHINGTON

JOSEPH D. MORELLE, NEW YORK
FULL COMMITTEE
RANKING MINORITY MEMBER

June 26, 2023

The Honorable Bennie Thompson
Member of Congress
2466 Rayburn House Office Building
Washington, DC 20515

      Re: Archived, Noncurrent Records of the House Select Committee to Investigate the January 6th Attack on the United States Capitol

Dear Representative Thompson,

I write to you today in your capacity as the former Chairman of the House Select Committee to Investigate the January 6th Attack on the United States Capitol. As you are aware, I chair the Committee on House Administration Subcommittee on Oversight, which has jurisdiction over the safety and security of the United States Capitol.[1]

All committee chairs have a responsibility to archive noncurrent committee records at the end of each Congress.[2] It is the chair's responsibility to transfer the records to the Clerk of the House, who subsequently stores those records with the National Archives and Records Administration.[3]

The resolution establishing the Select Committee added an additional reporting requirement by mandating all records of the committee be transferred to any committee designated by the Speaker.[4] In the 118th Congress, the House Rules reiterated that all records from the Select Committee would be transferred to the Committee on House Administration.[5]

As part of my oversight responsibilities, my staff and I have reviewed the records we have received from the Select Committee. As you can imagine, I was concerned to discover that some noncurrent records were not archived despite the requirements of the Rules of the House of Representatives and the resolution that established the Select Committee. The video recordings of transcribed interviews and depositions, which featured prominently during the Select Committee's hearings, were not archived or transferred to the Committee on House Administration. Only written transcripts were provided.

---

[1] Rule X of the Rules of the U.S. House of Representatives, 118th Cong. (2023); Rule 17(c)(2) of the Rules of the Committee on House Administration, 118th Cong. (2023). *See also* Letter from Ranking Member Rodney Davis to Chairman Thompson related to Preservation of Information Relating to Select Committee's Activities (June 9, 2022)
[2] Rule VII of the Rules of the U.S. House of Representatives, 118th Cong. (2023).
[3] *Id*.
[4] Establishing the Select Comm. to Investigate the Jan. 6th Attack on the U.S. Capitol, H.Res. 503, 117th Cong. (2021).
[5] Rule XXVIII of the Rules of the U.S. House of Representatives, 118th Cong. (2023).

Furthermore, you sent a letter to Mr. Richard Sauber, Special Counsel to President Joe Biden, on December 30, 2022.[6] In this letter, you stated that you "cannot ensure enforcement of the commitment to maintain the confidentiality of the identity of the witness."[7] You go on to say that you were returning transcripts to an undisclosed person or place for "appropriate review, timely return, and designation of instruction for proper handling by the Archives."[8] You also stated that the decision was done in coordination with then-Speaker Pelosi.[9]

You also sent a letter on December 30, 2022, to the General Counsel for the Department of Homeland Security.[10] In this letter, you referenced the important information you gained from an unnamed Secret Service witness. You noted that the Select Committee was dissolving and that you "cannot ensure enforcement of the agreements to maintain the confidentiality of any of these transcripts and related security of these transcripts."[11] According to your letter, you coordinated with then-Speaker Pelosi to return transcripts to the Department of Homeland Security.

No version of the letter to Mr. Sauber—either redacted or unredacted—or the letter to the DHS General Counsel was archived by the Select Committee or provided to this Committee. Additionally, there is no explanation of what transcripts these letters are referring to or why you—in coordination with then-Speaker Pelosi—did not immediately archive the records with the Clerk.

Congress must properly retain and archive Committee records to maintain the confidence of the American people. To that end, members of Congress must be counted on to follow the rules we impose upon ourselves. This includes the requirement that all Select Committee records be turned over to the Committee on House Administration.

Before speaking publicly about these issues, I am first writing to request your assistance in locating these Committee records. I respectfully request that you reply by July 7, 2023. Please feel free to reach out to me directly if you have any questions.

Respectfully,

Barry Loudermilk
Chairman
Subcommittee on Oversight
Committee on House Administration

BDL/hf/ert

---

[6] Letter to Mr. Richard Sauber, Special Counsel to the President, December 30, 2022, https://s3.documentcloud.org/documents/23561125/gpo-j6-transcript-chair-vice-chair-letter-to-white-house.pdf
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] Letter to The Honorable Jonathan Meyer, December 30, 2022, https://s3.documentcloud.org/documents/23562735/letter-from-the-chairman-and-vice-chair-to-the-department-on-homeland-security-regarding-certain-transcripts.pdf
[11] *Id.*