IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**GOVERNMENT'S OPPOSITION TO**
**SECOND DEFENSE MOTION FOR ACCESS TO CIPA § 4 FILING**

In its memorandum opinion permitting the defendant to move for access to the Government's CIPA § 4 filing, the Court allowed "the defense an opportunity to explain why it believes that CIPA's statutory text and Circuit precedent do not govern this case." ECF No. 82 at 3. But the defendant's motion fails to provide any legitimate basis for the Court to depart from the plain language of CIPA or this Circuit's binding precedent. The Court should deny the defendant's latest attempt to intrude in the *ex parte* CIPA § 4 process, as it did the last.

**I.    Background**

On September 27, 2023, the defendant moved for permission to file a brief to gain access to the Government's CIPA § 4 filing. ECF No. 62. After briefing, the Court acknowledged the D.C. Circuit's view that "adversarial litigation" over classified information the Government seeks to withhold in discovery "would defeat the very purpose of the discovery rules," but nonetheless permitted the defendant to file by October 11 a brief articulating objections to the *ex parte* process. ECF No. 82 at 2-3. On October 11, the defendant filed a motion seeking attorneys'-eyes-only access to (1) "the paragraphs and pages of the [CIPA § 4] submission that are not portion-marked as classified," and (2) "the Office's citations to legal authority, which are not classified." ECF No.

101 at 2.  Armed with such information, the defendant then intends "to review and respond to unclassified arguments and legal citations." *Id.* at 4.

On the afternoon of October 16, 2023, defense counsel held a classified *ex parte* conference with the Court to, in the defendant's words, "discuss defense theories that the Court will be required to consider as it applies the applicable standard."  ECF No. 62 at 5; ECF No. 76 at 6; Minute Order (Oct. 4, 2023).  The Government was not present for the conference and is unaware of anything discussed therein by the defendant.

**II.      Applicable Law**

CIPA sets forth procedures at the pretrial, trial, and appellate stages of a criminal case to enable courts to protect a defendant's right to due process, including the right to a fair trial, and to protect the government's interest in classified information, sources, and methods.  *See United States v. Yunis*, 867 F.2d 617, 621-23 (D.C. Cir. 1989); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994).  CIPA's fundamental purpose is "protecting and restricting the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002).  However, "CIPA does not create any discovery rights for the defendant." *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005); *accord United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990) (CIPA does not "expand the traditional rules of criminal discovery" or require the government "to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense"); *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006) (citing *Yunis*, 867 F.2d at 621-23).

CIPA § 4 authorizes the Court to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States.  Courts consistently have upheld the *ex parte* and *in camera* nature of such motions under Federal Rule of Criminal

Procedure 16(d)(1) and the plain language of CIPA § 4. *See, e.g.*, *Mejia*, 448 F.3d at 457 & n.21 ("As the House Report explains, 'since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'"); *United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) ("The right that section four confers on the government would be illusory if defense counsel were allowed to participate in section four proceedings because defense counsel would be able to see the information that the government asks the district court to keep from defense counsel's view."); *United States v. Amawi*, 695 F.3d 457, 474 (6th Cir. 2012) ("Nothing in CIPA opens the door to such [CIPA § 4] proceedings simply because a defendant's attorney has been cleared to see classified information."); *United States v. Libby*, 429 F. Supp. 2d 46, 47 (D.D.C. 2006) (allowing *ex parte* proceedings under CIPA § 4).

The *ex parte* nature of CIPA hearings does not unfairly prejudice the defendant. Indeed, as the D.C. Circuit has commented, this practice is analogous to other discovery determinations that a Court may make *in camera*, or that prosecutors may make on their own. *See Mejia*, 448 F.3d at 458 ("When a court (rather than the prosecutor alone, as is ordinarily the case) reviews evidence in camera to determine whether it constitutes a witness statement subject to disclosure under the Jencks Act . . . or exculpatory material subject to disclosure under *Brady*, the defendant is likewise not entitled to access to any of the evidence reviewed by the court . . . to assist in his argument that it should be disclosed."). The defendant points to no contrary caselaw, and in fact cites two district court cases that preceded, and do not conflict with, *Mejia*. One of those cases, *Libby*, 429 F. Supp. 2d at 48, confirmed that the CIPA § 4 motion must be filed under seal if the Government so elects, and the sealed motion—not a public brief—should explain the necessity for the *ex parte* nature of the filing. The defendant's other citation, *United States v. Rezaq*, 899 F.

Supp. 697, 707 (D.D.C. 1995), confirmed that the case "presents a number of national security issues that could potentially require this court to conduct *ex parte* proceedings." In short, neither case is inconsistent with or could overcome the later-decided, controlling Circuit caselaw of *Mejia*.

The standard the Court must apply is delineated by uniform caselaw: classified information may be withheld from discovery unless it is both relevant and "helpful to the defense of [the] accused," *Yunis*, 867 F.2d at 622-23, and the Government may submit its supporting application *ex parte*, 18 U.S.C. App. 3 § 4.[1] Moreover, a defendant may be permitted to file his own *ex parte* submission outlining his theory of the defense to aid the court in the review of any classified materials. *See United States v. Sedaghaty*, 728 F.3d 885, 906 n.10 (9th Cir. 2013).

**III.   Argument**

The defendant asks for unprecedented relief: access to any unclassified portions of the Government's CIPA § 4 motion, so that he can "review and respond" in additional rounds of litigation not contemplated by the Court's order. But he provides no legal authority in support of his claim, and instead reveals his true objective in this litigation—to convert the CIPA § 4 proceeding in this case into a time-consuming, adversarial exercise inconsistent with the law. The defendant's motion is legally flawed and should be denied.

First, the defendant points to no case in which a court has required the Government to give a defendant access to the unclassified portions of a CIPA § 4 motion, and the Government is aware of none. The Court should deny his motion on this ground alone.

---

[1] In his brief, the defendant states the standard in the disjunctive as "relevant or helpful." ECF No. 101 at 1. That is wrong. The correct standard is in the conjunctive, "relevant and helpful." The defendant previously recognized the appropriate standard in an earlier filing. *See* ECF No. 62 at 1 (quoting *Yunis*'s "'relevant' and 'helpful'" standard).

Second, disclosing to the defendant even the unclassified portions of a CIPA § 4 motion risks defeating the purpose of the requested protective order. To the extent that the CIPA § 4 motion contains unclassified portions, any such information is inextricably intertwined with the classified portions. *See United States v. Alimehmeti*, No. 16-cr-238 (S.D.N.Y.), ECF No. 54 at 3 (denying the defendant's motion to be permitted to review at least portions of the government's CIPA § 4 memorandum because the "Government's discussion of legal principles in that memorandum is sufficiently interwoven with, and informed by, its application of those principles to the evidentiary materials at issue to counsel against such a disclosure"). *Cf. In re New York Times Company*, 2023 WL 2185826, at *13 (D.D.C. Feb. 23, 2023) ("Redacting information in those materials would not sufficiently uphold that [grand jury] secrecy because matters occurring before the grand jury are so deeply intertwined with non-secret information that any partially unsealed record would prove useless, or worse, misleading."). Thus, revealing the unclassified portions within a CIPA § 4 brief poses a risk to the secrecy of the underlying classified information subject to the proposed protective order. The Court can review the classified CIPA § 4 motion to determine this with clarity. Therefore, notwithstanding the defendant's bald assertion otherwise, *see* ECF No. 101 at 2-3, his request is contrary to both *Mejia* and the 1980 House Report cited therein.

Third, and relatedly, the motion's ultimate paragraph betrays the defendant's true intent to try to litigate the propriety of the Government's CIPA § 4 motion, inviting the very sort of adversarial proceeding the D.C. Circuit rejected in *Mejia*. There, he contends that the Court should not assume the Government has made a valid invocation of the classified information privilege without the defendant first reviewing any unclassified portions of the motion, presumably so that the defendant can then litigate—or "review and respond to"—any perceived concerns. ECF No.

101 at 4-6.[2]  But CIPA does not provide for an adversarial process at this juncture in the case—doing so would undermine the very nature of any privilege against disclosure.  In any event, whether the Government can validly assert the classified information privilege and satisfies the legal basis for its motion is a different inquiry from whether the defendant should obtain access to the unclassified portions of the motion.  The Court should not entwine these disparate questions.

Fourth, the defendant misinterprets the caselaw on which he relies.  For instance, the Court should give no credence to the defendant's passing suggestion that "the general presumption against *ex parte* proceedings in criminal cases" or "the post-CIPA development of bodies of law under FOIA, in habeas proceedings, and in motions to suppress FISA intercepts" somehow subverts the plain language of CIPA or the D.C. Circuit's decisions in *Mejia* (2006) and *Yunis* (1989).  The cases, cited in footnotes in the defendant's motion, *see* ECF No. 101 at 2 nn.1 & 2, do not involve CIPA proceedings at all, let alone proceedings under CIPA § 4.  Furthermore, the defendant's reliance on *United States v. Stillwell*, 986 F.3d 196, 198 (2d Cir. 2021), continues to be misplaced.  *See* ECF No. 101 at 3-4; ECF No. 62 at 3.  There, the Second Circuit overruled a district court's determination that classified information withheld under CIPA § 4 was not relevant and helpful to the defense.  *See Stillwell*, 986 F.3d at 201.  The Second Circuit's reversal was not based on a problem with the *ex parte* nature of the motion, but rather on the merits of the district court's decision to approve withholding of the underlying classified materials.[3]

---

[2] The defendant suggests that the Government can only invoke the classified information privilege for the material subject to its CIPA § 4 motion by virtue of an affidavit from the Attorney General, Deputy Attorney General, or a relevant Assistant Attorney General.  *See* ECF No. 101 at 5.  The D.C. Circuit has never held this to be so.  Nor, to the Government's knowledge, has any court in this District.

[3] Defense counsel have no basis to make the statement that "[t]o our knowledge, no national security calamity resulted from" the *Stillwell* decision. ECF No. 101 at 4.  Even if they did have such a basis, what happened with one set of classified information and different defense counsel

Fifth, since the defendant seeks only unclassified information, his contention that he should receive such information because his counsel have security clearances misses the mark. ECF No. 101 at 2 ("The Court should exercise its discretion under CIPA § 4 in the context of . . . a case involving cleared defense counsel who have already been granted access to sensitive classified materials and are subject to a CIPA § 3 protective order that carefully governs the handling of such materials."). Courts repeatedly find that justification insufficient to grant access to reviewing even classified information. *See Sedaghaty*, 728 F.3d at 909 ("[T]he simple fact that defense counsel held security clearances does not mean that the attorneys were entitled to access the government's classified filings."); *United States v. Asgari*, 940 F.3d 188, 191 (6th Cir. 2019) ("Defense counsel's security clearance becomes relevant if and only if the court determines the material should be disclosed."); *United States v. Daoud*, 755 F.3d 479, 484-85 (7th Cir. 2014) ("[The district court] seems to have thought that any concerns about disclosure were dissolved by defense counsel's security clearances . . . as if disclosing state secrets to cleared lawyers could not harm national security. Not true."); *Libby*, 429 F. Supp. 2d at 48 (security clearance alone does not justify disclosure of classified information to defense counsel). Defense counsel's security clearances should have no bearing on receiving unclassified information at all, much less such information that may reveal aspects of classified information for which they have no need to know.

Finally, the defendant's arguments should be considered in light of the defendant's own *ex parte* conference with the Court two days ago. Though he argues that *ex parte* proceedings are antithetical to the judicial process, he engaged in one himself. His motion does not volunteer that the Government should be privy to the unclassified information he shared with the Court at his *ex*

---

under different circumstances is not indicative of the national security risks presented in this case or what should happen here.

*parte* conference, and the Government does not seek access to such information. CIPA expressly contemplates *ex parte* proceedings, and the Court need not depart from settled Circuit precedent because of the unmoored desire of this defendant.

## IV.    Conclusion

The Court should deny the defendant's motion.

          Respectfully submitted,

          JACK SMITH
          Special Counsel

By:    /s/Thomas P. Windom
          Thomas P. Windom
          Molly Gaston
          Senior Assistant Special Counsels
          950 Pennsylvania Avenue NW
          Room B-206
          Washington, D.C. 20530