IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**GOVERNMENT'S REPLY IN SUPPORT OF**
**MOTION FOR FAIR AND PROTECTIVE JURY PROCEDURES**

The parties are in general agreement that the Court should use a written questionnaire in advance of in-person jury selection in this case and adopt clear rules regarding the parties' research of prospective jurors, and that the Court and parties should shield jurors' names and other identifying information from public disclosure. In this reply, the Government briefly addresses the defendant's response to its motion for fair and protective jury procedures and submits for the Court's consideration a proposed order implementing these consensus measures.

Written Jury Questionnaire

The defendant agrees with the Government's proposal that the Court use a written questionnaire in advance of in-person jury selection, but suggests that the parties confer regarding the development, briefing, and timing of the questionnaire. *See* ECF No. 111 at 2. As proposed in the Government's motion, the Government fully intends to confer with the defendant in the course of drafting a proposed questionnaire, reach consensus with the defendant on as many questions as possible, and provide the Court with all of the parties' proposed questions—whether agreed upon or opposed. *See* ECF No. 97 at 4 ("the Court should order the Government to . . . confer with the defense, and file a proposed questionnaire with indications as to which questions the parties agree upon and which they do not"). The defendant also suggests that the parties confer

on timing and that he may wish to issue successive rounds of questionnaires, *see* ECF No. 111 at 2, but the Clerk of the Court's established schedule for drawing special jury panels will determine the timing of any written questionnaire in this case, and that schedule likely does not permit more than one round of questionnaires. It is the Government's understanding that the Clerk requires at least ten weeks to identify potential jurors and issue summonses to them to appear and complete written questionnaires; accordingly, if the Court adopts the Government's proposed schedule—under which prospective jurors would complete questionnaires on or about February 9, 2024—the Clerk would need to begin drawing the venire by December 1, 2023, and perhaps earlier given the impending holiday calendar.

In any event, the Government agrees with the defendant that a written questionnaire is not a substitute for the robust, in-person voir dire that the Court and parties should conduct in this case, and the questionnaire should not preclude other reasonable proposals the parties may later make to protect the jury. *See* ECF No. 97 at 10 (acknowledging potential consultation with U.S. Marshals); *id.* at 11 ("Closer in time to trial, the Government may request specific additional protective measures for the jury."). Finally, with respect to the defendant's stated concerns regarding publicity and the defendant's prominence, the Court may want to consider issuing summonses to a larger-than-usual pool for jury selection in this case, even compared to other recent high-profile matters in this District.[1] Doing so would afford the Court maximum flexibility to empanel a fair and impartial jury, accounting for the defendant's concerns, the length of the trial, and other considerations.

---

[1] As a point of reference, the court presiding over the defendant's criminal case in Fulton County, Georgia, directed that 900 potential jurors be called for voir dire in the trial of two of the defendant's co-conspirators that was scheduled to begin on October 23, 2023. *See State of Georgia v. Kenneth John Chesebro, and Sidney Katherine Powell*, No. 23SC188947 (2023 Fulton Cty. Sup. Court, Order Regarding Voir Dire Procedures, Sept. 15, 2023).

Juror Research

The parties are also in agreement about the proper parameters for open-source research regarding prospective jurors during the jury selection process (which includes the questionnaire process) and through trial.  *See* ECF No. 97 at 5-7; ECF No. 111 at 3 & n.1.  In addition, the defendant asks the Court to direct the Government not to use non-public law enforcement databases for juror research, to which the Government has no objection because it would not have done so in any event.  Likewise, in order to protect against the potential exposure of jurors' identifying information, ECF No. 97 at 8, the Government requests that the Court direct the defendant not to use for juror research any non-public databases that he may have at his disposal through his campaign, political action committee, or associated entities, and that he refrain from providing jurors' identifying information to the campaign or any other entity that is not part of the defense team.

Protection of Juror Names and Identifying Information

Finally, the Government's motion requested that the Court order that no party should disclose, either in open court or outside of court, jurors' names or any identifying information, and that the parties ensure that anyone permitted to access such information understand the secrecy obligation.  ECF No. 97 at 7-8.  The defendant responds that he "has no intention of publicizing the names or other contact information of jurors, but defers to the Court's discretion on whether to enter an order."  ECF No. 111 at 4.  For clarity and to assure the jury that their identifying information is being protected, the Court should issue such an order.

As **Exhibit 1**, the Government submits for the Court's consideration a proposed order implementing the fair and protective jury procedures on which the parties agree.

                                      Respectfully submitted,

                                      JACK SMITH
                                      Special Counsel

By:    /s/Molly Gaston
         Molly Gaston
         Thomas P. Windom
         Senior Assistant Special Counsels
         950 Pennsylvania Avenue NW
         Room B-206
         Washington, D.C. 20530