UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Criminal Action No. 23-257 (TSC) |

**OPINION AND ORDER**

Before the court are two motions.  First, the government's Classified *Ex Parte*, *In Camera*, and Under Seal Motion for a Protective Order Pursuant to Section 4 of the Classified Information Procedures Act and Rule 16(d)(1) of the Federal Rules of Criminal Procedure ("CIPA § 4 Motion").  *See* Notice of Filing, ECF No. 59 (publicly disclosing that the government had filed such a motion).  And second, the defense's Motion for Access to CIPA § 4 Filing, which requests access to the first motion.  ECF No. 101 ("Motion for Access").  For the reasons set forth below, the court will GRANT the first motion but DENY the second.

I. CIPA § 4 MOTION

The government's motion requests that the court, pursuant to the Classified Information Procedures Act ("CIPA") Section 4, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an *in camera* and *ex parte* review of the government's motion and the accompanying declarations and exhibits; (2) authorize the government to withhold from discovery certain classified information and provide an unclassified summary substitution for certain classified information; and (3) order that the entire text of the government's motion and the accompanying declarations and exhibits, all of which are classified, shall not be disclosed to the defense and

shall be sealed and preserved in the records of the court to be made available during future review of these proceedings.

The court has carefully reviewed the CIPA § 4 Motion and the declarations and exhibits filed therewith, and concludes that it was properly filed *ex parte, in camera*, and under seal for this court's review. As an initial matter, the court finds that the classified information referenced in the motion implicates the government's national security and classified information privilege. Accordingly, the information is only discoverable to the extent that it is "relevant and helpful" to the defense. *United States v. Yunis*, 867 F.2d 617, 622 (D.C. Cir. 1989) (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)). Based on its review of the withheld materials, and its discussion with defense counsel during a recent *ex parte* hearing, the court finds that the government's proposed summary of the classified information for substitution adequately describes any content of the withheld materials that could be considered relevant and helpful to the defense. *See United States v. Rezaq*, 134 F.3d 1121, 1142–43 (D.C. Cir. 1998) (approving district court's CIPA substitution rulings where "[n]o information was omitted from the substitutions that might have been helpful to Rezaq's defense"). As a result, the CIPA § 4 Motion satisfies the standard for withholding the referenced materials under CIPA, and provides "good cause" for withholding those materials under Fed. R. Crim. P. 16(d)(1).

## II.     MOTION FOR ACCESS

The defense seeks "attorneys'-eyes-only access to the paragraphs and pages of the [CIPA § 4 Motion] that are not portion-marked as classified and to the [government's] citations to legal authority." Motion for Access at 2. It argues that the court has the discretion to grant that access under CIPA § 4, and should do so

> in the context of (1) the general presumption against *ex parte* proceedings in criminal cases; (2) the post-CIPA development of bodies of law under FOIA, in

habeas proceedings, and in motions to suppress FISA intercepts where parties are granted greater access to filings by the Defense Department and USIC agencies that summarize sensitive information; and (3) a case involving cleared defense counsel who have already been granted access to sensitive classified materials and are subject to a CIPA § 3 protective order that carefully governs the handling of such materials.

*Id.* (footnotes omitted). The defense also argues that the CIPA § 4 Motion is invalid unless accompanied by an affidavit from the Attorney General, Deputy Attorney General, or a designated Assistant Attorney General. *Id.* at 5. None of these arguments succeed.

At the outset, it bears emphasis that the defense identifies no case in which any court has ordered the relief they seek here, and this court is aware of none. There is good reason for that lack of precedent: "As [CIPA's] House Report explains, 'since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" *United States v. Mejia*, 448 F.3d 436, 457 & n.21 (D.C. Cir. 2006). In any event, it is not possible to isolate the unclassified portions of the CIPA § 4 Motion in such a way that its arguments could be meaningfully litigated. As might be expected, the government's "discussion of legal principles in that memorandum is sufficiently interwoven with, and informed by, its application of those principles to the evidentiary materials at issue to counsel against such a disclosure." *United States v. Alimehmeti*, No. 16-cr-398 (S.D.N.Y. May 8, 2017), ECF No. 54 at 3. Rather than undertake that unprecedented and likely futile course, the court has followed the established procedure of holding an *ex parte* hearing with defense counsel to better understand whether the withheld information is relevant and helpful. *See supra* Section I; *United States v. Libby*, 429 F. Supp. 2d 46, 48 (D.D.C. 2006). That process, not adversarial litigation, is the appropriate course for resolving the CIPA § 4 Motion here.

The defense's proffered points of context do not alter that conclusion. The general presumption against *ex parte* proceedings in criminal cases is undisputed, and the defense may be right that parties are granted greater access to sensitive information in other areas of the law. But on their face, those points contrast rather than compare with the CIPA regime, which expressly displaces the presumption against *ex parte* proceedings and provides for limits on defendants' access to classified material. *See* 18 U.S.C. App. 3 § 4. Nor is it material that some defense counsel already have security clearances. *See, e.g.*, *United States v. Asgari*, 940 F.3d 188, 191 (6th Cir. 2019) ("Defense counsel's security clearance becomes relevant if and only if the court determines the material should be disclosed."); *United States v. Sedaghaty*, 728 F.3d 885, 906 n.10 (9th Cir. 2013); *United States v. Daoud*, 755 F.3d 479, 484–85 (7th Cir. 2014); *Libby*, 429 F. Supp. 2d at 48. Consequently, none of these points provide any reason to depart from the ordinary CIPA procedures.

The defense's novel argument that the CIPA § 4 Motion requires a department-head affiant fares no better. CIPA § 14 states:

> The functions and duties of the Attorney General under this Act may be exercised by the Deputy Attorney General, the Associate Attorney General, or by an Assistant Attorney General designated by the Attorney General for such purpose and may not be delegated to any other official.

18 U.S.C. App. 3 § 14. But unlike other sections of the Act, *see, e.g.*, *id.* § 12 (requiring that "the Attorney General shall issue guidelines specifying the factors to be used by the Department of Justice" in deciding whether to bring prosecutions that could reveal classified information), CIPA § 4 assigns no functions or duties to the Attorney General, but permits "the United States" generally to make *ex parte* submissions, *id.* § 4. The sole case cited by the defense for the proposition that invocations of the classified information privilege require a department head-affiant predated the passage of CIPA in 1980. *See Black v. Sheraton Corp. of Am.*, 564 F.2d 531

(D.C. Cir. 1977). And the defense identifies no court since that time that has demanded such an affidavit for CIPA § 4 submissions. This court will not be the first.

### III.   CONCLUSION

For these reasons, the government's CIPA § 4 Motion is hereby GRANTED, and the defense's Motion for Access, ECF No. 101, is hereby DENIED. The government is authorized to withhold from discovery the classified information specified in its motion, and to provide the unclassified summary substitution specified in its motion to the defense. Furthermore, the CIPA § 4 Motion, memorandum of points and authorities, and the accompanying materials shall not be disclosed to the defense, and shall be sealed and maintained in a facility for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of the Court, in accordance with established security procedures, for review during future proceedings as appropriate, until further order of this court.

Date: November 1, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge