**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR EXTENSION OF TIME TO FILE PRETRIAL MOTIONS**
<u>**RELATED TO DISCOVERY AND SUBPOENAS**</u>

In two related motions, the defendant continues to try to undermine the Court's carefully reasoned pretrial schedule. First, he seeks to stay all proceedings until the Court rules on his executive immunity motion, *see* ECF No. 128; the Government will separately address that motion no later than Monday, November 6, 2023, when responding to other outstanding motions. Second, apparently in the alternative, the defendant asks to move, once again, the deadline for filing motions to compel and Rule 17(c) motions. *See* ECF No. 129. Specifically, he requests permission to file motions to compel on a future contingent basis to be determined by the defendant. And he requests an extension of three months for filing Rule 17(c) motions, so the motions would become ripe the Friday before the start of trial on Monday, March 4, 2024. As before, *see* ECF No. 66 at 1, the defendant's requests are designed to disrupt the trial date and delay the resolution of this matter. The Court should deny the motion.

I.      **Background**

The Court allotted the time before trial through a series of reasoned deadlines, with input from the parties. *See* ECF No. 39; ECF No. 66 at 1-3; ECF No. 82. Initially, all pretrial motions, except motions *in limine* and motions to suppress, were due by October 9, 2023. The defendant

previously moved the Court to delay that deadline by approximately two months, ECF No. 63, and the Court granted the defendant's request in part, extending the deadline to October 23, except for motions to compel and Rule 17(c) motions, for which the deadline was extended to November 9. ECF No. 82 at 5-6.  In setting the November 9 deadline, the Court (having had the benefit of the Government's prior submissions and argument, *see* ECF Nos. 32 and 38) noted that "the discovery materials in this case are well-organized but significant, and additional time to review them may be useful to the defense as it considers motions related to the acquisition of evidence."  ECF No. 82 at 5.  The Court also emphasized "the disadvantages of backloading the pretrial schedule."  *Id.*

Since then, pretrial preparation has proceeded.  Most relevant here, the defendant filed a motion to dismiss (October 5), a motion for Rule 17(c) subpoenas (October 11), three other motions to dismiss (October 23), and a motion to strike (October 23).  The defendant also sent the Government various discovery letters, including ones dated October 15 and October 23, with numerous erroneous assertions and overbroad requests.  For example, the letters assert that the "prosecution team" includes the almost three million civilian, active duty, and reserve members of the Department of Defense, the 260,000 employees of the Department of Homeland Security, and the entire Intelligence Community, among other non-Justice Department agencies; insist that the Government's Jencks review must encompass witnesses' personal email accounts, personal phones, and personal messaging applications; and call for the production of documents far exceeding the scope of the charges in this case and outside the possession of the prosecution team. The Government responded to these letters in writing on October 24 and November 3 and set forth its responses and positions, including regarding the limited scope of the prosecution team and the untenable nature of certain discovery requests.  The Government's responses also pointed the defendant to certain documents already produced in discovery that were responsive to his requests.

In his most recent motion to delay the pretrial schedule, the defendant asserts that he "has worked in good faith to comply" with the November 9 date for filing any remaining motions to compel and Rule 17(c) motions, but nevertheless "is unable to do so given the enormity of discovery and the time required to confer with the prosecution." ECF No. 129 at 1. Referring to the November 9 date as an "inflexible global deadline," the defendant urges the Court to adopt a "protocol" that would functionally subordinate to the defendant the Court's responsibility to manage the pretrial schedule in an orderly manner. *Id.* at 1. As with each of the defendant's other delay tactics, the Government opposes the defendant's motion.

## II.    Argument

The Court has taken a reasoned approach to setting pretrial deadlines in this matter. But the defendant remains unsatisfied, now asking the Court for an indefinite timeframe for filing motions to compel discovery and three additional months, until February 9, 2024, to file unidentified additional Rule 17(c) motions. ECF No. 129 at 1. Since indictment, the defendant has routinely forecast the possibility of raising various motions with the Court, while at the same time seeking to delay filing them.[1] No further delay should be permitted, and the Court should exercise its discretion to decline both requests. *See* Fed. R. Crim. P. 12(c)(2).

The defendant's principal argument for delay is that he "will not be able to complete his review of discovery by the current deadline." ECF No. 129 at 3. The defendant's robotic incantation of an argument he unsuccessfully has made at least three times, *see* ECF No. 30 at 5-9, ECF No. 38 at 10, 18-36, ECF No. 63 at 3-4, does not suffice. As support on this occasion, the

---

[1] For example, in the current motion alone, in addition to motions to compel and Rule 17(c) motions, the defendant indicates that he also "intend[s] to litigate" whether an expired congressional select committee is part of the prosecution team and "intends to raise . . . discovery issues with the Court in a forthcoming motion." ECF No. 129 at 2 n.1, 4.

defendant describes "an incredibly time-consuming process" of identifying certain related documents within the Government's productions.  *See* ECF No. 129 at 3-4.  The defendant has never brought these purported concerns to the Government's attention, by email or in any of his lengthy discovery letters.  With every discovery production, beginning with its first on August 11, the Government has offered the defendant assistance, including through paralegals and litigation support staff, if he has questions or difficulty accessing discovery material.  That offer stands.

The defendant's misleading criticism of the way the Government produced emails exposes that he is grasping at straws for an excuse to delay these proceedings.  For example, he alleges without support that the Government "did not follow" a "standard procedure" regarding "threading," a form of organizing email messages.  ECF No. 129 at 3-4.  The fact of the matter is that the procedure the Government followed, which constitutes a best practice, is to produce discovery in load-ready files identifiable by the source from which the information was received— whether from lay witnesses, Government agencies, or email providers.  This leaves the defendant free to use the electronic platform of his choice to perform threading, de-duplication, filtering, and any other techniques he desires to facilitate his review of discovery—all of which services, as the Government previously pointed out to the defendant and the Court, *see* ECF No. 32 at 4, are offered by the defendant's e-discovery vendor, according to its own website.  In any event, the Government states again here: we stand ready to work with the defendant, including through automated litigation support staff, if he has difficulty accessing discovery material or comprehending its organization.

The defendant also posits that "even if the discovery were well-organized (and it is not), it still must be reviewed" and that "review for the purpose of potential motion practice requires more than simply reading pages."  ECF No. 129 at 4.  But the defendant's rehashed argument that the

size of the Government's production compels relief already was rejected by the Court when setting its initial scheduling order. *See, e.g.*, ECF No. 38 at 17-18 (The Court: "the manner in which the discovery in this case has been organized indicates that the government has made a considerable effort to expedite review, certainly beyond their normal discovery obligations"); ECF No. 32 at 2-3, 5 (Government filing describing how roughly 65% of the Government's first discovery production "consists of materials to which the defendant has functionally had access, are duplicative, or do not constitute Rule 16 discovery" and that "the burden of reviewing discovery cannot be measured by page count alone"). The defendant's continued attempt to portray the volume and form of discovery as extraordinary and unduly burdensome in the face of modern electronic discovery and his substantial resources contrasts with reality. *See, e.g.*, ECF No. 129 at 3-4; ECF No. 30 at 5-9. For this case, the defendant has employed at least three law firms, five counsel of record, three additional counsel of record in the D.C. Circuit, another attorney who as of recently sits at counsel table despite not having entered his appearance, additional undefined back-office support from other attorneys,[2] and an outside e-discovery vendor. *See* ECF No. 38 at 20 (The Court: "But let's not overlook the fact that [the defendant] has considerable resources that every . . . criminal defendant does not usually have."). The defendant noted as much himself, outside these proceedings.[3] The claim otherwise in his motion is a delay tactic.

The defendant further complains that "the prosecution continues to serve discovery productions on a rolling basis," ECF No. 129 at 5, as though this were both a surprise and a detriment to the defendant. Rolling productions of discovery are standard, as evidenced by the

---

[2] *See* https://blanchelaw.com/news/f/trump-expands-criminal-defense-team.

[3] *See* Donald J. Trump, Remarks in Sioux City, Iowa (Oct. 29, 2023), available at https://www.youtube.com/watch?v=Qxn-hHVX7pI ("I have a $100 million worth of legal fees. And they're doing good. At least I have good lawyers because you can spend $100 million and have lousy lawyers too, it happens.").

Court's pretrial order noting that the Government's "duty to disclose is ongoing" and setting deadlines into 2024 for the Government's discovery productions.  ECF No. 39 ¶ 6.  Moreover, the Government's most recent productions have consisted largely of documents identified for disclosure through quality control measures, as well as open-source information regarding the defendant's own public statements, and constitute a small percentage of the total discovery provided in this case.  Should it happen that a future discovery production provides the defendant with "good cause" for a late-filed motion to compel or Rule 17(c) motion, he will be entitled to seek relief from the Court.  Fed. R. Crim. P. 12(c)(3); *see* ECF No. 66 at 5-6.

Besides being unnecessary, the defendant's requested schedule is also unworkable.  With respect to motions to compel, the defendant requests to proceed in two phases.  First, he asks that the Court "direct the parties to confer in good faith" regarding the defendant's October 15 and October 23 letters, with the understanding that the defendant will "file any motions to compel within 10 days of the meet and confer."  ECF No. 129 at 1.  But the parties have already conferred: the defendant provided his assertions and requests in writing, and the Government made its positions clear in response.  If the defendant wishes to confer further, the Government stands ready to do so.  Otherwise, the defendant knows what he wants and should ask the Court for relief within the scheduled deadline.  Second, the defendant proposes that "for any discovery the prosecution has not yet produced, or which [the defendant] has not currently reviewed," the defendant will "file a motion to compel within 10 days of any future meet and confer."  *Id.* at 1.  This formulation results in an indeterminate, unworkable schedule controlled by the defendant, rather than the Court.  The defendant provides no basis for the Court to adopt this perplexing "protocol."

Similarly flawed is the defendant's proposal to extend the deadline for Rule 17(c) motions until February 9, 2024, a date two months later than the defendant's previous (denied) request for

a deadline of December 8, 2023, *see* ECF No. 63.  The defendant correctly notes that Rule 17(c)'s "'chief innovation was to expedite the trial by providing a time and a place before trial for the inspection of subpoenaed materials.'"  ECF No. 129 at 5-6.  But his proposed schedule to file motions to obtain subpoena returns "before trial" is self-defeating.  By extending the deadline to February 9, the motions will not be fully briefed, and the defendant would not be able to issue the subpoenas, until March 1—three days before jury selection begins.[4]  More fundamentally, the defendant's alleged concern about a large volume of late subpoena returns appears unlikely.  Though estimating the volume of the information responsive to the defendant's hypothetical subpoenas—to recipients he does not identify, for documents he fails to describe—is necessarily an imperfect exercise, given that Rule 17(c) subpoenas are not a "discovery device" and must seek "relevant, admissible, and specific information," *see* ECF No. 119 at 1, 3-4, any subpoena returns are unlikely to be as extensive as the defendant suggests.

### III.    Conclusion

The defendant's motion is another transparent effort to delay the resolution of this case. The Court should deny the motion.

Respectfully submitted,

JACK SMITH
Special Counsel

By:    /s/Thomas P. Windom
      Thomas P. Windom
      Molly Gaston
      Senior Assistant Special Counsels
      950 Pennsylvania Avenue NW
      Room B-206
      Washington, D.C. 20530

---

[4] The defendant also fails to explain how his proposal would not conflict with other deadlines, such as turning over exhibit lists (December 18) and filing *in limine* motions (December 27).  *See* ECF No. 39 ¶¶ 4, 8.