UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Criminal Action No. 23-257 (TSC) |

**OPINION AND ORDER**

The government has filed a Motion for Formal Pretrial Notice of the Defendant's Intent to Rely on Advice-of-Counsel Defense. ECF No. 98 ("Motion"). That Motion asks the court to order that by December 18, 2023, Defendant "provide notice in court of his intent to assert" an advice-of-counsel defense at trial. *Id.* at 1. For the reasons set forth below, the court will GRANT in part and DENY in part the Motion.

The advice-of-counsel defense requires a defendant to "introduce[] evidence that (1) 'he relied in good faith on the counsel's advice that his course of conduct was legal,' and (2) 'he made full disclosure of all material facts to his attorney before receiving the advice at issue.'" *United States v. Gray-Burriss*, 920 F.3d 61, 66 (D.C. Cir. 2019) (quoting *United States v. DeFries*, 129 F.3d 1293, 1308 (D.C. Cir. 1997)). By invoking the defense, the defendant waives attorney-client privilege and must therefore disclose to the government (1) all "communications or evidence" the defendant intends to rely on to establish the defense, and (2) any "otherwise-privileged communications" the defendant does "<u>not</u> intend to use at trial, but that are relevant to proving or undermining" it. *United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) (emphasis in original) (citation omitted); *see United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989).

The Federal Rules of Criminal Procedure and Local Criminal Rules do not expressly require advance notice of the advice-of-counsel defense. But because waiting until trial to invoke the defense—and comply with the disclosure obligations it triggers—could cause disruption and delay, some district courts have concluded that they nonetheless have inherent authority to order defendants to provide advance notice if they intend to do assert the defense. *See, e.g.*, *Crowder*, 325 F. Supp. 3d at 138; *United States v. Dallmann*, 433 F. Supp. 3d 804, 812 (E.D. Va. 2020). Other district courts, however, have concluded that they lack that authority. *See, e.g.*, *United States v. Alessa*, 561 F. Supp. 3d 1042, 1049 (D. Nev. 2021); *United States v. Wilkerson*, 388 F. Supp. 3d 969, 974–75 (E.D. Tenn. 2019).

In this case, the court need not decide whether it has authority to order Defendant to provide notice, because he "agrees to provide notice to the prosecution of whether he intends to pursue a formal advice of counsel defense at the time jury instructions are due, which is currently January 15, 2024." Opp'n to Motion, ECF No. 112, at 13. Defendant also proposes, however, that rather than requiring disclosure immediately after he provides that notice, the court "should solicit briefing to determine a reasonable schedule" for that disclosure, depending on the scope of the Defendant's requested jury instruction on advice-of-counsel defense. *Id.* But Defendant cites no precedent for that procedure, and it runs contrary to the standard practice of requiring that disclosure accompany notice, since that notice waives attorney-client privilege. *See, e.g.*, *Crowder*, 325 F. Supp. 3d at 138–39 (requiring "notice and discovery" to be provided together); *Dallmann*, 433 F. Supp. 3d at 816 (same). Indeed, notice without disclosure would have little practical value, and would inject undue delay into the parties' pretrial preparations.

Accordingly, the government's Motion for Formal Pretrial Notice of the Defendant's Intent to Rely on Advice-of-Counsel Defense, ECF No. 98, is hereby GRANTED in part and

DENIED in part. As he has consented to do, Defendant shall provide formal notice whether he intends to assert an advice-of-counsel defense by January 15, 2024. If Defendant does provide affirmative notice of that intent, he must also provide the required discovery to the government at that time: "any communications or evidence [Defendant] intend[s] to use to establish the defense," and "otherwise-privileged communications that [Defendant does] not intend to use at trial, but that are relevant to proving or undermining the advice-of-counsel defense . . . in their entirety." *Crowder*, 325 F. Supp. 3d at 138 (emphasis in original) (citation omitted).

Date: November 8, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge