IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| v.   * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| * | |
| **DONALD J. TRUMP,**  * | |
| * | |
| Defendant.   * | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXTENSION OF TIME TO FILE REPLY BRIEFS**

The defendant seeks yet another extension, ECF No. 150, this time of the deadline for filing replies in support of his motions to dismiss the indictment (ECF Nos. 113, 114, 116), to strike allegedly inflammatory allegations (ECF No. 115), and to stay the proceedings pending resolution of his presidential immunity claim (ECF No. 128).  The Court should deny the defendant's latest attempt at delay.

The defendant's motion does not establish good cause for any of his requested extensions.[1] He claims past diligence when his repeated prior extension requests suggest otherwise.  He mentions that the Government filed "an oversized, 64-page omnibus response" to his 65 pages' worth of motions to dismiss based on constitutional and statutory grounds, wrongly implying that the Government's single, organized opposition imposes some greater burden on him than the two separate 45-page filings the Government was entitled to file under the Local Rules.  And he

---

[1] Regarding the defendant's reply in support of his motion to strike, the defendant seeks an extension until Wednesday, November 15 (ECF No. 150 at 1).  Although the Government did not realize it when it indicated to defense counsel that it opposes his extension motion, the defendant's reply is not due until Thursday, November 16.  *See* ECF No. 82 at 6 (Court's scheduling order making the defendant's reply due "within ten days" of the Government's filing of its opposition brief on Monday, November 6).  The Court should thus deny this requested extension as moot.

suggests he needs more time because he is appealing this Court's appropriate Rule 57.7 order, but the defendant should not be permitted to derail the pretrial schedule by pointing to the rapid appellate consideration few other defendants enjoy. In any event, the defendant is represented in his appeal by three additional counsel apparently retained just for that purpose, *see* No. 23-3190 (D.C. Cir.); there is no reason that his separate counsel of record here cannot meet this Court's deadlines while his appellate attorneys prepare for oral argument.

More fundamentally, the defendant's latest extension motion risks preventing the completion of briefing on the defendant's constitutional and statutory claims, including his double jeopardy claim (ECF No. 113 at 18-24), which the Government has explained (ECF No. 142) should be decided promptly and in conjunction with the defendant's presidential immunity claim. His motion should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JACK SMITH<br>Special Counsel |
| By: | */s/ Molly Gaston*<br>Molly Gaston<br>Thomas P. Windom<br>Senior Assistant Special Counsels<br>950 Pennsylvania Avenue NW<br>Room B-206<br>Washington, D.C. 20530 |