UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Criminal Action No. 23-257 (TSC) |

**OPINION AND ORDER**

Defendant has filed a Motion to Strike Inflammatory Allegations from the Indictment. ECF No. 115 ("Motion"). The Motion asks the court to strike paragraphs 10(d) and 105–13 of the indictment. *Id.* at 1. Those paragraphs allege that on January 6, 2021, "Defendant and co-conspirators repeated knowingly false claims of election fraud to gathered supporters, falsely told them that the Vice President had the authority to and might alter the election results, and directed them to the Capitol to obstruct the certification proceeding and exert pressure on the Vice President to take the fraudulent actions he had previously refused," and that after the supporters "broke through barriers cordoning off the Capitol grounds," "violently attack[ed] law enforcement officers," and "breached the building," Defendant "refused" to "issue a calming message aimed at the rioters" and instead "issued a Tweet intended to further delay and obstruct the certification," attacking Mike Pence for failing to halt the certification proceedings. Indictment, ECF No. 1, ¶¶ 10(d), 107, 110–11. The court will DENY Defendant's Motion.

Federal Rule of Criminal Procedure 7(d) provides that a "court may strike surplusage from the indictment or information" upon a defendant's motion. That rule "has been strictly construed against striking surplusage," *United States v. Jordan,* 626 F.2d 928, 930 n.1 (D.C. Cir. 1980), so motions like Defendant's "are highly disfavored in this Circuit," *United States v. Watt*,

911 F. Supp. 538, 554 (D.D.C. 1995). They "should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998) (quotation omitted). If an allegation is relevant, or is not inflammatory and prejudicial, the motion should be denied. *See United States v. Hedgepeth*, 434 F.3d 609, 612–13 (3d Cir. 2006); *United States v. Trie*, 21 F. Supp. 2d 7, 20 (D.D.C. 1998).

Regardless of whether the allegations at issue are relevant, Defendant has not satisfied his burden to clearly show that they are prejudicial. He argues that sharing the allegations with the jury may result in prejudice at his trial "because members of the jury may wrongfully impute fault to [him]" for "the actions at the Capitol on January 6." Motion at 5; *see also id.* at 4 (arguing that "the jury might decline to give defendants the benefit of reasonable doubt due to extraneous allegations"). But consistent with its past practice, this court will not provide a copy of the indictment to jurors, eliminating that source of potential prejudice. *Compare Trie*, 21 F. Supp. 2d at 19 ("Since it is the practice of this Court to provide a copy of the indictment to the jury in all cases, there is the possibility of prejudice" resulting from irrelevant, inflammatory allegations.), *with Hedgepeth*, 434 F.3d at 613 (The "indictment was neither shown nor read to the jury and . . . could not have prejudiced its deliberations."); *see also United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) ("[T]he district court carefully prevented the jury from being prejudiced by the challenged allegations by providing the jury with only a summary of the indictment that did not include references to the [allegations at issue].").

Defendant's sixteen-page Reply In Support of the Motion, despite making numerous inflammatory and unsupported accusations of its own, *see, e.g.*, ECF No. 156 at 7 ("President Biden directed the Department of Justice to prosecute his leading opponent for the presidency

through a calculated leak to the New York Times."), devotes only a single paragraph to the prejudice requirement. His sole argument is that even if the jury does not receive a copy of the indictment, "[v]oluminous evidence exists here that the jury pool has been, and continues to be, exposed to the Indictment and its inflammatory and prejudicial allegations, through media coverage relating to the case." *Id.* at 16. But Defendant fails to cite even one example of that evidence. In any event, the *voir dire* process will allow the court to examine and address the effects that pretrial publicity, including any generated by Defendant, has had on the impartiality of potential jurors. When trial begins, the court will also take steps to screen from the jury any irrelevant and prejudicial material that either party seeks to introduce. Moreover, before the jurors deliberate, the court will instruct them on the actual charges and the evidence they may consider in their deliberations. *See United States v. Empire Bulkers Ltd.*, 583 F. Supp. 3d 746, 760 (E.D. La. 2022) (providing that jury instructions would "make clear to [jurors] what defendants are actually charged with" and "the verdict form will not ask the jury to consider issues for which defendants have not been charged"). This too will prevent "potential prejudice from the alleged surplusage." *Id.*

For these reasons, Defendant's Motion to Strike Inflammatory Allegations from the Indictment, ECF No. 115, is hereby DENIED.

Date: November 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge