# EXHIBIT E

(Redacted)



**U.S. Department of Justice**

Special Counsel's Office

---

November 3, 2023

Todd Blanche, Esq. (*via email*: toddblanche@blanchelaw.com)
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005

John Lauro, Esq. (*via email:* jlauro@laurosinger.com)
Lauro and Singer
Bank of America Plaza
101 Kennedy Boulevard, Suite 3100
Tampa, FL 33602

      Re:    *United States v. Donald J. Trump*, Case No. 23-cr-257 (TSC)

Dear Counsel:

      We write in response to your discovery letter dated October 23, 2023, in which you make 79 "discrete requests" for discovery.

      As an initial matter, we previously rejected the definition of "prosecution team" you attempted to impose in your October 15 discovery letter. Please see our October 24 discovery letter for more information.

      The vast majority of the expansive requests in your October 23 letter are deficient. Many of your requests seek information that exceeds the scope of the Government's discovery obligations and/or is not within the possession of the prosecution team. Other requests seek information that already has been produced, as reflected in the detailed Source Logs accompanying each of our productions and as would be evident from keyword searches of those productions. Some requests are too vague for us to discern with particularity what you are requesting. Still other requests follow up on documents that we produced in excess of our discovery obligations. To the extent that we produce or have produced information that is responsive to your discovery requests, that production does not imply that we concede the information's discoverability or obligate us to make any additional productions that exceed our existing discovery obligations.

      Notwithstanding the above, to the extent that the following requests call for information that is discoverable and in the possession of the prosecution team, we have produced that information already or will produce it consistent with the Court's scheduling order: Requests 1-7, 8a, 8c-8L, 9-13, 15-18, 21, 22, 24-27, 29, 32a, 34-36, 37a, 37b, 38, 39, 41, 43, 45, 46a, 46b, 47, and 49-53.

      Furthermore, we seek additional information in an effort to better understand some of your requests. In particular, the following requests do not appear to call for the production of material

to which the defense is entitled: Requests 8b, 19, 20, 28-30, 31a-31e, 32b-32d, 33, 40, 42-44, 48, 54, 55, 58, and 59.  Please explain the defense's theory of discoverability.  And the following requests are so vague that we are not sure exactly what you seek: Requests 14 and 23.  Please clarify your requests.

In order to assist your review of prior discovery productions or further explain our positions on certain specific requests, below we provide additional information using the numbering from your letter.  The Bates numbers identified below are examples of ranges that contain documents responsive to your requests; they are not an exhaustive list of where in the productions responsive material may be located.

4. 

5.

8a.

8f.

8j.

13. Pursuant to the scheduling order, the parties will provide exhibit lists on December 18, 2023.  *See* ECF No. 39 ¶ 8.

17. 

24.

27. As noted in the August 11, 2023, cover letter, our first discovery production "contains transcripts and exhibits from witness testimony presented to a grand jury in the District of Columbia through Tuesday, August 1, 2023." Appended to that cover letter, as Attachment A, was a Source Log, which in the first line noted that the grand jury transcripts and exhibits were located at SCO-00000001-00032167. Subsequent Source Logs explained where in follow-on productions additional grand jury transcripts and exhibits are located. *See, e.g.*, SCO-11630429, produced Aug. 19, 2023; SCO-12811118, produced Sept. 22, 2023. Further, our October 13, 2023, response to your October 4, 2023, letter included a Supplemental Source Log for Production 1A, which further delineated, within the range above, the specific ranges for the transcripts and exhibits of the grand jury witnesses.

29.

32a.

34.



35. The document at Bates number SCO-04798357 was obtained from the hard copy files, in storage, of the Office of the Attorney General in the prior administration.

37b. The defendant was party to five miscellaneous matters regarding assertion of the executive privilege. Attachments to filings in those five matters included letters from the incumbent White House declining to invoke executive privilege over certain witness testimony. The defendant already has these materials.

41.

42. Please see our opposition to your motion regarding Rule 17(c) subpoenas, at ECF No. 119.

43. With the exception of the materials described above in our response to Request 37(b), your request does not appear to call for the production of material to which the defense is entitled. Please explain the defense's theory of discoverability.

46a.





46b.

47.

49.

50.     You appear to be requesting *Giglio* information. To the extent we have not already provided it, we will comply with the *Giglio* deadline set in the scheduling order. *See* ECF No. 39 ¶ 6.

51.     You appear to be requesting *Giglio* information. To the extent we have not already provided it, we will comply with the *Giglio* deadline set in the scheduling order. *See* ECF No. 39 ¶ 6.

52.     You appear to be requesting *Giglio* information. To the extent we have not already provided it, we will comply with the *Giglio* deadline set in the scheduling order. *See* ECF No. 39 ¶ 6.



53.

56.     You request an explanation and an unredacted copy of every redacted document in discovery. Certain original files were redacted or modified, for example, to remove irrelevant information, to redact Social Security numbers, or by the filter team. Sometimes, we received documents already containing redactions. If you have a question about a particular redaction, please identify the Bates number for that document so that we may further consider your request.

57.     Certain original files were redacted or modified, for example, to remove irrelevant information, to redact Social Security numbers, or by the filter team. In addition, to the extent that

we were aware that loading an item into a review platform might alter the item's content, we provided that item in native format. If you have a question as to whether a particular document was "edited or altered from their original content or format," please identify the Bates number for that document so that we may further consider your request.

58. The Government has proceeded consistently with the provisions of the Justice Manual. In any event, the Justice Manual does not create rights for criminal defendants. *See* Justice Manual § 1-1.200 ("The Justice Manual provides internal DOJ guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal.").

59. We understand our discovery obligations and will comply with them.

We stand ready to confer with you or answer further questions. Please do not hesitate to contact us.

Respectfully,

JACK L. SMITH
Special Counsel

/s/ Thomas P. Windom
Thomas P. Windom
Molly Gaston
Senior Assistant Special Counsels