IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO STAY PROCEEDINGS PENDING APPEAL**

The Court should deny the defendant's request for an order staying "all district court proceedings" while his interlocutory appeal is pending. ECF No. 178 at 1. The defendant incorrectly suggests that such an order would simply memorialize the automatic divestiture rule of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982) (per curiam). But under *Griggs*, a notice of appeal divests the district court only "of control over those aspects of the case involved in the appeal." *Id*. at 58. During the pendency of the appeal, any number of matters could arise in this case that are not involved in the appeal; the Court should not enter an order preventing it from handling them. Furthermore, the Court should maintain the March 4 trial date. *See United States v. Jefferson*, No. 07-cr-209, Minute Entry, ECF No. 200 (E.D. Va. June 13, 2008) (determining it was "appropriate as a matter of prudence" during interlocutory appeal "to schedule a trial date so that the Court and parties may make appropriate plans"). To help ensure that trial proceeds promptly if the Court's order is affirmed, during the pendency of the defendant's appeal, the Government will meet every pretrial deadline the Court has set for it. Then, as soon as the mandate returns, the Court can promptly resolve any remaining issues and start trial.

The *Griggs* divestiture rule applies automatically upon the filing of a notice of appeal, obviating the need for a separate stay order. And the stay order the defendant seeks—to stay "all

district court proceedings," ECF No. 178 at 1—goes far beyond the *Griggs* rule.  *See* 559 U.S. at 58 (appeal divests district court of jurisdiction "over those aspects of the case involved in the appeal").  The Court should not assume at this juncture that no issue can arise that is not involved in the appeal.  For example, the Circuit recently returned the mandate on the Court's Rule 57.7 order regarding extrajudicial statements, and the Court has jurisdiction to administer that order.  Likewise, nothing about the defendant's appeal prevents the Court from continuing to enforce—including, if necessary, by ordering briefing or holding hearings—the protective orders governing discovery (ECF Nos. 28 and 37) and the order imposing conditions of release on the defendant (ECF No. 13).

In addition, while the appeal is pending, the Court can make headway on the motions already before it, including the defendant's motions to dismiss based on statutory grounds and selective and vindictive prosecution.  The Court can and should properly deny these motions under Federal Rule of Criminal Procedure 37, which provides that a district court retains the authority to deny pending motions that it otherwise "lacks authority to grant because of an appeal that has been docketed and is pending."  Fed. R. Crim. P. 37(a)(2).  Similarly, if the defendant initiates certain litigation—as he has done by filing his stay motion—the Court can take it up and resolve it.  *See, e.g.*, *Jefferson*, ECF No. 199 (hearing on several motions filed by the defendant while defendant's Speech or Debate interlocutory appeal was pending); *United States v. McDade*, No. 92-cr-249, 1994 WL 161243, at *1 (E.D. Pa. Apr. 15, 1994) (resolving defendant's motion for issuance of deposition subpoenas while his interlocutory appeal of the denial of his motion to dismiss on Speech or Debate grounds was pending).

For its part, in light of the public's strong interest in a prompt trial, the Government will seek to ensure that trial proceeds as scheduled.  In particular, the Government will continue to

meet all of its deadlines in the Court's pretrial schedule, ECF No. 39.  This means that, while the appeal is pending, although the defendant will not be subjected to the "burdens of litigation," ECF No. 178 at 5, the Government will continue to shoulder its own burden.  Accordingly, the Government will provide the defendant and the Court with any notice required by the pretrial schedule, and more—including, depending on the length of the appellate process, the Government's exhibit list, motions in limine, and other pleadings pertaining to the Government's trial presentation.  Any filings the Government makes according to this Court's schedule while the appeal is pending can then be promptly litigated if the Court's order is affirmed and the mandate is returned.

To the extent that the defendant is seeking a stay, pending his appeal, of matters implicating "those aspects of the case involved in the appeal," *Griggs*, 559 U.S. at 58, the Court should deny his motion as unnecessary and duplicative; that divestiture occurred when the defendant filed his notice of appeal.  Otherwise, the Court should decline to issue an order that would prevent it from resolving pending motions or handling aspects of this case unrelated to the appeal.

Respectfully submitted,

JACK SMITH
Special Counsel

By:    */s/ Molly Gaston*
Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530