UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Criminal Action No. 23-257 (TSC) |

**OPINION AND ORDER**

On December 4, 2023, the court issued a Memorandum Opinion and Order denying Defendant's motions to dismiss based on Presidential immunity and constitutional grounds. ECF Nos. 171, 172. Defendant has appealed that decision, ECF No. 177, and filed a Motion to Stay Proceedings Pending Appeal, ECF No. 178 ("Motion"). For the reasons set forth below, the court will GRANT in part and DENY in part Defendant's Motion.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 739–44 (2023), the Supreme Court applied the *Griggs* principle to an interlocutory appeal of the denial of a motion to compel arbitration, holding that any further proceedings before the district court must automatically be stayed. The Court reasoned that because "whether the litigation may go forward in the district court is precisely what the court of appeals must decide[,] . . . it makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." *Id.* at 741 (quotations omitted). And the Court analogized its holding to similar decisions in the context of appeals involving immunity and double jeopardy. *Id.* at 742.

As the D.C. Circuit recently made clear, a former President's absolute immunity would constitute "an entitlement not to stand trial or face the other burdens of litigation," such as discovery obligations. *Blassingame v. Trump*, No. 22-5069, 2023 WL 8291481, at *22 (D.C. Cir. Dec. 1, 2023) (citation omitted). Thus, because Defendant has appealed this court's denial of that immunity, "whether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Coinbase*, 599 U.S. at 741 (quotation omitted). Consequently, the court agrees with both parties that Defendant's appeal automatically stays any further proceedings that would move this case towards trial or impose additional burdens of litigation on Defendant. Motion at 1; Gvt.'s Opp'n to Def.'s Mot. to Stay Proceedings Pending Appeal at 3, ECF No. 182. Accordingly, and for clarity, the court hereby STAYS the deadlines and proceedings scheduled by its Pretrial Order, as amended. *See* ECF No. 39; *see also* Def.'s Reply in Supp. of Mot. to Stay Proceedings Pending Appeal at 3, ECF No. 185 ("Reply").

The court emphasizes two limits on that stay. First, as Defendant notes, the stayed deadlines and proceedings are "held in abeyance," Motion at 1, rather than permanently vacated. If jurisdiction is returned to this court, it will—consistent with its duty to ensure both a speedy trial and fairness for all parties—consider at that time whether to retain or continue the dates of any still-future deadlines and proceedings, including the trial scheduled for March 4, 2024.

Second, the court does not understand the required stay of further proceedings to divest it of jurisdiction to enforce the measures it has already imposed to safeguard the integrity of these proceedings, including: Defendant's conditions of release, ECF No. 13; the protective orders governing discovery materials, ECF No. 28, 37; the restrictions on extrajudicial statements, ECF No. 105, as modified by the D.C. Circuit's decision in *United States v. Trump*, No. 23-3190, 2023 WL 8517991, at *28 (D.C. Cir. Dec. 8, 2023); and protective jury procedures, ECF No.

130. Unlike, for example, requiring additional discovery or briefing, maintaining those measures does not advance the case towards trial or impose burdens of litigation on Defendant beyond those he already carries. And if a criminal defendant could bypass those critical safeguards merely by asserting immunity and then appealing its denial, then during the appeal's pendency, the defendant could irreparably harm any future proceedings and their participants.

That said, there is little precedent guiding the application of *Griggs* to such protective measures. The Ninth Circuit, at least, has transferred a "motion to enforce" a "protective order" back to the district court, even though the Circuit had taken "jurisdiction over the merits of the decision below, including the judgment," reasoning that "the district court has not been divested of its jurisdiction over ancillary matters, such as protective orders." *Perry v. City & Cnty. of S.F.*, No. 10-16696, 2011 WL 2419868, at *1 (9th Cir. Apr. 27, 2011) (citing, among others, *Griggs*, 459 U.S. at 58). But the parties have not identified—and the court is not aware of—any guiding precedent in this Circuit on that issue, much less instructive cases in the context of an interlocutory immunity appeal. In addition, Defendant does not appear to argue that the protective measures are themselves stayed. *See* Reply at 3. Nonetheless, if he asks the court reviewing his immunity appeal to also take temporary jurisdiction over the enforcement of those measures, and that court agrees to do so, this court of course will be bound by that decision.

Date: December 13, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge