IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DONALD J. TRUMP,<br>    *Defendant*. | Case No. 1:23-cr-00257-TSC |

**RESPONSE TO**
**NOTICE OF SERVICE**

Ex. A

# LAURO & SINGER
FLORIDA ◆ NEW YORK

**FLORIDA**
400 N. Tampa Street
15th Floor
Tampa, Florida 33602
P. 813.222.8990
F. 813.222.8991

1101 Brickell Avenue
South Tower, 8th Floor
Miami, FL 33131
P. 813.222.8990

**NEW YORK**
250 E. 53rd Street
Suite 1701
New York, New York 10022
P. 646.746.8659

WWW.LAUROSINGER.COM

**VIA EMAIL (TPW@usdoj.gov, MGG@usdoj.gov)**

December 18, 2023

Thomas Windom, Esq.
Molly Gaston, Esq.
Senior Assistant Special Counsel
United States Department of Justice

  RE:   *United States v. Donald J. Trump*, Case No. 23-cr-257 (TSC)

Dear Thomas and Molly:

I write on behalf of the defense team in response to: (1) your production letter, dated December 17, 2023 (the "Production Letter"), which purports to produce additional discovery to us, and (2) your December 18, 2023, production of a purported "Draft Exhibit List." Both of these productions violate the Court's December 13, 2023, order staying this case. Doc. 186 (the "Stay Order"). Accordingly, we do not accept the productions and will not review them. We ask that you refrain from all further attempts to impose litigation burdens on us, including through discovery or other submissions, until and unless the Court lifts the Stay Order.

As you know, on December 1, 2023, the Court entered a Memorandum Opinion and Order, Docs. 171, 172, denying President Trump's motions to dismiss on, *inter alia*, constitutional and immunity grounds, Docs. 74, 113. Thereafter, President Trump timely noticed an appeal, Doc. 177, and moved for a stay of all district Court proceedings, Doc. 178 (the "Stay Motion").

As set forth in our Stay Motion and Reply, Doc. 185, "the entire case is essentially "involved in the appeal,"" and therefore, the entire case must be stayed. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)); *see also id*. at 738 (where the entire case is involved in the appeal, "the district court must stay its pre-trial and trial proceedings").

Additionally, we explained that President Trump's immunity and double jeopardy arguments relieve him of the "burdens of litigation" until the appeal is resolved. *Blassingame v. Trump*, No. 22-5069, 2023 WL 8291481, at *22 (D.C. Cir. Dec. 1, 2023). These burdens include discovery. *Id*. ("And as we have made clear, '[d]iscovery is itself one of the burdens from which defendants are sheltered' by official immunity." (quoting *Martin v. D.C. Metro. Police Dep't,* 812 F.2d 1425, 1430 (D.C. Cir. 1987)).

The prosecution conceded this point, but nonetheless suggested it could continue litigating against President Trump *in absentia*. Doc. 182 at 3 ("[W]hile the appeal is pending, although the defendant will not be subjected to the "burdens of litigation," ECF No. 178 at 5, the Government will continue to shoulder its own burden.").

Specifically, the prosecution suggested, without support, that it could continue moving the case toward trial in President Trump's absence by "provid[ing] [him] and the Court with any notice required by the pretrial schedule, and more—including, depending on the length of the appellate process, the Government's exhibit list, motions in limine, and other pleadings pertaining to the Government's trial presentation." *Id*.

The prosecution did not cite any authority that would allow this kind of continued litigation or discovery, and none exists. Accordingly, the Court did not adopt the prosecution's proposal, but instead "stay[ed] **any** further proceedings that would move this case towards trial or impose additional burdens of litigation on Defendant." Stay Order at 2 (emphasis added).

The Court provided only "two limits on th[is] stay," stating that: (1) "the stayed deadlines and proceedings are 'held in abeyance,' Motion at 1, rather than permanently vacated," and (2) "the court does not understand the required stay of further proceedings to divest it of jurisdiction to enforce the measures it has already imposed to safeguard the integrity of these Proceedings." *Id*.

In reaching these conclusions, the Court specifically distinguished between the above categories, which it held do "not advance the case towards trial or impose burdens of litigation on Defendant beyond those he already carries," and "additional discovery or briefing," which do impose such burdens. *Id*. at 3.[1]

Thus, there is no question that your present discovery and draft exhibit list productions, and any future productions, are "proceeding[s]" that violate the Stay Order by advancing the case "towards trial" and "impos[ing] additional burdens of litigation" on President Trump. *Id*. at 2. Indeed, the prosecution admits as much in its filing this evening, which states it produced the draft exhibit list "to help ensure the trial proceeds promptly if and when the mandate returns." Doc. 188. Both the Stay Order and binding precedent forbid these unlawful actions.

Although the prosecution may wish to rush this case to an early and unconstitutional trial in hopes of undermining President Trump's commanding lead in the upcoming Presidential election, it must nonetheless abide by the Stay Order. As such, we will not accept or review the present production, or any additional productions, until and unless the Court lifts the Stay Order. If the prosecution continues to violate the Stay Order, we will seek appropriate relief.

Finally, we note that, based on the Production Letter, the prosecution possessed at least some of the identified materials before filing the indictment. To the extent the prosecution withheld such materials for strategic or other improper purposes, we will address this issue with the Court in the event the Stay Order is one day lifted.

*[signature: John Lauro]*

John F. Lauro
JFL/gms

cc:   Maria K. Vento (MKV@usdoj.gov)
      Todd Blanche (toddblanche@blanchelaw.com)

---

[1] President Trump does not concede that litigation within the Court's carveouts would be appropriate under applicable law and will address that issue if and when necessary.