IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v.        * | CRIMINAL NO. 23-cr-257 (TSC) |
| * | |
| DONALD J. TRUMP,   * | |
| * | |
| Defendant.    * | |
| * | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE**

The defendant claims that the Government intentionally violated the Court's stay order, and promoted a political agenda, by fulfilling its continuing discovery obligations and voluntarily complying with otherwise suspended deadlines. That is false. The Government has not violated—and never intentionally would violate—an order of the Court, and the defendant's recycled allegations of partisanship and prosecutorial misconduct remain baseless. The defendant's motion for an order to show cause should be denied.

*    *    *

On December 13, 2023, the Court issued an order explaining that the defendant's pending interlocutory appeal "automatically stays any further proceedings that would move this case towards trial or impose additional burdens of litigation on Defendant," and, "for clarity," stayed "the deadlines and proceedings scheduled by its Pretrial Order, as amended." ECF No. 186 at 2. The Government does not understand that order to prohibit either party from voluntarily complying with the Pretrial Order or to countermand the Government's "continuing duty to disclose" discovery under Federal Rule of Criminal Procedure 16(c). *See also* ECF No. 39 ¶ 6 ("'the duty to disclose is ongoing.'").

Before the stay order was issued, in a pleading acknowledging that the defendant's interlocutory appeal automatically stayed certain aspects of the case, the Government informed the Court and the defendant that, during the appeal's pendency, the Government would voluntarily comply with the adjourned deadlines "[t]o help ensure that trial proceeds promptly if the Court's order is affirmed." ECF No. 182 at 1. Because the Court's subsequent stay order did not forbid this, the Government did what it said it would do: on December 17, it provided the defendant additional discovery; on December 18, it disclosed a Draft Exhibit List, ECF No. 188; and on December 27, it filed a motion in limine to exclude certain impermissible evidence, ECF No. 191.

The Government's steps impose no requirements on the defendant. He has made clear that he does not intend to review the discovery or Draft Exhibit List, *see* ECF No. 189-1 at 1 ("we do not accept the productions and will not review them"), and the Government has noted that he is not obliged to respond to the motion in limine at this time, *see* ECF No. 191 at 1 n.1 (explaining that the Government was filing the motion early "to promote the prompt resumption of the pretrial schedule if and when the mandate returns"). Because the Government's actions require no response from the defendant, they do not "advance the case towards trial or impose burdens of litigation on Defendant," ECF No. 186 at 3, and thus do not violate the stay order. The defendant's argument to the contrary, ECF No. 192 at 4, misses the operative word in the Court's order: that "*requiring* additional discovery or briefing" are the types of measures that would run contrary to the automatic stay, ECF No. 186 at 3 (emphasis added). But nothing here requires any action by the defendant, and he fails to explain how the mere receipt of discovery materials that he is not obligated to review, or the early filing of Government pleadings to which he does not yet need to respond, possibly burdens him.

The defendant falsely paints the Government's voluntary compliance with the motion in limine deadline as an effort to spread "political talking points" and effectively try him *in absentia*. ECF No. 192 at 3-4, 6-7; *see also* ECF No. 185 at 5-6 (arguing the same in reply brief to his stay motion). Not so. The defendant's misconduct allegation, to which the Government has responded in its opposition to the defendant's selective and vindictive prosecution motion, ECF No. 141, is baseless and merits no further response. And the motion in limine itself addresses topics that the defendant has explicitly and implicitly indicated, through public statements or filings, he is likely to raise at trial. ECF No. 191 at 4 n.2.

The Court has held that there is a substantial public interest in the fair and prompt resolution of this case. *See, e.g.*, ECF No. 38 at 6 ("[a]mong other things, the public has an interest in the fair and timely administration of justice"); ECF No. 171 at 20 ("the public interest in the prosecution of this case carries grave weight"). That is why the Government intends to comply with its continuing discovery obligations and to voluntarily satisfy the remaining deadlines in the Pretrial Order, including by disclosing its witness list to the defendant on February 19—without any expectation of reciprocation by, or "additional burdens" on, the defendant. This will position the parties and the Court, if and when the mandate is returned, to resume the pretrial schedule.

For these reasons, the defendant's motion for an order to show cause should be denied.

Respectfully submitted,

JACK SMITH
Special Counsel

By:   /s/Thomas P. Windom
Thomas P. Windom
Molly Gaston
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530