IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**JOINT STATUS REPORT**

On August 9, 2024, the Court issued an order scheduling a status conference for September 5 and directing the parties to file by August 30 a joint status report that proposes a schedule for pretrial proceedings moving forward. *See* Minute Order, Aug. 9, 2024. The parties have conferred and set forth their positions below, jointly where possible.

**Joint Position**

The parties recognize the types of motions and briefing anticipated in pre-trial proceedings but have differing views on how the Court should schedule these matters and the manner in which they are to be conducted.

The parties believe the speedy trial deadline continues to be tolled because of at least one pending motion. *See* 18 U.S.C. § 3161(h)(1)(d). For docket clarity, the parties ask the Court to issue an order excluding time from the date the mandate returned (August 2) through the deadline the Court sets for the filing of any motions.

**Government's Position**

The Court has indicated that it intends to conduct its determinations related to immunity first and foremost. *See, e.g.*, ECF No. 197 (Order denying without prejudice the defendant's motion to dismiss the previous indictment on statutory grounds and specifying that he "may file a

renewed motion once all issues of immunity have been resolved"). The Government agrees with this approach, both because the Supreme Court directed such a process on remand, *see Trump v. United States*, 144 S. Ct. 2312, 2340 (2024), and because the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (internal citations omitted). To that end, the Government proposes below a procedure by which the Court can schedule briefing and consider the parties' positions on whether any categories of material in the superseding indictment or that the Government plans to use at trial implicate immunity. To the extent that the Court considers the defendant's other planned motions, the Government proposes that the briefing schedule for those run parallel with the schedule for immunity briefing. Below, the Government provides more detail on these positions.

- Immunity Determinations. The Court's decisions on how to manage its docket are firmly within its discretion. *See, e.g.*, *In re: Sealed Case*, 77 F.4th 815, 832 (D.C. Cir. 2023); *United States v. Fitzsimons*, 605 F. Supp. 3d 92, 96 (D.D.C. 2022) (explaining that district courts may allow for pretrial evidentiary motions based on their "inherent authority to manage the course of trials") (cleaned up). To allow the Court to undertake the "factbound analysis" that the Supreme Court prescribed on remand, the Government proposes that it file an opening brief in which it will explain why the immunity set forth in *Trump* does not apply to the categories of allegations in the superseding indictment or additional unpled categories of evidence that the Government intends to introduce at trial and will proffer in its brief. The Government's proposed brief would provide the defendant and the Court with detailed information regarding the "content, form, and context," *see Trump*, 144 S. Ct. at 2340, of the defendant's conduct, distinguish his private electioneering activity from official action, and rebut the presumption of immunity as to any conduct that the Court may deem official. Such a brief would position the defendant, in his response, to oppose the Government's positions and raise any other immunity claims based on the superseding indictment and additional evidence set forth in the Government's pleading. After the Government's reply, the Court can assess the parties' arguments on that record and conduct any further proceedings it deems necessary to resolve immunity issues.

    The defendant also intends to file a motion to dismiss the superseding indictment on the basis that the grand jury that returned it was exposed to immunized conduct. Because consideration of that motion would require the Court in the first instance to make the very determinations described above, the Government believes that the Court should consider

the defendant's grand jury claim only after conducting the fact- and context-specific analysis of whether the superseding indictment contains immunized conduct. To do otherwise would be inefficient for this Court because it would entail successive rounds of immunity determinations and would pose the risk of multiple rounds of interlocutory appellate review, one after each set of the Court's immunity determinations.

The Government is prepared to file its opening immunity brief promptly at any time the Court deems appropriate.

- <u>Other Motions</u>. The defendant plans to file additional motions to dismiss. The Court has indicated that it will conduct its immunity determinations before resolving other issues. *See, e.g.*, ECF No. 197. The Government notes that it may promote judicial economy for the Court to schedule briefing of all other Rule 12 motions concurrent with the immunity litigation. That way, all motions will be fully briefed, and the Court can later determine when to take them under consideration. If the Court sets a deadline for the defendant's other Rule 12 motions, the Government requests that the Court set the same date for the defendant's opening briefs as for the Government's opening immunity brief, followed by parallel opposition and reply deadlines.

The defendant's proposed schedule also contemplates a separate deadline and motions practice regarding discovery. The Government does not see a reason to delay immunity determinations and other pretrial litigation to separately address the defense's pending or proposed discovery motions.

**<u>Defense's Position</u>**

**A.    Proposed Schedule**

The Defense proposes the following schedule, which addresses matters raised by the Supreme Court in *Trump v. United States*, 144 S. Ct. 2312, 2325 (2024):

| Date | Deadline |
|---|---|
| September 30, 2024 | Deadline for Special Counsel disclosures pursuant to *Brady*, Rule 16(a)(1)(E)(i), and Local Rule 5.1 regarding Presidential immunity. |
| October 25, 2024 | Motion concerning the Special Counsel's improper appointment and use of non-appropriated funds due |

|  | ("A/A Motion"). |
|---|---|
| November 8, 2024 | Special Counsel's opposition to A/A Motion due. |
| November 15, 2024 | President Trump's reply in support of A/A Motion due. |
| Week of December 2, 2024 | Hearing regarding A/A Motion. |
| December 13, 2024 | Defense motion to dismiss based on Presidential immunity due.<br><br>Defense supplement to statutory motion to dismiss based on *Fischer v. United States*, 144 S. Ct. 2176 (2024) due.<br><br>Defense motion to compel immunity discovery due. President Trump may separately identify which aspects of his pending Motion to Compel, Doc. 167 and classified supplement, relate to immunity and should be resolved.<br><br>Defense reply in support of Motion for an Order Regarding Scope of the Prosecution Team, Doc. 166-1, due. |
| January 3, 2025 | Special Counsel's responses to Defense motions to dismiss and compel due. |
| January 24, 2025 | Defense replies in support of motions to dismiss and compel due. |
| Week of January 27, 2025 | Non-evidentiary hearing regarding motions to dismiss and compel. |
| Spring – Fall 2025 | Additional proceedings, if necessary. |

**B.     Rationale For Schedule**

The Special Counsel has returned a superseding indictment that includes substantial changes to its prior allegations. Doc. 226 (the "Superseding Indictment"). President Trump correspondingly requires time to review the new charging instrument as he determines what steps and procedures to undertake regarding, among other motions, his Presidential immunity defense.

President Trump holds the right to challenge the new indictment, and the underlying grand jury process, as a matter of law. Fed. R. Crim. P. 12(b)(1), (3)(A)(v). Ordinary order is for such challenges to occur before substantive proceedings, as doing so will promote judicial economy and avoid needless litigation on matters that should be rendered moot by dismissal. *See Trump*, 144 S. Ct. at 2346 (courts should employ the "time-tested practice[] [of] deciding what is necessary to dispose of a case" based on "threshold question[s]," if possible). Here, President Trump is considering several challenges to the Superseding Indictment, each of which should be resolved in his favor as a matter of law and would obviate the need for further proceedings.

As a threshold matter, President Trump will move to dismiss the Special Counsel's improper appointment and use of non-appropriated funds—issues that a Supreme Court justice describes as "serious questions" that "must be answered before this prosecution can proceed" *Trump*, 144 S. Ct. at 2351 (Thomas, J., concurring), and which a District Court has found dispositive, *United States v. Trump*, No. 23-80101-CR, 2024 WL 3404555, at *47 (S.D. Fla. July 15, 2024).

In addition, while continuing to strongly maintain that many classes of conduct alleged in the Superseding Indictment are immune—including, but not limited to, Tweets and public statements about the federal 2020 Presidential election, communications with state officials about the federal election, and allegations relating to alternate slates of electors—President Trump may

file a motion to dismiss focused specifically on the Special Counsel's improper use of allegations related to Vice President Pence, along with other potential key threshold motions. Namely, in *Trump*, the Supreme Court held that President Trump is "at least presumptively immune from prosecution for" all alleged efforts "to pressure the Vice President to take particular acts in connection with his role at the certification proceeding." *Trump v. United State*s, 144 S. Ct. 2312, 2336 (2024). These same allegations are foundational to the Superseding Indictment and each of its four counts. *See* Doc. 226 at ¶¶ 5, 9(b), 11(c)-(d), 14, 51(b), 55, 67–90, 99–100. If the Court determines, as it should, that the Special Counsel cannot rebut the presumption that these acts are immune, binding law requires that the entire indictment be dismissed because the grand jury considered immunized evidence. *Trump*, 144 S. Ct. 2312, 2340 (2024) ("Presidents . . . cannot be indicted based on conduct for which they are immune from prosecution.").

The Special Counsel's inability to rebut the presumption as to Pence is dispositive to this case. The special counsel will be unable to do so as a matter of law, thus rendering the remainder of the case moot. *Trump*, 144 S. Ct. 2312, 2337 (2024) ("We therefore remand to the District Court to assess in the first instance, with appropriate *input* from the parties, whether a prosecution involving Trump's alleged attempts to influence the Vice President's oversight of the certification proceeding in his capacity as President of the Senate would pose any dangers of intrusion on the authority and functions of the Executive Branch." (emphasis added)).

Further, President Trump may move to dismiss based on the Supreme Court's decision in *Fischer*, which narrowed the ambit of obstruction-related charges under 18 U.S.C. §§ 1512(c)(2), 2 and (k). The Supreme Court directed that the Court "determine in the *first instance* whether the Section 1512(c)(2) charges may proceed in light of [the Supreme Court's] decision in *Fischer*." *Trump*, 144 S. Ct. 2325 n.1. Accordingly, it is necessary to address and resolve this issue as a

matter of law. *Id*.

Fully considering, researching, briefing, and resolving each of these potential motions will take considerable time and resources, commensurate with their "unprecedented and momentous" importance. *Trump*, 144 S. Ct. at 2332. Our proposed calendar accounts for this, yet still moves the case forward expeditiously, by scheduling an Appointments and Appropriations motion in October, before, if necessary and the case is not dismissed as it should be, turning to questions of presumed immunity and *Fischer* in December.

Such a schedule not only promotes judicial economy, but also, and vitally, preserves the separation of powers by minimizing unnecessary litigation regarding President Trump's official acts. As the Supreme Court explains, "[t]he essence of immunity is its possessor's entitlement not to have to answer for his conduct in court." *Trump*, 144 S. Ct. at 2340 (citation and quotation marks omitted). This, in large part, is because of the "peculiar public opprobrium that attaches to criminal *proceedings*." *Id*. at 2331 (emphasis added). It follows, therefore, that the Court should take every reasonable step possible to resolve the case on legal grounds, before permitting an invasive public inquiry regarding President Trump's official conduct while in office.

We believe, and expect to demonstrate, that this case must end as a matter of law. Should the courts determine otherwise, however, we have fashioned our proposed schedule to facilitate potential evidentiary submissions, should such submissions become necessary.

As an initial matter, the Supreme Court's decision in *Trump v. United States* broke new ground on the scope of immunity, which the Special Counsel previously maintained did not exist. As a result, with respect to unclassified and classified discovery, there are serious threshold questions to be addressed about compliance with *Brady*, Rule 16(a)(1)(E)(i), and Local Rule 5.1 as it relates to the Supreme Court's decision. It cannot be assumed that any case file review by the

Special Counsel at the outset of this case addressed disclosure obligations based on intervening precedent, and there are outstanding disputes between the parties about what that case-file review should entail. Therefore, we have proposed a deadline of September 30, 2024, for the Special Counsel to make supplemental productions pursuant to *Brady*, Rule 16(a)(1)(E)(i), and Local Rule 5.1 regarding Presidential immunity. This will provide the parties sufficient time to engage in discussions concerning this discovery, and for the Special Counsel to locate and produce responsive documents.

Additionally, we have set a control date of December 13, 2024, to file motions to compel immunity-related discovery, if any. Such issues must be resolved before any evidence-based briefing, as the Special Counsel's existing discovery productions (and President Trump's prior discovery requests and motions) all occurred before the Supreme Court's decision in *Trump*, without a focus on immunity.

Moreover, to ensure President Trump has the full universe of potentially relevant documents, the Court must permit him the opportunity to serve new, immunity-focused discovery requests, and seek relief from the Court if the Special Counsel denies access to such documents. The parties will, of course, attempt to resolve any such disputes without motion practice; however, the reality remains that immunity discovery must be requested, negotiated, potentially litigated, and exchanged all before any evidence-based submissions are ripe. This will necessarily take time.

For similar reasons, if this case is not dismissed as it should be, the Court must resolve President Trump's pending Motion for an Order Regarding Scope of the Prosecution Team, Doc. 166-1, which will affect the sources of documents the Special Counsel will be required to search for and produce in immunity discovery (and otherwise). The need to resolve such issues is simply incompatible with the near-immediate evidentiary submissions the Special Counsel proposes,

especially as President Trump retains the right to submit a reply on this issue.

Moreover, President Trump has had no opportunity to cross-examine the Special Counsel's witnesses or call witnesses of his own, leaving the evidentiary record incomplete and incapable of supporting fact-based submissions. Thus, immediately proceeding to fact-based submissions, as the Special Counsel suggests, would violate the Supreme Court's directive to perform an "objective analysis of [the] content, form, and context" of each potentially relevant act to determine if it is official or unofficial, which necessarily requires a fully developed record. *Trump*, 144 S. Ct. at 2340. Proceeding to an evidentiary submission in this posture would violate fundamental Sixth Amendment principles, including the right to present defense witnesses, and to cross-examine the government's witnesses.

Finally, the Special Counsel asserts that it should file an opening evidentiary brief, but cites no authority or analogous rule in support of such a procedure. The Special Counsel has drafted and filed its Superseding Indictment as it saw fit. It is now President Trump's right to challenge that indictment through appropriate motions and argument. The Special Counsel has no right to preemptively challenge submissions President Trump may make. To the extent the Special Counsel suggests that informing President Trump of its position on certain immunity issues in advance of any evidentiary motion practice may be beneficial, President Trump sees the rationale for that in principle; however, such information may be provided by letter, and should not take the form of affirmative briefs or other filings.

President Trump's proposed calendar sensibly addresses important threshold matters and, if the case is not dismissed as it should be, facilitates the exchange of essential discovery over the next several months. At the same time, the schedule promotes judicial economy and avoids undue burdens on the separation of powers. Given the "the unprecedented nature of this case, and the

very significant constitutional questions that it raises," such a course is entirely reasonable. *Trump*, 144 S. Ct. at 2332.

The Court should adopt President Trump's schedule and reject the Special Counsel's proposal.

Respectfully submitted,

| | |
|---|---|
| /s/John F. Lauro | JACK SMITH |
| John F. Lauro, Esq. | Special Counsel |
| Greg Singer, Esq. | |
| LAURO & SINGER | By: /s/Molly Gaston |
| | Molly Gaston |
| /s/Todd Blanche | Thomas P. Windom |
| Todd Blanche, Esq. | Senior Assistant Special Counsels |
| Emil Bove, Esq. | |
| BLANCHE LAW | |