**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. 23-cr-257 (TSC) |
| | * |
| DONALD J. TRUMP, | * |
| | * |
| Defendant. | * |
| | * |

**GOVERNMENT'S OPPOSED MOTION FOR LEAVE TO FILE OVERSIZED MOTION**

In *Trump v. United States*, 144 S. Ct. 2312, 2340 (2024), the Supreme Court emphasized the "necessarily factbound" nature of any presidential immunity analysis. *See id.* at 2339 ("Determining whose characterization may be correct, and with respect to which conduct, requires a close analysis of the indictment's extensive and interrelated allegations."); *id.* at 2340 ("The analysis therefore must be fact specific and may prove to be challenging."); *id.* ("Knowing, for instance, what else was said contemporaneous to the excerpted communications, or who was involved in transmitting the electronic communications and in organizing the rally, could be relevant to the classification of each communication."). The Supreme Court remanded to this Court "to determine in the first instance—with the benefit of briefing we lack—whether [the defendant's] conduct in this area qualifies as official or unofficial." *Id.* at 2339.

To fulfill the Supreme Court's remand directive, in a status hearing on September 5, 2024, the Government proposed filing an opening immunity brief with "a comprehensive discussion and description of both pled and unpled facts . . . so that all parties and the Court know the issues that the Court needs to consider in order to make its fact-bound determinations that the Supreme Court has required." ECF No. 232 at 13. The Government also indicated that the proposed brief would include a "substantial number of exhibits." *Id.* at 14. In a scheduling order entered the same date,

the Court ordered the Government to file an Opening Brief on Presidential Immunity by September 26, 2024.  ECF No. 233 at 2.

The Court has been directed to conduct a detailed, factbound, and thorough analysis of the Government's case to make appropriate immunity determinations.  Because the Court will make determinations "in the first instance" that will be subject to exacting appellate review, it is essential that the Court ensure that the record in support of its determinations is complete.  The Government believes that a comprehensive brief by the Government will be of great assistance to the Court in creating that robust record, and the Government thus seeks leave to exceed the typical limit for a single motion.  *See* Local Crim. R. 47(e) (limiting opening motions and oppositions to 45 pages and replies to 25 pages).  The Government has substantially drafted its opening motion and estimates that the filed version will not exceed 180 pages.  The Government estimates that roughly half of its motion will consist of a detailed factual proffer, and that extensive footnote citations to an exhibit appendix increase the motion's size by more than 30 pages.

The Government conferred with the defense.  Defense counsel opposes the Government's motion at this time, and requests that the Court set a deadline of September 24, 2024, 5:00 PM ET for the defense's response.

For the Court's awareness, the opening brief and its exhibits contain a substantial amount of Sensitive Material, as defined by the Protective Order.  Consistent with the Protective Order, the Government intends to file a motion for leave to file under seal that attaches an unredacted copy of the motion and appendix and proposed redacted versions to be filed later on the public docket at the Court's direction.  *See* ECF No. 28 ¶¶ 11-12.  Because of the extensive and time-consuming logistics involved in finalizing the brief, appendix, and proposed redacted public

versions of the same, the Government respectfully requests the Court's decision on this motion as soon as practicable.

                                                Respectfully submitted,

                                                JACK SMITH
                                                Special Counsel

By:    /s/Thomas P. Windom
        Thomas P. Windom
        Molly Gaston
        Senior Assistant Special Counsels
        950 Pennsylvania Avenue NW
        Room B-206
        Washington, D.C. 20530