UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Criminal Action No. 23-257 (TSC) |

**OPINION AND ORDER**

The court will grant the Government's request for leave to file an oversized brief on the pending immunity issues. In remanding this case, the Supreme Court directed this court to conduct a "close" and "fact specific" analysis "of the indictment's extensive and interrelated allegations." *Trump v. United States*, 144 S. Ct. 2312, 2339 (2024). It anticipated that the analysis would require briefing on how to characterize "numerous alleged interactions with a wide variety of state officials and private persons," *id.*, and supplementing other allegations with "content, form, and context" not contained in the indictment itself, *id.* at 2340 (quoting *Snyder v. Phelps*, 562 U.S. 443, 453 (2011)). In light of the Superseding Indictment unsealed on August 27, 2024, the court ordered the parties to submit briefs with arguments and factual proffers that would inform that analysis. Order (Sept. 5, 2024), ECF No. 233; *see* Superseding Indictment, ECF No. 226. On September 21, the Government requested leave to submit a brief in excess of the ordinary 45-page limit, stating that a "comprehensive brief," including "a detailed factual proffer" with a "substantial number of exhibits," "will be of great assistance to the Court in creating that robust record." Mot. for Leave to File Oversized Mot. at 1–2, ECF No. 237 (quotation omitted).

For the second time in a week, Defendant urges reconsideration of the current pretrial schedule in a brief intended to respond to a separate issue, and without actually filing a motion to that effect.  *See* Def.'s Opp'n to Special Counsel's Mot. for Oversized "Opening Immunity Br." ("Def.'s Opp'n"), ECF No. 242; Def.'s Omnibus Reply in Further Supp. of Disc. Mots. at 2–5, 30, ECF No. 235.  Defendant's argument against the requested page limit expansion comprises a *single statement* that the Government's request "would quadruple the standard page limits in this District."  Def.'s Opp'n at 1.  The rest of the nine-page opposition rehashes Defendant's position that immunity briefing should not begin until he files a motion to dismiss several months from now.  The court has already addressed the scheduling objections Defendant raised when he was given an opportunity to do.  *See* Tr. of Arraignment and Status Conference at 11–13, 17–19, 26–28 (Sept. 5, 2024) ("Status Conf. Tr."), ECF No. 232.  Having the Government file an opening immunity brief reflects the remand's unusual procedural posture, where the court has been directed to accept party submissions on and make specific determinations about the nature of the allegations, which the Government modified in the Superseding Indictment.  The length and breadth of the Government's proposed brief reflects the uniquely "challenging" and factbound nature of those determinations.  *Trump v. United States*, 144 S. Ct. at 2340.  The briefs' atypical sequence and size thus both serve the efficient resolution of immunity issues in this case "at the earliest possible stage."  *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).  That is reason enough to grant the present motion.

For completeness, however, the court will address more broadly Defendant's new and sundry arguments about the pretrial schedule, none of which articulate a cognizable prejudice.  First, he protests that the Government "aims to proffer their untested and biased views to the Court and the public as if they are conclusive."  Def.'s Opp'n at 2.  But allowing a brief from the

Page **2** of **6**

Government is not "contrary to law procedure, and custom," as Defendant claims, *id.* (citing no authority); it is simply how litigation works: Each side presents arguments and proffers evidence on disputed issues—here, whether Defendant's charged conduct involved official acts and receives immunity. Indeed, Defendant appears to embrace a similar approach. *See* Joint Status Report at 4, ECF No. 229 (proposing briefing schedule for motion to dismiss based on Presidential immunity, with evidentiary proceedings to follow "if necessary"); Status Conf. Tr. at 21–22 (Mr. Lauro: "We can make submissions. We can make necessary proffers."); *id.* at 28 (Mr. Lauro: "If we're going to go that proffer route, we're certainly going to put in the record a number of documents which we believe are incredibly exculpatory."). A party's factual proffer does not conclusively establish anything—it merely provides evidence for the judicial factfinder to consider.

As the court explained, allowing the Government to submit an opening brief does not deny the defense

> an opportunity to address the issues. You're just doing it in a different sequence. There's nothing inherently violative of due process by the Government filing an open[ing] brief and your getting an advance look at their arguments, [then having] a chance to respond and address them. . . . It's just a matter of who goes first.

Status Conf. Tr. at 27–28. In response, defense counsel reframed the problem as an "election dispute," insisting that "it's incredibly unfair in the sense that they're able to put in the public record at this very sensitive time in our nation's history." *Id.* at 28–29. But Defendant's concern with the political consequences of these proceedings does not bear on the pretrial schedule; "what needs to happen before or shouldn't happen before the election is not relevant here." *Id.* at 29.

Second, Defendant asserts "that there are dispositive threshold legal questions . . . that can and should be resolved first," including "the absolute nature of immunity, the immunity

attaching to the Office's allegations relating to Vice President Pence," and the lawfulness of the Special Counsel Office's structure.  Def.'s Opp'n at 2–3.  There is admittedly little for this court to resolve on the last question—as defense counsel acknowledges, their position runs contrary to binding D.C. Circuit precedent, but might be raised "to preserve this issue" for appeal.  Status Conf. Tr. at 49–51.

As for the other two "threshold" questions, both necessarily require the very briefing that the court has ordered.  In ascertaining whether any charged conduct qualifies for immunity—absolute or otherwise—the court must first determine that it "qualifies as official."  *Trump*, 144 S. Ct. at 2339.  Similarly, the immunity determination for allegations regarding former Vice President Pence requires "appropriate input from the parties" about "the circumstances" of the conduct alleged, along with the potential consequences of prosecuting it "on the authority and functions of the Executive Branch."  *Id.* at 2337.  Trying to resolve those issues before the scheduled immunity briefing would put the cart before the horse.  The incoherence of Defendant's demand to do so is revealed by his accusations that the current briefing schedule is somehow both "the type of 'highly expedited' proceedings . . . that the Supreme Court has already criticized" *and* "the type of improper 'extended proceeding' that the Supreme Court forb[ade]."  Def.'s Opp'n at 4 (quoting *Trump*, 144 S. Ct. at 2332, 2344).  In reality, the schedule reflects the court's best judgment about how to comply efficiently with the Supreme Court's instructions on remand.

Third, Defendant argues that immunity briefing "is particularly improper" before the resolution of pending discovery disputes.  *Id.* at 3.  Never mind that his own proposed schedule contemplated the same sequence.  Joint Status Report at 4 (proposing to start immunity briefing on December 13, 2024, with discovery briefing not concluded until January 24, 2025).  Still,

recognizing Defendant's interest in obtaining lawful discovery that could bear on his own arguments and factual proffers related to immunity, the court has frontloaded discovery briefing in its schedule.  *See* Order (Sept. 5, 2024) at 2.  With the possible addition of a Government sur-reply, *see* Def.'s Opp'n at 2, that briefing is now complete.  The court will rule on the pending motions expeditiously to provide Defendant adequate time to review any additional discovery he receives and incorporate it into his immunity briefing.

Fourth, Defendant contends that the briefing schedule would be unfair given the court's order restricting certain extrajudicial statements, ECF No. 105, and the Government's position with respect to the protective order in this case, *see* Reply in Supp. of Mot. for Protective Order, ECF No. 15.  But the former contention mischaracterizes the court's order, and even so identifies potential political consequences rather than legal prejudice.  Def.'s Opp'n at 7.[1]  And the court did not accept the Government position that Defendant decries—"that even materials marked 'nonsensitive' under the Protective Order" should be kept under seal, *id.* at 5—instead extending that protection only to sensitive materials, *see* Protective Order ¶¶ 2–12, ECF No. 28.  The court likewise rejects Defendant's unsupported assertion that publicly docketing nonsensitive materials during the immunity briefing would impermissibly "impact potential witnesses and taint the jury pool."  Def.'s Opp'n at 5.  Moreover, and once again, Defendant offers no reason why the same predicted harms would not result from his own proposal, which would include immunity briefing with presumably the same materials.  *See* Joint Status Report at 4.

---

[1] Defendant claims that he cannot "explain[] in detail why the Office's selective and biased account is inaccurate without risking contempt penalties," which could affect his political candidacy.  Def.'s Opp'n at 7.  As relevant here, the order only prohibits Defendant from "making or directing others to make public statements about known or reasonably foreseeable witnesses concerning their potential participation in the investigation or in this criminal proceeding."  *United States v. Trump*, 88 F.4th 990, 996 (D.C. Cir. 2023).

Fifth and finally, Defendant claims that the Government's forthcoming brief violates Department of Justice policy. He asserts that the brief "would be tantamount to a premature and improper Special Counsel report," Def.'s Opp'n at 6, which is provided at "the conclusion of the Special Counsel's work," *id.* (quoting 28 C.F.R. § 600.8(c)). And he argues that the brief would run afoul of the Justice Manual, which prohibits federal prosecutors from "select[ing] the timing of any action, including investigative steps, criminal charges, or statements, for the purpose of affecting any election." *Id.* at 7 (quotation omitted). The court need not address the substance of those claims. Defendant does not explain how those putative violations cause him legal prejudice in this case, nor how this court is bound by or has jurisdiction to enforce Department of Justice policy.

For these reasons, the Government's Motion for Leave to File Oversized Motion, ECF No. 237, is hereby GRANTED, and Defendant's requests for reconsideration of the pretrial briefing schedule are DENIED.

Date: September 24, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge