**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY
TO DEFENDANT'S DISCOVERY MOTIONS**

The defendant has filed a lengthy reply and classified supplement in support of two discovery motions filed last year.  ECF Nos. 166-1, 167, 235, 236.  Because the defendant uses his reply to make new arguments not raised in his opening discovery motions, including regarding the impact of presidential immunity on long-standing discovery standards, the Government seeks leave to file a sur-reply.  The Government has conferred with defense counsel, who does not object to a sur-reply addressing issues newly raised in his reply.

On November 27, 2023, the defendant moved the Court to take an unwarranted expansive approach to defining the Government's prosecution team, ECF No. 166-1, and its resulting discovery obligations, ECF No. 167.  On December 9, 2023, the Government filed a single response in opposition to both motions.  ECF No. 181.

This month, following the stay of proceedings, the Court ordered the defendant to file a reply in support of his original motions by September 19.  ECF No. 233 at 2 (Scheduling Order); ECF No. 232 at 64-65 (Status Hearing Tr.) (stating the Court's intent to resolve the discovery motions together and directing that the "reply brief should deal with both of those").  During a discussion of the pending discovery motions at the September 5 status hearing, the Court and the parties contemplated that the defendant might raise new issues in his reply.  ECF No. 232 at 64-

65.  With this in mind, the Government suggested that it may "need to come back to the Court and ask for leave to file a sur-reply . . . ."  *Id.* at 64.  The Court agreed.  *Id.*

The defendant has now filed an overlength 34-page reply in support of his discovery motions, ECF No. 235, as well as an accompanying 22-page classified supplement, *see* ECF No. 236.  In his reply, the defendant invokes the issue of presidential immunity to levy several new claims.  Principally, the defendant suggests that the Supreme Court's decision in *Trump v. United States*, 144 S. Ct. 2312 (2024), permits discovery demands for additional, broad categories of material and provides new justification for some of his original, meritless demands.  ECF No. 235 at 8-11, 28, 29-30, 31.  He also advances revised arguments for his original requests to compel discovery and regarding the scope of the prosecution team.  *See, e.g.*, *id.* at 29, 31.  The defendant further attempts to use his reply as a vehicle to seek other inappropriate relief, such as dismissal on grounds not previously argued and reconsideration of the Court's prior order denying dismissal on an unsupported claim of selective and vindictive prosecution.  *Id.* at 4, 6-7.

The additional arguments asserted by the defendant in his reply—as well as the requests for relief that are improperly embedded in a filing that should be limited to discovery issues—warrant a further, tailored response.  The Government therefore requests leave to file a sur-reply one week from today.

Respectfully submitted,

JACK SMITH
Special Counsel

By:      /s/Thomas Windom
Thomas P. Windom
Molly Gaston
Senior Assistant Special Counsels
950 Pennsylvania Ave. NW, Room B-206
Washington, D.C. 20530