IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. 23-cr-257 (TSC) |
| | * |
| DONALD J. TRUMP, | * **FILED UNDER SEAL** |
| | * |
| Defendant. | * |
| | * |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE UNREDACTED MOTION UNDER SEAL, AND TO FILE REDACTED MOTION ON PUBLIC DOCKET**

Consistent with the Court's scheduling order, ECF No. 233 at 2 ¶3, the Government is filing today a Motion for Immunity Determinations ("Motion"). Through the Motion, the Government asks the Court to determine that the defendant's conduct in the course of the charged crimes is not subject to immunity. The Motion is supported by a variety of proof, some of which the Government has designated "Sensitive" under the Protective Order, such as grand jury testimony, materials obtained through sealed search warrants, transcripts and reports of witness interviews, and materials obtained from other governmental entities. *See* ECF No. 28 ¶8. The Protective Order requires the Government to submit these materials under seal. *Id*. ¶11 ("If a party includes unredacted Sensitive Materials in any filing with the court, they shall be submitted under seal."). The Protective Order also requires the Government to simultaneously submit under seal a redacted copy of the Motion proposed to be filed on the public docket. *Id*. ¶12 ("Any filing under seal must be accompanied by . . . a redacted copy of any included Sensitive Materials for the Clerk of the Court to file on the public docket if the court were to grant the motion for leave to file under seal.").

Accordingly, the Government seeks leave to file the following documents under seal:

- For remaining under seal, an unredacted copy of the Motion (**Exhibit A** to this filing), and an unredacted copy of the Appendix (**Exhibit B-1** through **Exhibit B-4** to this filing); and

- For filing on the public docket, after the defense has had an opportunity to respond and the Court has ruled, a proposed redacted copy of the Motion (**Exhibit C** to this filing) and a proposed redacted copy of the Appendix (**Exhibit D-1 through Exhibit D-4** to this filing).

A proposed order consistent with the above is attached as **Exhibit E** to this filing.

**Introduction**

The process proposed here is based upon what the Court has previously directed in this case. *See* ECF No. 55 (Opinion and Order granting Government's request to publicly docket redacted substantive motion); ECF No. 57 (redacted version of Government's Opposed Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings); Min. Order (12/05/2023) (granting Government's request to file on the public docket a redacted evidentiary notice); ECF No. 176 (redacted version of Government's Notice Pursuant to Federal Rule of Evidence 404(b)). Consistent with that prior litigation, the Government's proposed redactions take into account D.C. Circuit precedent and three other relevant guideposts: (1) the Protective Order, ECF No. 28; (2) the Court's considered order granting a prior motion to seal in the context of litigation regarding entry of an order under Local Rule 57.7, ECF No. 55 (Opinion and Order Granting Government Motion to Seal); and (3) the Court's entry of a Rule 57.7 order in this case, ECF No. 105, as affirmed by the D.C. Circuit, *see United States v. Trump*, 88 F.4th 990 (D.C. Cir. 2023).

With these guideposts in mind—and with the simultaneous goals of providing the Court with a detailed factual proffer; protecting Sensitive Materials and the witnesses whose accounts support that proffer; and allowing an appropriate degree of public access—the Government has

proposed redacted versions of its sealed Motion and sealed Appendix for filing on the public docket.  In the proposed redacted Motion, the Government has redacted the names of individuals (aside from those whose names appear publicly in the superseding indictment, such as the defendant and Vice President Michael R. Pence, *see* ECF No. 226 ¶¶ 69, 82(a), 82(b), 85(b), 86(a), 86(b), 94, 96).  In the Motion's text, the Government has not redacted quotations or summaries of information from Sensitive Materials, but in the footnotes has redacted citations that reveal the non-public sources of such information, including grand jury transcripts, interview reports, or material obtained through sealed search warrants.  In the proposed redacted Appendix, the Government has redacted non-public Sensitive Materials in their entirety.  And the Government also has proposed limited redactions to some publicly-available materials, such as the defendant's Tweets, when such material identifies or targets an individual who—because of their status as a potential witness or involvement in underlying events—may be susceptible to threats or harassment, or may otherwise suffer a chilling effect on their trial testimony.

Below, the Government discusses the relevant legal factors for determining whether the sealing of these materials is appropriate and explains why an analysis of those factors demonstrates that the Government's proposed, limited sealing of its Motion and Appendix is warranted.

**Legal Background**

The Court has inherent power to seal court filings when appropriate, consistent with the qualified nature of the common law right of access.  *See United States v. Hubbard*, 650 F.2d 293, 315-316 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).  "A court must consider six factors in assessing whether the competing interests to seal overcome the presumption of public access: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has

objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Allen v. Addi*, 2021 WL 5911175, at *5 (D.D.C. Nov. 23, 2021) (Chutkan, J.) (quoting *E.E.O.C. v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). The moving party must "come forward with specific reasons why the record, or any part thereof, should remain under seal." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991).

Relatedly, a decision to seal records that "have historically been open to the press and general public" may implicate a qualified First Amendment right to public access. *United States v. Thompson*, 199 F. Supp. 3d 3, 8 (D.D.C. 2016) (quoting *Press-Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 8–9 (1986)). If the qualified right covers the material proposed to be sealed, the moving party may overcome the qualified right by demonstrating that "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Thompson*, 199 F. Supp. 3d at 8 (quoting *Washington Post v. Robinson*, 935 F.2d 282, 290 (D.C. Cir. 1991)).

### Application

The *Hubbard* factors collectively weigh in favor of the Government's proposed redaction and sealing of the names of individuals. Under the first factor, as the Court concluded in its prior Opinion, the need for public access to the names of particular individuals is "relatively small." ECF No. 55 at 3. The Court also previously "acknowledge[d] the intense public interest in and attention to this case," but found that generalized interest not to be substantially served by disclosing the names of specific individuals. *Id.* at 3. Rather, the public's interest is fully

vindicated by accessing the substantive material in the Government's filing. For example, the unredacted substance of what a witness said is more important, for purposes of public access, than the redacted identity of the specific person who said it.

The second *Hubbard* factor—the extent of previous public access—weighs in favor of sealing. The public has not been provided with access to the names of the individuals who testified before the grand jury, who were named in sealed search warrants, or who were identified in witness interview transcripts or reports. And although the public has been privy to some of the information contained in the brief—including public Tweets and documents the Government obtained (and produced to the defendant) from the House Select Committee to Investigate the January 6th Attack on the United States Capitol—the narrowly tailored proposed redactions to that material serve the compelling interests of witness safety and integrity of the judicial proceedings while not unduly keeping otherwise public information out of the record of this case.

The third *Hubbard* factor—whether anyone has objected to the disclosure—also weighs in favor of sealing the names of individuals. The Government is a party to this case and has objected to disclosure. As the Court noted previously, "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." ECF. No. 55 at 4 (quoting *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010) (citing *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1410 (D.C. Cir. 1996)). Here, "[t]he government's objection is aimed at protecting third parties' interests, so 'the need for minimizing intrusion is especially great' and adds further weight in favor of redaction under this factor." ECF No. 55 at 4 (quoting *Hubbard*, 650 F.2d at 319).

As to the fourth *Hubbard* factor, the privacy interests at stake are substantial and the Court's prior conclusion regarding this factor remains true: "The individuals whose identifying information and transcripts are redacted have already been harassed and threatened, and they have

a strong interest in not repeating those experiences. The risk of that happening weighs substantially in favor of permitting the government's proposed redactions." ECF No. 55 at 5. The Government has an interest in protecting the "witnesses and informants who provided information during the course of an investigation." *In re New York Times Co.*, No. 21-mc-91 (JEB), 2021 WL 5769444, at *5 (D.D.C. Dec. 6, 2021) (quoting *Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 854 F.3d 675, 682 (D.C. Cir. 2017)). The Court has previously noted its concern that "members of the public . . . might use sensitive witness information in ways that intimidate witnesses or threaten the integrity of the proceedings." ECF No. 29 at 44:13-16. That concern has not abated since the Court made the observation over a year ago. If disclosure leads to witness intimidation, the fair administration of justice could be prejudiced by alteration or shading of a witness's testimony or reluctance to participating in the judicial process. That these potential witnesses are non-parties further supports the proposed redactions, as does their risk of reputational harm. *See Hubbard*, 650 F.2d at 319 ("We think that where a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great and the public interest in access to materials which have never been judicially determined to be relevant to the crimes charged is especially small."); *Addi*, 2021 WL 5911175, at *5 (collecting cases and discussing reputational harm as basis for sealing).

The fifth *Hubbard* factor also weighs in favor of redacting and sealing the names of individuals. As this Court previously concluded in evaluating this factor, "[t]he government has identified a significant risk to its interests: Witness intimidation could not only affect the willingness of any of the targeted individuals to participate in the law enforcement process, but also could chill the testimony of other potential witnesses in this case." ECF No. 55 at 5. Here, if names of individuals are revealed publicly in a Government filing, witnesses could be intimidated

and their future trial testimony could be chilled. *See In re New York Times Co.*, 2021 WL 5769444, at \*6 ("'Courts in this district have repeatedly recognized the need to protect witness anonymity,' including because of 'compelling law enforcement interests' in maintaining 'the ability to obtain truthful information from subjects or witnesses' who can 'trust that their statements would in fact be kept private.'").

Finally, the sixth *Hubbard* factor—the purposes for which the documents are being introduced—likewise weighs in favor of the redaction and sealing of the names of individuals from the Government's brief. The Supreme Court's remand in *Trump* requires the Court to evaluate the content, form, and context of the defendant's conduct and statements in order to make factbound immunity determinations. *See Trump*, 144 S. Ct. at 2340. As in the Court's prior evaluation of the sixth *Hubbard* factor, the identifying information regarding specific individuals named in the Government's recitation of the facts here may have "minimal effect on the court's decision," ECF No. 55 at 6, regarding immunity and should remain under seal. But unlike the analysis that the Court was called upon to perform in the litigation regarding Local Criminal Rule 57.7, where the specific language of the threats was not critical, here the content of statements made by others (both the defendant and other parties) is central to the Court's factbound analysis of the immunity issues on remand.[1] *See Metlife, Inc. v. Financial Stability Oversight Council,* 865 F.3d 661, 668

---

[1] The procedural posture and legal standard here are different than in *United States v. Trump*, 23-cr-80101 (S.D. Fla.), in which the issue of sealing and redactions arose in connection with the defendant's motion to compel discovery. Under binding circuit precedent in that case, documents filed in connection with discovery claims were appropriately sealed upon a showing of good cause, *see Chicago Tribune Co. v. Bridgestone/Firestone Inc.*, 263 F.3d 1304, 1310-1313 (11th Cir. 2001) (per curiam), a standard that readily encompassed witnesses' identifying information and the content of their statements, *see* Gov't Mot. for Reconsideration, *United States v. Trump*, 23-cr-80101, ECF No. 294 at 10-16 (S.D. Fla.) (filed Feb. 8, 2024). Here, by contrast, in light of the importance of content of statements to the immunity analysis, "specific reasons" do not support maintaining the content of statements under seal. *Johnson*, 951 F.2d at 1278. Despite

(D.C. Cir. 2017) (rejecting sealing of portions of appendix where the district court "was required by Supreme Court precedent to examine the appendix, including the sealed portions, because the appendix contained the administrative record upon which the court's review had to be based.") Accordingly, consistent with D.C. Circuit precedent and the Court's prior orders, the Government proposes the redaction and sealing only of the names of the specific individuals identified in the Government's brief.

The Court's First Amendment analysis should lead to the same conclusion. As an initial matter, the material the Government seeks to seal has not "historically been open to the press and general public." *Thompson*, 199 F. Supp. 3d at 8. The Supreme Court and D.C. Circuit have recognized that qualified right of access only in limited circumstances dealing with various in-court proceedings and completed plea agreements—not motions like the Government's opening immunity filing. *See, e.g.*, *United States v. Brice*, 649 F.3d 793, 795 (D.C. Cir. 2011); ECF No. 55 at 6-7. Therefore, there is no qualified public right of access to the names the Government proposes to redact. But even if it did, the need for sealing is evident. Revealing the redacted information could lead to identified witnesses being intimidated and threatened, which the Court already has recognized is a "real likelihood." ECF No. 55 at 8. *See also United States v. Thompson*, 713 F.3d 388, 396 (8th Cir. 2013) ("The government's interest in protecting its witness and the witness's concern for his own safety justify the partial closing in this case."); *United States v. Addison*, 708 F.3d 1181, 1187-88 (10th Cir. 2013) (collecting cases holding witness intimidation to be a compelling interest). The Government's tailored redactions mitigate that risk while making

---

the different posture and legal standard in the Southern District of Florida case, the Court there ultimately decided to redact names and identifying information but not the substance of witness statements. *See Trump*, 23-cr-80101, ECF No. 438 at 17-20.

substantially available to the public the evidence and argument in support of its motion. Any qualified First Amendment right, therefore, is met.

After permitting the defense to be heard on the proposed redactions for the versions of the Motion and Appendix to be filed on the public docket, the Court should grant the Government's motion. The Government has conferred with defense counsel. The defense does not oppose the Government's motion for leave to file under seal in the first instance and reserves the right to raise objections to the Government's proposed redacted version for public docketing.

          Respectfully submitted,

          JACK SMITH
          Special Counsel

By:    /s/Thomas P. Windom
        Thomas P. Windom
        Molly Gaston
        Senior Assistant Special Counsels
        950 Pennsylvania Avenue NW
        Room B-206
        Washington, D.C. 20530