

# LAURO & SINGER

FLORIDA ◆ NEW YORK

**FLORIDA**
400 N. Tampa Street
15th Floor
Tampa, Florida 33602

███████████

1101 Brickell Avenue
South Tower, 8th Floor
Miami, FL 33131

███████████

**NEW YORK**
250 E. 53rd Street
Suite 1701
New York, New York 10022

███████████

WWW.LAUROSINGER.COM

**VIA E-MAIL (**████████████████████**)**

September 25, 2024

Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530

**Re:**     **United States v. Trump, No. 23 Cr. 257 (TSC)**

Dear Ms. Gaston and Mr. Windom:

We have identified additional discovery issues that must be addressed prior to any factual presentation, if necessary, on the issue of presidential immunity. These requests are intended to enable us to prepare for appropriate briefing and present evidence related to immunity. We are entitled to this discovery pursuant to Rule 16(a)(1)(E), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny; as well as the Fifth and Sixth Amendments to the United States Constitution.  Further, you have represented to the Court and in your filings that you are willing to assist beyond any otherwise applicable legal requirement.  As such, we request that you specifically search for and produce discovery responsive to the following requests and, as to certain requests, provide us with information so we can determine how best to proceed.

## I.    Background

Each of the requests set forth below calls for production of documents or information irrespective of their classification level.  As used herein, the term "documents" includes (i) all communications, including memoranda, reports, letters, notes, emails, text messages, videos, and other electronic communications; (ii) hard copies and electronically stored information, whether written, printed, or typed; and (iii) all drafts and copies.

The Requests call for specified documents in the possession of the prosecution team, as we defined that term in our October 15, 2023, letter to you and in our motion regarding the scope of the prosecution team (Doc. 169).

II.      **Requests**

1.  In light of the recent Supreme Court opinions in *Trump v. United States* and *Fischer v. United States*, the scope of potentially exculpatory discovery pursuant to *Brady* and its progeny has changed. Nonetheless, you have indicated to the Court that no additional exculpatory information exists, and have allowed the September 10, 2024, deadline to comply with this obligation lapse without additional production. Doc. 233 at 2. This is implausible given the greatly expanded scope of issues relevant to immunity. We request you re-evaluate and produce all discovery that would fall within your *Brady* obligation pursuant to Local Criminal Rule 5.1, D.C. Rule 3.8, and the Court's September 5, 2024, order.  *See also Cone v. Bell*, 556 U.S. 449, 470 n.15 (2009) ("[T]he obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations.").

2.  Please provide Rule 16(G) expert disclosures for any expert witness the prosecution intends to use to support its presentation on presidential immunity.

3.  Please provide all published, classified, and unpublished opinions, memos, letters, and advice documents of the Office of the Attorney General, Office of Legal Counsel (OLC), and the Solicitor General's Office bearing on the powers, authority, duties, obligations, responsibilities and acts of the Executive Branch. Providing us with an index of all documents would not be sufficient, but we are amenable to conferring with you on acceptable search terms to identify all relevant documents.

4.  We have identified certain public DOJ Office of Legal Counsel ("OLC") opinions.  However, not all opinions or research are public, particularly informal memos/letters.  We understand many such memos are stored in OLC's "DAMS" system.  We would like to run search terms on DAMS system to identify relevant discovery.  We prefer to provide the search terms to someone unassociated with the prosecution team in order to protect the confidentiality of the terms.  We ask for you to arrange a contact for us with knowledge of the DAMS system who has the capability to run searches.

5.  Please provide all published, classified, and unpublished opinions, memos, letters, and advice documents of the Office of the Attorney General, Office of Legal Counsel (OLC), and the Solicitor General's Office regarding the application of the Westfall Act (the Federal Employees Liability Reform and Tort Compensation Act), 28 CFR § 15.4, the Federal Tort Claims Act, and *In re Neagle*, 135 U.S. 1 (1890), related to the scope of presidential authority, power, capacity, and employment and/or discretionary functions and duties.

6.  Please provide all Department of Justice documents regarding the characterization of presidential official acts, including, but not limited to, all documents related to the Department of Justice's internal discussions and preparations for its amicus curiae position in *Blassingame v. Trump* that "immunity reaches all of the President's conduct within the vast ambit of his Office, including its 'innumerable' constitutional, statutory, and historical dimensions.... In all contexts, questions of Presidential immunity must be approached with the greatest sensitivity to the unremitting demands of the

Presidency."  Brief for United States as Amicus Curiae in *Blassingame v. Trump*, Nos. 22-5069, 22-7030, 22-7031, at 1–2 (D.C. Cir. filed March 2, 2023).

7.   Please provide all Department of Justice documents regarding the scope and application of presidential immunity addressed in *Nixon v. Fitzgerald*, including, but not limited to, all documents where the Department of Justice supported a presidential act to be within the outer perimeter of Presidential responsibility and/or the powers, authority, duties, or responsibilities of the President.

8.   Please provide all communications between the Office of Legal Counsel and any Special Counsel, including, but not limited to the Office of Jack Smith, regarding the scope of Presidential immunity, the outer perimeter of Presidential responsibility, and/or the authority, powers, duties, or responsibilities of the President.

9.   Please provide all communications between the Department of Justice, including the Office of Legal Counsel and the Special Counsel's Office, and White House Counsel regarding the issue of presidential immunity, the outer perimeter of Presidential responsibility and/or the powers, authority, duties, or responsibilities of the President.

10.  Please provide all communications between the Department of Justice, including the Office of Legal Counsel and the Special Counsel's Office, and any Congressional committee, sub-committee, or member regarding the issue of presidential immunity, the outer perimeter of Presidential responsibility and/or the powers, authority, duties, or responsibilities of the President.

11.  Please provide all communications between the Department of Justice, including the Office of Legal Counsel and the Special Counsel's Office, and any state or local prosecutors, or any outside group or individual (including, but not limited to, Citizens for Responsibility and Ethics in Washington) regarding the issue of presidential immunity, the outer perimeter of Presidential responsibility and/or the powers, authority, duties, or responsibilities of the President.

12.  Please provide all grand jury transcripts and exhibits related to the Superseding Indictment in this matter (Doc. 226) including the summations and legal instructions.

13.  The initial grand jury production did not separate out each grand jury transcript with its testimony, exhibits, and memos nor did each grand jury transcript attach all of the exhibits, memos, and prior testimony presented during that session.  Please provide an organized production of these materials.

14.  Please provide all 302s and other investigative memoranda regarding the analysis or application of the Electoral Count Act by constitutional and legal scholars.

15.  Please provide all photographs and video by the White House photographers of President Trump and anyone known to the government to have met with President Trump from November 3, 2020, through January 6, 2021.

16. Please provide all Daily Diaries of the President (DDP) from November 3, 2020, through January 6, 2021, including all attachments, where not previously provided.  For example, SCO-█████ contains attachments such as the White House Switchboard Presidential Call Log, Situation Room Call Log, schedule, emails, and handwritten notes.  Please provide all other DDPs with the same or similar attachments.

17. Please provide all Department of Justice and White House memos, policies, rules, and guidelines regarding the expenditure and reimbursement of presidential expenses, including, but not limited to, the allocation of expenses between government and personal expenses.

18. Please provide all documents related to the allocation of presidential and personal expenses for the last twelve months of President Trump's first term in office.

19. The discovery production does not contain any transcripts, memoranda, 302s or any documents related to the individuals identified as Republican contingent electors for the states named in the Superseding Indictment.  We found letters (SCO-1███████, SCO-████████, SCO-████████, SCO-████████, SCO-████████) indicating that the Government interviewed and sought records from electors.  Please provide all documents related to the electors.

20. Please provide the ██████████, and ███████████, interview memoranda and transcripts for ████████████.

21. We do not appear to have a complete production of the text messages for many individuals. For example, you only produced approximately 20 for ██████████████ and 3 for ████████████. These are relatively few messages considering how extensively the Superseding Indictment discusses these individuals. Please provide all text messages for the individuals named in the Superseding Indictment (Doc. 266).

22. Please provide all documents and communications related to election law complaints received by the Department of Justice, the FBI and any other law enforcement agency relating to the 2020 election and investigations thereof.  This would include all investigations with case classification "56D-" or the like. ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████  However, the production contains no discovery related to these investigations.

23. Please provide all documents and communications related to any investigations into any allegations of fraud or irregularities in the 2020 Presidential Election by the Department of Justice, any U.S. Attorney's office, or any state or local investigation.

24. Please provide all transcripts, memoranda, 302s, and other investigative documents for all investigations into allegations of fraud or irregularities in the states identified in the Superseding Indictment. This request includes all independent reports and summaries of any fraud or irregularities in the 2020 Presidential Election.

25. Please provide all written objections to electoral votes either submitted or proposed to be submitted at the January 6 Congressional hearing.

26. Please provide all documents regarding the organization, preparation, and funding for the events in which President Trump participated on January 6, 2021.

27. Please provide all documents regarding the preparation of President Trump's speech on January 6, 2021.

28. Please provide all documents related to President Trump's travel on January 6, 2021.

29. Please provide all documents related to the drafting and delivery of the statements attributed to President Trump in the Superseding Indictment (Doc. 266).


As stated, these requests do not encompass all discovery you are required to provide and we and reserve all rights to seek further discovery as appropriate.  We ask that you provide the discovery sought by this letter as soon as possible.


Sincerely,


John F. Lauro
JFL/gms

cc:    Todd Blanche (████████████████)

# LAURO & SINGER

FLORIDA ♦ NEW YORK

**FLORIDA**

400 N. Tampa Street
15th Floor
Tampa, Florida 33602

████████████

1101 Brickell Avenue
South Tower, 8th Floor
Miami, FL 33131

████████████

**NEW YORK**

250 E. 53rd Street
Suite 1701
New York, New York 10022

████████████

WWW.LAUROSINGER.COM

**VIA E-MAIL (**████████████████████**)**

September 29, 2024

Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530

**Re:      United States v. Trump, No. 23 Cr. 257 (TSC)**

Dear Ms. Gaston and Mr. Windom:

I write regarding an additional discovery matter that has arisen since our last letter to you on September 25, 2024.  Also on September 25th, Department of Justice Inspector General Mark Horowitz testified before the House Select Subcommittee on the Weaponization of the Federal Government that he has prepared a draft report reviewing the Department of Justice's actions surrounding the events of January 6, 2021. You have previously acknowledged DOJ-IG "worked on the investigation leading to this case." Nov. 25, 2023, Ltr. Regarding Discovery (Doc. 166-7). Therefore, DOJ-IG is part of the prosecution team and you are required to search for and produce discoverable information in its possession.  Please provide the draft report along with all documents and communications gathered during Mr. Horowitz's investigation, including, but not limited to, any responses to the report provided by the Department of Justice and law enforcement agencies.  As Mr. Horowitz stated that the report could not yet be made public pending a classification review, we are available to review the report as we have with other classified material.  The events of January 6 are germane to the immunity issues currently before the Court. Therefore, it is imperative that we have access to the report before we are required to file our responsive immunity brief. Please provide the report and all related documents and communications by October 3, 2024.

Sincerely,

*John Lauro*

John F. Lauro
JFL/gms

cc:      Todd Blanche (████████████████████)



**U.S. Department of Justice**

Special Counsel's Office

October 1, 2024

Todd Blanche, Esq. (*via email*: ███████████████████)
Blanche Law
99 Wall Street, Suite 4460
New York, NY 10005

John Lauro, Esq. (*via email:* ████████████████)
Lauro and Singer
Bank of America Plaza
101 Kennedy Boulevard, Suite 3100
Tampa, FL 33602

      Re:    *United States v. Donald J. Trump*, Case No. 23-cr-257 (TSC)

Dear Counsel:

      We write in response to your discovery letters dated September 25 and 29, 2024.

      Your September 25 letter claims to "have identified additional discovery issues that must be addressed prior to any factual presentation, if necessary, on the issue of presidential immunity." We broadly disagree with your assertion and, below, we respond to each of your twenty-nine requests. We also respond to the additional request in your September 29 letter.

      As an initial matter, we note that—despite our repeated offers—you did not engage with us on discovery issues or send us your September 25 letter until after filing your reply in support of your discovery motions. Had you done so, we could have pointed you to the discovery productions that contain many of the materials you requested. Otherwise, to the extent you do not already have the material you claim you lack, your requests seek information that exceeds the scope of the Government's discovery obligations and/or is not within the possession of the prosecution team. And they all rely on an improperly broad definition of the "prosecution team." *See* Gov't Discovery Letter (10/24/23); Gov't Discovery Letter (11/3/23); Gov't Opposition to Defense Discovery Motions (ECF No. 181 at 1-18).

      As with our prior responses to your discovery letters, other than where we provide the Bates numbers of specific individual items, the Bates ranges provided below are examples of ranges that contain documents responsive to your requests and are not an exhaustive list of where in the productions responsive material may be located. Moreover, to the extent that we have produced information that is responsive to your discovery requests, that production does not imply that we concede the information's discoverability or obligate us to make any additional productions that exceed our existing discovery obligations.

**September 25 Letter**

**Request 1**:  As we have said previously, the Government "took from the very beginning of this case an extremely comprehensive view of what should be produced in discovery."  ECF No. 232 at 63.  At this time, we have "nothing further to provide."  *Id.*  We are mindful that our discovery obligations remain ongoing, *see* ECF No. 233 at 2, and to the extent that we later come into possession of discoverable material, we will provide it to you.

**Request 2**:  Expert testimony is unnecessary for the Court to conduct the factbound analysis required on remand, nor did the briefing schedule you proposed prior to the status hearing contemplate expert disclosures.  *See* ECF No. 229.  If you intend to designate and rely on expert opinions or testimony, please advise us and the Court promptly.

**Requests 3-11**:  As an initial matter, these nine requests are vague and overbroad.  But on a more granular level, each fails to identify any discoverable information.  To the extent your requests seek the Government's internal correspondence made in connection with investigating or prosecuting this case, they run afoul of Federal Rule of Criminal Procedure 16(a)(2).  To the extent your requests seek the Justice Department's non-public internal positions unrelated to this case, they seek information not in the possession of the prosecution team or that otherwise is not discoverable.  And to the extent your requests seek the Justice Department's public positions on the issues you identify, we are unaware of any discovery rule that requires us to scour the public record to answer your request.  If you have any binding precedent to establish your entitlement to the discovery you seek in these requests, please provide it to us so that may reconsider our position if necessary.

**Request 12**:  Your request seeks "all grand jury transcripts and exhibits related to the Superseding Indictment" as well as "the summations and legal instructions."  As you know, we already have provided the grand jury transcripts and exhibits.  *See, e.g.*, Discovery Production 17 Cover Letter (9/3/24) ("Discovery Production 17 . . . includes grand jury transcripts and exhibits in support of the superseding indictment."); ECF No. 232 at 40 ("Two days ago, we provided to the defense the grand jury transcripts and the attendant exhibits that underlie the return of that superseding indictment.").  As for "the summations and legal instructions," we advised you on a meet-and-confer telephone call on August 28, 2024, that we did not intend to produce this material, and invited you to provide us with binding precedent establishing your entitlement to it.  Neither your recent discovery letter nor any other correspondence references such binding precedent.  Accordingly, we maintain our position that "the summations and legal instructions" are not discoverable.

**Request 13**:  The initial grand jury production from August 11, 2023, already is organized in the way you now request—with each grand jury witness's transcript, followed by the exhibits used in his or her examination.  We refer you to our discovery letter of August 28, 2023, which included "more detailed Source Logs . . . with additional information to help you determine the Bates range" for grand jury witnesses.  If you require additional information to help you find documents already in your possession, and already clearly delineated in the detailed Source Logs accompanying the discovery productions, please let us know.  Your request also refers to "memos" for each grand jury witness; the word "memos" as used is vague, and we request clarification of this request.

**Request 14**:  To the extent we possess discoverable information responsive to this request, we have produced it to you.  *See, e.g.*, SCO-███████ through SCO-███████; SCO-████████ through SCO-███████.

**Request 15**:  To the extent we possess discoverable information responsive to this request, we have produced it to you.  *See, e.g.*, SCO-███████ through SCO-███████.  Additionally, we understand that pursuant to the Presidential Records Act, the defendant has access, through his designated representatives, to materials from his administration that are in the custody and control of NARA, and that his representatives had the opportunity to review any records NARA provided to us before we received them.

**Request 16**:  To the extent we possess discoverable information responsive to this request, we have produced it to you.  *See, e.g.*, SCO-███████ through SCO-███████; SCO-████████ through SCO-███████.  Additionally, we understand that pursuant to the Presidential Records Act, the defendant has access, through his designated representatives, to materials from his administration that are in the custody and control of NARA, and that his representatives had the opportunity to review any records NARA provided to us before we received them.

**Request 17**:  Your request seeks information not in the possession of the prosecution team or that otherwise is not discoverable.  That said, you may find information potentially responsive to your request at:  https://www.justice.gov/olc/opinion/payment-expenses-associated-travel-president-and-vice-president.

**Request 18**:  To the extent we possess discoverable information responsive to this request, we have produced it to you.  Additionally, we understand that pursuant to the Presidential Records Act, the defendant has access, through his designated representatives, to materials from his administration that are in the custody and control of NARA.

**Request 19**:  Your request incorrectly asserts that the "discovery production does not contain any transcripts, memoranda, 302s or any documents related to the individuals identified as Republican contingent electors for the states named in the Superseding Indictment" and, on that faulty premise, requests that we "provide all documents related to the electors."  The detailed Source Logs accompanying our productions disclose the location of the information you seek.  Nonetheless, to aid your review, we include as Exhibit A to this letter a spreadsheet identifying material related to approximately fifty individuals listed on your client's fraudulent elector certificates.

**Request 20**:  This material was provided to you on August 11, 2023.  *See, e.g.*, SCO-███████ through SCO-███████; SCO-███████ through SCO-███████; SCO-███████ through SCO-███████; SCO-███████ through SCO-███████.  And we previously directed you to these specific interview transcripts in response to one of your other discovery requests.  *See* Gov't Discovery Letter (11/3/23) at 2 (regarding Request #4 to your October 23 discovery letter).

**Request 21**:  To the extent we possess discoverable information responsive to this request, we have produced it to you.  It is unclear to us why you are able to locate such a limited number of text messages for ███████ and ███████.  To assist you, below we have assembled certain information regarding facilities and subpoena productions for ███████

 that we already provided to you in the detailed Source Logs accompanying our discovery productions. Please note that, in productions or warrant returns for other custodians, you may also identify documents reflecting text messages with  and  by searching by their phone numbers within the discovery materials.



**Requests 22-24**:  This appears to be at least the third time you have made these requests. *See* Defense Discovery Letter (10/4/23) at 1-2; Defense Discovery Letter (10/23/23) at 2-4. Accordingly, we refer you to our prior responses. *See* Gov't Discovery Letter (10/13/23) at 1-2; Gov't Discovery Letter (11/3/23) at 2.  We previously invited you to explain how the information you seek is potentially pertinent to the trial of this case.  As examples, we invited you to let us know if your client is aware of a specific investigation that revealed evidence of outcome-determinative election fraud in any state, or that revealed evidence to support any of the specific lies that the charging document alleges your client knowingly propagated.  To date, we have not received any substantive response, only substantively identical requests without elaboration.

**Request 25**:  Your request appears to seek written information originating from members of Congress.  To the extent we possess discoverable information responsive to this request, we have produced it to you.  *See, e.g.,* SCO-████████ through SCO-████████; SCO-████████ through SCO-████████; SCO-████████ through SCO-████████; SCO-████████ through SCO-████████; SCO-████████ through SCO-████████.

**Requests 26-29**:  To the extent we possess discoverable information responsive to these requests, we have produced it to you.  *See, e.g.,* SCO-████████ through SCO-████████; SCO-0████████; SCO-████████ through SCO-████████.  We also refer you to our Motion for Immunity Determinations, ECF No. 245-1.  Additionally, we understand that pursuant to the Presidential Records Act, the defendant has access, through his designated representatives, to materials from his administration that are in the custody and control of NARA.

**September 29 Letter**

Your September 29 letter continues to evince a fundamental misunderstanding of the scope of the prosecution team. We previously have said that "[t]he prosecution team consists of the prosecutors of the Special Counsel's Office and law enforcement officers who are working on this case." Gov't Discovery Letter (10/24/23); *see also* ECF No. 181 at 11-12. And we have identified as the "law enforcement agencies that worked on the investigation leading to this case . . . the Federal Bureau of Investigation; the Department of Justice Office of the Inspector General (DOJ OIG); the National Archives Inspector General (NARA OIG); and the United States Postal Inspection Service (USPIS)." Gov't Discovery Letter (11/25/23). It does not follow that the Government then possesses, for purposes of discovery, all records of everyone who works at the FBI, DOJ OIG, NARA OIG, or USPIS just because some of those agencies' officers worked on this investigation. We have made this point before specifically with respect to the FBI's Washington Field Office. *See, e.g.*, ECF No. 181 at 11-12. The same principle applies to DOJ OIG. Whichever team within DOJ OIG is working on the internal review and draft report referenced in your September 29 letter is not part of the prosecution team here.

Moreover, from publicly available information regarding the scope of that internal review, the focus of the draft report appears to be unrelated to the charges in the superseding indictment. *See United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("a court must first start with the indictment when determining what is material"). Specifically, the DOJ Inspector General "initiat[ed] a review to examine the role and activity of DOJ and its components in preparing for and responding to the events at the U.S. Capitol on January 6, 2021." *See* https://oig.justice.gov/sites/default/files/2021-01/2021-01-15.pdf. That review apparently "will include examining information relevant to the January 6 events that was available to DOJ and its components in advance of January 6; the extent to which such information was shared by DOJ and its components with the U.S. Capitol Police and other federal, state, and local agencies; and the role of DOJ personnel in responding to the events at the U.S. Capitol on January 6." *Id.* And the review "will assess whether there are any weaknesses in DOJ protocols, policies, or procedures that adversely affected the ability of DOJ or its components to prepare effectively for and respond to the events at the U.S. Capitol on January 6." *Id.* While your letter makes the broad assertion that "[t]he events of January 6 are germane to the immunity issues currently before the Court," nowhere does it explain how a draft report into the Justice Department's preparation for, and response to, the attack on the Capitol are tethered to the allegations in the superseding indictment.

\*       \*       \*

Lastly, we previously have offered assistance should you have any technical issues accessing specific discovery.  That offer stands.

Respectfully,

JACK L. SMITH
Special Counsel

/s/ Thomas P. Windom
Thomas P. Windom
Molly Gaston
Senior Assistant Special Counsels

# **EXHIBIT A**

Exhibit A to
Gov't Discovery Letter (10/1/24)



1

Exhibit A to
Gov't Discovery Letter (10/1/24)

Exhibit A to
Gov't Discovery Letter (10/1/24)



Exhibit A to
Gov't Discovery Letter (10/1/24)

