# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| v. | * | |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

### GOVERNMENT'S REPLY BRIEF IN SUPPORT OF
### MOTION FOR LEAVE TO FILE UNREDACTED MOTION UNDER SEAL,
### AND TO FILE REDACTED MOTION ON PUBLIC DOCKET

The defendant's opposition brief does not address the factors the Court is required to consider under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), or the First Amendment. *Compare* ECF No. 248 *with* ECF No. 246 at 4-9; *see also* ECF No. 55 ("To approve the sealing of any materials in a criminal case, the court must still engage in the analysis required by the common-law *Hubbard* factors and, where applicable, the First Amendment."). Instead, in an about-face from his previous objection "to any of the proceedings in this case being conducted under seal," *see* ECF No. 166 at 1 n.1, the defendant focuses on the constraints of the protective order with respect to discovery material, while ignoring the fact that the Government fully complied with the protective order and explained in detail the reasons for the proposed redactions so that the Court can make an independent determination regarding what should be made public. *See* ECF No. 246 at 1 (describing filing process under protective order); ECF No. 29 at 66 (The Court: "I intend for this case to proceed in the public record as much as possible . . . and I will carefully weigh the relevant factors to ensure that there's sufficient reason for keeping any material off the public record."). The Government stands by its recitation and application of the factors the Court is required to consider.

The defendant agrees with the Government's proposed redactions of the "names of individuals who are not specifically identified in the Superseding Indictment," but suggests that those redactions do not go far enough to protect witness identities, and that in addition the witnesses' "titles and positions" should be redacted.  ECF No. 248 at 2-3.  The Government's proposed redaction of the names only, however, is consistent with the approach taken in the superseding indictment and, in the Government's view after assessing the *Hubbard* factors, is sufficient to protect witnesses from harassment while permitting an appropriate degree of public access.  *See, e.g.*, ECF No. 226 ¶¶ 9, 18-19, 24-26, 29, 32, 36 (not naming but providing information about co-conspirators and witnesses, including titles such as "Campaign Manager," "Arizona's Governor," "Arizona House Speaker," "Senior Campaign Advisor," "executive assistant," "the Defendant's Chief of Staff," "Georgia Attorney General," "Georgia Governor and Secretary of State," "Chairwoman of the Republican National Committee," "Michigan House Speaker and Michigan Senate Majority Leader," and "Senior Advisor").  On this point, a case that the defendant cites, *United States v. Todd*, supports the Government's position, not his own; there, the court permitted the Government to file source materials under seal but required it to file on the public docket the information important to the Court's determination—the overall amount of damage incurred by federal agencies during the January 6, 2021 attack on the Capitol—and allowed the Government to redact for public filing the name, but not the title, of the Acting Senate Sergeant of Arms.  *See* 2024 WL 3566223, at *3 n.5 (D.D.C. 2024).  If the Court's balancing of the *Hubbard* factors leads it to a different conclusion, the Government can promptly submit a revised proposed public filing including the additional redactions of "titles and positions" proposed by the defendant.

Finally, the defendant's opposition includes his standard and unsupported refrain that the Government's position is motivated by improper political considerations. That allegation is false—just as it was false when the Court denied the defendant's motion to dismiss the case on grounds of selective and vindictive prosecution. *See* ECF No. 198. The Special Counsel's mandate is to uphold the law. It has no role or interest in partisan politics and has faithfully executed its prosecutorial duties in this case. The Government's position, set forth on the schedule ordered by the Court, is rooted in a faithful application of binding D.C. Circuit caselaw—namely, a careful analysis and balancing of the *Hubbard* factors.

Respectfully submitted,

JACK SMITH
Special Counsel

By:   /s/Thomas P. Windom
Thomas P. Windom
Molly Gaston
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530