UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **DONALD J. TRUMP**, <br><br> Defendant. | Criminal Action No. 23-257 (TSC) |

**OPINION AND ORDER**

The Government has requested leave to file under partial seal a Motion for Immunity Determinations ("Motion") and Appendix. *See* ECF No. 246. Specifically, it seeks to redact from the public docket (1) the names of individuals that do not appear in the Superseding Indictment, and (2) non-public sources "including grand jury transcripts, interview reports, or material obtained through sealed search warrants." *Id.* at 3. Defendant does not object to any of the proposed redactions, but calls for sealing additional portions of the Motion and further briefing from the Government. Def.'s Opp'n to Special Counsel's Sealing Mot. at 2, 6, ECF No. 248 ("Def.'s Opp'n").[1] For the reasons below, the court will grant the Government's request with respect to the redactions in its proposed Motion.

### I.     LEGAL STANDARD

There is an "important presumption in favor of public access to all facets of criminal court proceedings." *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980). In light of that presumption, the court weighs six factors when considering a request for leave to file under seal:

---

[1] Defendant's objections to the Appendix redactions are due on October 10, 2024. Sept. 27, 2024 Min. Order.

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Childs. Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). The moving party must "come forward with specific reasons" for sealing under those factors. *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991).

## II.   DISCUSSION

### A. Government's proposed redactions

The court has already determined that, under the six *Hubbard* factors, it is appropriate to seal the kind of information that the Government seeks to redact here. *See* Op. & Order at 3–5, ECF No. 55 ("2023 Sealing Order"). First, there is relatively little need for public access to identifying information of named individuals or non-public sources where, as here, it does not bear on the substantive issue the Motion addresses. *Id.* at 3 (citing *Hubbard*, 650 F.2d at 317–18). Second, "the public's previous access to the redacted information has been limited (for individual identities) to none (for [non-public sources like] witness interview transcripts)." *Id.* at 4. Third, the Government's objection to disclosure on its own behalf and on behalf of individuals whose names are redacted weighs heavily in favor of sealing. *Id.* (citing *In re N.Y. Times Co.*, No. 21-mc-91 (JEB), 2021 WL 5769444, at *5 (D.D.C. Dec. 6, 2021)). Likewise, under the fourth and fifth factors, both the Government and individual witnesses have an interest in avoiding the harassment or intimidation that could result from disclosure of their names. *Id.* at 4–5 (citing *In re N.Y. Times Co.*, 2021 WL 5769444, at *5–6). Finally, the redacted information is extraneous to the Motion's underlying purposes. *Id.* at 5–6. An individual's name, for

instance, will not bear on the official nature of Defendant's charged conduct. Each of the *Hubbard* factors thus supports the Government's proposed redactions.

Moreover, the First Amendment does not require disclosure of the redacted information. The public's right to access judicial records and proceedings attaches "where (i) there is an 'unbroken, uncontradicted history' of openness, and (ii) public access plays a significant positive role in the functioning of the proceeding" or record. *United States v. Brice*, 649 F.3d 793, 795 (D.C. Cir. 2011) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980)). The redacted information here—names of witnesses and non-public sources—has not traditionally been open to the public in pretrial proceedings. But even assuming that there is such a tradition for immunity determinations more broadly, the proposed redactions are the least restrictive way to maximize witness privacy and safety. *See id.* at 796. As noted in the next section, the redactions make it more difficult to confirm witness identities, reducing the likelihood of their harassment or intimidation, but they do not extend beyond the names and non-public sources essential to that interest.[2] And because the redacted information is peripheral to the Motion's purposes, disclosing it is not necessary to preserve "the important function of allowing the public to independently evaluate the parties' arguments and the Court's conclusion." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 21 (D.D.C. 2022) (citing *Press-Enter. Co. v. Superior Ct. of Cal.*, 464 U.S. 501, 508 (1984)). The proposed redactions therefore pass constitutional muster.

---

[2] In *Washington Post v. Robinson*, the D.C. Circuit rejected the sealing of information "already validated by an official source" because that information had been announced in a news conference by the prosecution. 935 F.2d 282, 291–92 (1991). That is categorically different from expressly disclosing identities that might be provisionally inferred by piecing together contextual clues from the parties' filings and media reports.

B. **Defendant's additional proposed redactions**

Defendant asks the court to go further in two respects. First, he asserts that in addition to individual names, "all references to the titles and positions held by the witnesses who are not specifically named in the Superseding Indictment" should also be redacted. Def.'s Opp'n at 3. His primary contention appears aimed at the fourth *Hubbard* factor: He states that "in numerous instances, the redactions and pseudonyms . . . fail to meaningfully mitigate the privacy and safety issues" related to the disclosure of witness identities. *Id.* at 2–3. But that presses an argument the court already rejected—*i.e.*, that because readers could in some cases use the unredacted titles and positions "associated with each [redacted name] in the government's Motion" to "reveal the individual's identity," it is futile to redact the names. 2023 Sealing Order at 3–4. The court has explained that even in such cases, privacy interests are still served by name redactions that at least preserve the "need to conduct independent searches or make inferences to confirm the redacted identities." *Id.* at 4. It is possible that similar searches or inferences could confirm witness identities even if their job positions were redacted, too, which weakens the application of the fourth factor to the marginal change that Defendant proposes. And the court takes seriously the Government's judgment that its proposed redactions are "sufficient to protect witnesses from harassment." Government's Reply Br. in Supp. of Mot. for Leave to File at 2, ECF No. 250.

Defendant does not directly engage with the remaining five *Hubbard* factors, which on balance counsel against the additional redactions. His objection to disclosing the job positions carries some weight under the third factor, especially since it is made on behalf of potential witnesses. 2023 Sealing Order at 4 (citing *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010); *Hubbard*, 650 F.2d at 319). But he has not articulated a cognizable prejudice resulting from disclosure under the sixth factor. "Defendant's concern with the political

consequences of these proceedings does not bear on" the legal issues here. Op. & Order at 3, ECF No. 243 ("Oversized Brief Order").

The remaining factors tilt decidedly in the other direction. The first and sixth factors strongly favor disclosure for a singular reason: The job positions of individuals discussed in the Motion constitute information "upon which the court's review [must] be based," and on which its decisions will "rely," as "required by Supreme Court precedent." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). Indeed, that information was one of the few types of "context" that the Supreme Court specifically highlighted for consideration. *Trump v. United States*, 144 S. Ct. 2312, 2340 (2024) ("Knowing . . . who was involved . . . could be relevant to the classification."). Whether the people involved with the charged conduct were campaign or government staff, for instance, could affect the official nature of those acts. Their job titles are therefore central to "the purposes for which the [Government's Motion is] introduced" —and in order for the public to understand the court's eventual decision on immunity, "the need for public access" to that information is correspondingly great. *Nat'l Child.'s Ctr., Inc.*, 98 F.3d at 1409; *see In re Pub. Def. Serv.*, 607 F. Supp. 3d at 21. Finally, under the second factor, the public already has access to many of the job titles at issue because they are detailed in the Superseding Indictment. *See, e.g.*, Superseding Indictment ¶¶ 9, 18–19, 24–26, 28–30, 33–34, 36, 39, 42, 46, 53, 66, 77–78, 83, 99.

Considered together, the *Hubbard* factors do not warrant sealing the job positions listed in the Motion. The privacy interests at stake, while important, would be advanced only marginally by the additional redactions the defense proposes because, as noted above, many of the job titles are already available in the Superseding Indictment. *See Robinson*, 935 F.2d at 292 (disfavoring sealing of information otherwise confirmed by official source). And those interests

are outweighed by the job positions' centrality to the Motion's immunity analysis and the public's corresponding need to understand it.

### C. **Defendant's request for show cause order**

Second, Defendant asks the court to "require the Special Counsel's Office to . . . show cause why their proposed public disclosure of voluminous purportedly sensitive witness statements is consistent with the risks of witness safety, potential juror taint, and the integrity of the proceedings that they have cited previously." Def.'s Opp'n at 6–7. Defendant does not clearly state his own objection to that disclosure. Instead, he appears to argue that the Government is estopped from *not* seeking additional sealing here.[3] The court declines to pursue that course, which would reverse the ordinary presumption against sealing, as well as the movant's burden to justify it. *Hubbard*, 650 F.2d at 317; *Johnson*, 951 F.2d at 1278.

In any event, the information taken from court-designated "Sensitive Materials" and at issue here should not be sealed in the Motion. *See* Protective Order ¶ 8, ECF No. 28 (defining Sensitive Materials to include grand jury materials, witness interviews, and other non-public sources). The governing Protective Order contemplated that result could be appropriate in certain situations. *Id.* ¶ 11 (permitting disclosure of Sensitive Materials with "prior authorization by the court"). Here, the relevant information consists mostly of excerpts from grand jury testimony or other witness interviews, which the Government quotes throughout the Motion.

The *Hubbard* analysis for this information mirrors the analysis of the proposed job title redactions. There are important privacy and safety interests in maintaining the confidentiality of witness identities and statements ahead of trial, and the risks attendant to the disclosure of

---

[3] Defendant does not acknowledge his prior objection "to any of the proceedings in this case being conducted under seal," Def.'s Mot. for Leave to File Unredacted Mot. and Exs. Under Seal at 1 n.1, ECF No. 166, nor explain why he abandons that position here.

previously sealed Sensitive Materials are not to be taken lightly. But the excerpted statements are vital to the purpose of the Motion, which the court has a duty to evaluate on the public record wherever possible. *Trump*, 144 S. Ct. at 2340 (requiring the "necessarily factbound analysis" of "the content and context" of Defendant's charged conduct); *Hubbard*, 650 F.2d at 317 (extending presumption of public access to "all facets of criminal court proceedings"). Neither party has specifically objected to disclosing the witness statements at issue, nor articulated a prejudice that would ensue from doing so. Especially where grand jury materials are concerned, courts appropriately defer to the government's assessment of how to balance witness protection and public access. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1133 (D.C. Cir. 2020). The court will accordingly not require the redaction of those statements, or any further briefing from the Government.

\*   \*   \*

In addition to the assertions discussed above, Defendant's opposition brief repeatedly accuses the Government of bad-faith partisan bias. *See* Def.'s Opp'n at 2, 5–6. These accusations, for which Defendant provides no support, continue a pattern of defense filings focusing on political rhetoric rather than addressing the legal issues at hand. *See* Oversized Brief Order at 2–3 (identifying two recent instances of this pattern). Not only is that focus unresponsive and unhelpful to the court, but it is also unbefitting of experienced defense counsel and undermining of the judicial proceedings in this case. Defendant has had an opportunity to make his case that his prosecution is improperly motivated. *See* Def.'s Mot. to Dismiss for Selective and Vindictive Prosecution, ECF No. 116. Future filings should be directed to the issues before the court.

### III. CONCLUSION

For these reasons, the Government's Motion for Leave to File to Unredacted Motion Under Seal, and to File Redacted Motion on the Public Docket, ECF No. 246, is hereby GRANTED in part. The Clerk of the Court is directed to file on the public docket the redacted version of the Government's Motion for Immunity Determinations, ECF No. 245-6. The court reserves judgment with respect to the Government's proposed redactions in the Appendix accompanying that Motion.

Date: October 2, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge