IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:23-cr-00257-TSC |
| DONALD J. TRUMP, | |
| *Defendant*. | |

**PRESIDENT DONALD J. TRUMP'S
MOTION TO EXTEND PAGE LIMITS AND TIME TO RESPOND TO
GOVERNMENT'S MOTION FOR IMMUNITY DETERMINATIONS
AND FOR LEAVE TO FILE A SUR-REPLY**

President Donald J. Trump respectfully moves for leave to file a 180-page Response and Renewed Motion to Dismiss Based on Presidential Immunity ("Response") to the Special Counsel's Motion for Immunity Determinations, Doc. 252 (the "Motion").

President Trump further moves for a 5-week extension of the deadline to file his Response, to November 21, 2024, and for leave to file a 25-page sur-reply by December 19, 2024. In support, President Trump states as follows:

**BACKGROUND**

The Special Counsel returned a Superseding Indictment on August 27, 2024. Doc. 226. Thereafter, the parties filed a joint status report, Doc. 229. In this submission, the Special Counsel requested leave to file an "opening brief," that it claimed would justify its own charging instrument and "explain why the immunity set forth in *Trump* does not apply to the categories of allegations in the superseding indictment." *Id.* at 2. President Trump objected to this approach, which violates established criminal procedure and unconstitutionally deprives him of his Sixth Amendment rights to call and cross-examine witnesses. Instead, President Trump requested a standard briefing

1

sequence, which would entail President Trump raising and the Court resolving several threshold questions of law before entertaining other submissions. *Id*. at 3–10.

The Court held a hearing on September 5, 2024, Doc. 232. At the hearing—which the Court had postponed for three weeks at the Special Counsel's request—the Special Counsel disclosed that its proposed immunity briefing was already "underway," but that it required an additional three weeks to finish drafting, and to "package the exhibits." Tr. at 16. Despite this prior work, the Special Counsel did not indicate that its proposed brief would exceed this District's page limits, LCrR 47(e), and it did not seek any relief in that respect.

Over President Trump's objection, the Court granted the Special Counsel's request to submit an opening brief. Doc. 233 at 2. Moreover, the Court granted the Special Counsel's request for an additional three weeks to complete its drafting, setting a September 26, 2024, deadline. *Id*. The Court did not alter applicable page limits, and, based on those standard limits, ordered that President Trump submit his Response by October 17, 2024, with the Special Counsel's reply due October 29, 2024. *Id*. The Court indicated that, although this schedule would allow the Special Counsel to file two briefs (instead of the standard one brief in response to a motion to dismiss), it was not "inherently unfair," in part because "if [President Trump] want[s] to file a sur-reply, [he] can ask for leave to file a sur-reply," with the initial the schedule being "just a matter of who goes first." Sep. 5, 2024, Hr'g Tr. at 27–8.

Finally, the Court ordered that President Trump submit: (1) replies in support of his pending discovery motions (by September 26, 2024); (2) a supplement to his statutory motion to dismiss (by October 3, 2024); and (3) a motion for leave to file a motion to dismiss based on the Appointments and Appropriations Clauses (by October 24, 2024, with a reply due November 7, 2024). Doc. 233 at 2.

On September 21, 2024, less than a week before its immunity brief was due, the Special Counsel moved to quadruple its applicable page limits, to 180. The Special Counsel notified President Trump that it would seek this relief just one day prior. President Trump objected, emphasizing "the unprecedented and irregular nature of the Office's approach on remand." Doc. 242 at 1. The Court overruled President Trump's objection, holding "[t]he length and breadth of the Government's proposed brief" was appropriate given the "uniquely 'challenging' and factbound nature of [immunity] determinations." Doc. 243 at 2 (quoting *Trump v. United States*, 144 S. Ct. 2312, 2340 (2024)).

On September 26, 2024, the Special Counsel filed its oversized brief, together with an extensive appendix and hundreds of exhibits, under seal. Doc. 245. The Special Counsel further moved to seal an unredacted copy of its brief and exhibits, while proposing redactions for copies that it would file publicly. Doc. 246. The Court ordered that President Trump respond to these proposed redactions on an expedited basis, setting deadlines for October 1, 2024, 12:00 PM (for the brief) and October 10, 2024, 5:00 PM (for the appendix). Sep. 27, 2024, Minute Order.

## ARGUMENT

As an initial matter, the Court should expand the page limits for President Trump's Response to match the 180 pages provided to the Special Counsel. The Court has decided, over President Trump's objections, that extensive factual submissions are appropriate at this juncture. Having made that determination, President Trump must have an equal opportunity to submit and address facts bearing on immunity, and to rebut the Special Counsel's misleading submissions. Accordingly, the Court should grant President Trump leave to file a 180-page Response.

Regarding timing, President Trump seeks a 5-week extension of his filing deadline. This resembles the 3-week extension the Court previously provided the Special Counsel, Aug. 9, 2024,

3

Minute Order, which allowed the Special Counsel to work on its initial brief before the September status conference. In total, the requested extension would provide President Trump 8 weeks to file his Response, which approximates the 6 weeks the Court granted the Special Counsel (including a 3-week extension before the status conference, and an additional 3 weeks thereafter to finalize its brief and exhibits). Additionally, the extension reflects: (1) the enormous size of the Special Counsel's filing, which will take substantial time to review, consider, and respond to, and (2) the importance of the issues at stake. *Trump*, 144 S. Ct. at 2332 ("[L]ike the underlying immunity question, th[e] categorization [of official and unofficial acts] raises multiple unprecedented and momentous questions about the powers of the President and the limits of his authority under the Constitution.").

As the Court indicated previously, President Trump should have sufficient time to respond to the Special Counsel's Motion. Sep. 5, 2024, Hr'g Tr. at 32 ([The Court]: [W]e haven't discussed how much time you need. You can have time to respond. . . . You can have additional time during those three weeks and then the other time that I give you to properly respond to their opening briefs. I don't think this is prejudicial to you at all."). Here, given the extraordinary, and only recently disclosed, quadrupling of the Special Counsel's submission length, and the need for President Trump to respond on equal terms, an additional 5 weeks is entirely reasonable.

Nor will any party be prejudiced by the requested extension. The Special Counsel has already submitted its initial brief, and no trial has been scheduled. *Id*. at 31 ([The Court]: "We're hardly sprinting to a finish line here. We all know, we all know that whatever my ruling on immunity is, it's going to be appealed and the taking of that appeal will again stay this case. So no one here is under any illusion that we're sprinting towards any particular trial date.").

At the same time, President Trump will continue his work on multiple other pending submissions, including a supplement to his statutory motion to dismiss, a motion for leave to file an Appointments and Appropriations motion, and an expedited response to the Special Counsel's motion to seal, all of which are: (1) due in the near future, and (2) draw significant resources from the Response. Adequately responding to a 180-page brief, together with hundreds of exhibits, is an enormous undertaking under any circumstance. To do so by October 17—while at the same time grappling with the Special Counsel's motion to seal and the other dispositive motions that President Trump must file—is not practical and is at odds with the Supreme Court's directive to carefully consider these momentous issues. Accordingly, good cause exists to extend the Response deadline by 5 weeks, to November 21, 2024. Fed. R. Crim. P. 45(b)(1)(A).

Finally, President Trump seeks leave to file a sur-reply. As noted above, the Response serves as both President Trump's opposition to the Special Counsel's Motion for Immunity Determinations, and as an affirmative motion to dismiss. Under ordinary circumstances, President Trump would have every right to file a reply in support of such a motion to dismiss. LCrR 47(d); Sep. 5, 2024, Hr'g Tr. at 12 ([The Court]: "Normally there's a challenge filed by the defense, an opposition by the Government and a reply by the defense. So why should we depart from the ordinary course here?").

Although the Court determined that the Special Counsel should "go[] first" for scheduling purposes, *id*. at 27–8, this "atypical sequence," Doc. 243 at 2, should not adversely affect President Trump's right to submit complete briefing. Just the opposite, as the Court acknowledged, the unorthodox briefing order weighs in favor of a sur-reply. Sep. 5, 2024, Hr'g Tr. at 27–8 ([The Court]: "There's nothing inherently violative of due process by the Government filing an open brief and your getting an advance look at their arguments, have a chance to respond and address

5

them. The Government replies. And if you want to file a sur-reply, you can ask for leave to file a sur-reply. But there's nothing inherently unfair in that. It's just a matter of who goes first.").

Additionally, a sur-reply would not provide President Trump any unfair advantage. Rather, it would equalize the currently unequal posture by allowing both parties to submit the same two briefs with the same page limits, irrespective of who the Court chose to file first. Such a procedure serves both fundamental fairness, and the Supreme Court's directive to give full and careful consideration to these momentous issues. *Trump*, 144 S. Ct. at 2332. Accordingly, the Court should grant President Trump leave to file a 25-page sur-reply. As the Special Counsel's reply is due 2 weeks after President Trump's Response, the Court should grant President Trump the same two weeks to file his sur-reply. Accounting for the extension requested above, this would result in deadlines of December 5, 2024, for the Special Counsel's reply, and December 19, 2024, for President Trump's sur-reply.

## CONCLUSION

The Court should grant President Trump leave to file a 180-page Response by November 21, 2024. The Court should further grant President Trump leave to file a 25-page sur reply by December 19, 2024. The Special Counsel indicates that it does not object to a 180-page limit for the Response, but opposes President Trump's requests for a deadline extension and for a sur-reply.

Dated: October 2, 2024

/s/ Todd Blanche / Emil Bove
Todd Blanche, Esq. (PHV)
ToddBlanche@blanchelaw.com
Emil Bove, Esq. (PHV)
Emil.Bove@blanchelaw.com
BLANCHE LAW PLLC
99 Wall St., Suite 4460
New York, NY 10005
(212) 716-1250

Respectfully submitted,

/s/ John F. Lauro / Gregory Singer
John F. Lauro, Esq.
D.C. Bar No. 392830
jlauro@laurosinger.com
Gregory M. Singer, Esq. (PHV)
gsinger@laurosinger.com
Filzah I. Pavalon, Esq. (PHV)
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990

*Counsel for President Donald J. Trump*