IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | *   CRIMINAL NO. 23-cr-257 (TSC) |
| v. | * |
| | * |
| DONALD J. TRUMP, | * |
| | * |
| Defendant. | * |
| | * |

GOVERNMENT'S DISCOVERY CERTIFICATION
AND MOTION TO SET AN ADDITIONAL JENCKS ACT DEADLINE

On October 16, 2024, the Court granted in part and denied in part two related defense discovery motions. *See* ECF No. 263. Specifically, while rejecting the vast majority of the defendant's unfounded demands, the Court ordered the Government to search for and produce any additional discovery within its possession that fit three discrete categories of information: (1) certain "records related to the testimony of a former Director of National Intelligence ('DNI')," *id.* at 16; (2) "information about security measures that was conveyed to Defendant during his meeting with General Milley and Acting Secretary Miller" in early January 2021, *id.* at 23; and (3) "'evidence relating to unauthorized retention of classified documents by Vice President Mike Pence,'" *id.* at 31. Pursuant to the Court's order, the Government carefully reviewed its holdings regarding these three categories and has nothing further in its possession to produce to the defendant. The Government also reviewed its holdings in light of the Court's definition of the prosecution team and its order regarding Jencks Act materials, *id.* at 50, and in an abundance of caution, earlier today produced to the defendant a small number of additional materials; relatedly, the Government herein moves for an additional deadline for the production of any remaining Jencks Act materials in advance of trial.

First, the Government has no additional discovery to produce regarding records the former DNI reviewed in May 2022, roughly seven months prior to his interview with the Government. Those records are not in the Government's possession. The former DNI appears to have chosen of his own accord to arrange to review certain documents in the possession of the office he previously led—the Office of the Director of National Intelligence—a separate Executive Branch office the Court already has determined is not part of the Government's prosecution team. ECF No. 263 at 45. The Government did not participate in the former DNI's review, did not receive copies of the reviewed materials, and to this day has no knowledge of what documents the former DNI reviewed. Furthermore, though the defendant claims that "the DNI indicated he had prepared [for his Government interview and related grand jury testimony] by reviewing materials maintained by his former employer," ECF No. 167 at 29, agent notes of the Government's interview with the former DNI—produced to the defendant in discovery on September 26, 2023—indicate that the former DNI told the Government that the review at ODNI was to see what had been produced to the House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Select Committee").

Second, the Government has no additional discovery to produce in response to the Court's order "to search for and produce any additional records within its possession . . . concerning information about security measures that was conveyed to Defendant during his meeting with General Milley and Acting Secretary Miller." ECF No. 263 at 23. The referenced meeting took place in the Oval Office on the afternoon of January 3, 2021, and only an extremely short portion of the meeting concerned security measures. In total, members of the Special Counsel's Office interviewed and/or obtained grand jury testimony from seven individuals who were (or likely were) participants in the meeting, though not every witness discussed the meeting in their

interviews or grand jury appearances. Transcripts of the interviews and grand jury appearances for five of those participants were produced to the defendant in discovery on August 11 and September 26, 2023. Transcripts for the interviews and/or grand jury appearances of the other two participants—conducted by members of the Special Counsel's Office working on the investigation that resulted in criminal charges against the defendant in the Southern District of Florida—do not include discussion of the January 3 meeting and were not produced to the defendant in this case. Instead, those transcripts were produced to the defendant in his Florida case, and—with full awareness of their contents—the defendant has never suggested that those transcripts should be produced in this case. *See* ECF No. 263 at 36 (the Court noting "the defendant's failure to identify any specific material from the Florida investigation to which he is entitled in discovery in this case and does not already have"). Separately, the Government obtained from the Select Committee transcripts of interviews of six of the seven participants; those transcripts also were produced to the defendant on August 11, 2023, along with a publicly-available transcript of a public hearing of the House Committee on Oversight and Reform in which one of the participants testified. Also, the same day, the Government produced a timeline the Department of Defense provided to the Select Committee, which briefly references the content of the January 3 meeting. In sum, the Government has nothing further to produce on this topic, and any additional information would be cumulative of the ample information already provided.

Third, the Government has produced no discovery, and has no discovery to produce, regarding the entirely separate—and according to public reports, closed—investigation into the unauthorized retention of classified documents by former Vice President Mike Pence. As the Government stated in its brief opposing the defendant's unfounded discovery request, the

prosecution team had no involvement in or influence over the Pence investigation. *See* ECF No. 181 at 41-42.

Separate from these specific categories of information, the Court directed "that to the extent that the court has defined the prosecution team to include added entities, personnel, or files beyond the Government's operating definition, the Government shall conduct a reasonable search of those additions for any materials that it is required to disclose to Defendant under *Brady*, *Giglio*, the Jencks Act, or Rule 16." ECF No. 263 at 50. Accordingly, in an abundance of caution, the Government produced to the defendant earlier today a small volume of materials that likely are not discoverable but that the Government obtained from the United States Attorney's Office for the District of Columbia. *See id.* at 38 (identifying "communications with and information transmitted to the Special Counsel's Office by USAO-DC" as within the scope of the Government's "duty to search"). Today's production was accompanied by other discovery not implicated by the Court's order. The Government has no additional discoverable material to produce from Special Counsel's Office or Department of Justice Office of Inspector General personnel who previously participated in the investigation. *See id.* at 37, 40. Nor does the Government have any additional discoverable material to produce from the FBI's Washington Field Office, whether from personnel currently or previously assigned to this investigation or "any other investigative case files maintained by the Field Office that are related to Defendant's charged conduct." *Id.* at 41.

Finally, the Court specified that "[w]ith respect to any Jencks Act materials, the Government may alternatively file a motion . . . proposing an alternative date by which it must produce those materials to Defendant." *Id*. As described above, the Government does not have in its possession any additional Jencks Act materials related to the former DNI to produce to the

defendant. Regarding other anticipated trial witnesses, the Government already has met and exceeded its Jencks Act obligations—including for fact witnesses and law enforcement witnesses who participated in the investigation of this case—by producing these materials on a rolling basis in discovery, well ahead of trial. This has included the early production of grand jury transcripts, interview transcripts and reports, agent emails and text communications, and other Jencks Act materials. The Government recognizes, however, that its anticipated witnesses (and thus, the scope of its obligation to produce Jencks Act materials) could change, especially with respect to record custodians or law enforcement witnesses who may testify to authenticate evidence. Currently, there is no trial date and it is unclear when trial will be set, pending any appellate review of the Court's forthcoming immunity determinations. *See* ECF No. 232 at 31 (Court: "We can't even really contemplate a trial date because of the looming appellate issues."). Accordingly, the Government respectfully requests that the Court set as an alternative date for the Government's production of additional Jencks Act materials the same date as the parties' final witness lists are due, once the Court reinitiates the pretrial schedule.

        Respectfully submitted,

        JACK SMITH
        Special Counsel

By:    /s/Thomas P. Windom
        Thomas P. Windom
        Molly Gaston
        Senior Assistant Special Counsels
        950 Pennsylvania Avenue NW
        Room B-206
        Washington, D.C. 20530