UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>　v.<br><br>**DONALD J. TRUMP**,<br><br>　　　　　Defendant. | Criminal Action No. 23-257 (TSC) |

## **OPINION**

The Government has moved to dismiss the Superseding Indictment without prejudice. Government's Mot. to Dismiss, ECF No. 281 ("Motion"). Defendant does not oppose the Motion, *id.* at 1, and the court will grant it.

Federal Rule of Criminal Procedure 48(a) provides that before trial, the Government "may, with leave of court, dismiss an indictment." The "'principal object of the "leave of court" requirement' has been understood to be a narrow one—'to protect a defendant against prosecutorial harassment . . . when the [g]overnment moves to dismiss an indictment over the defendant's objection.'" *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)).[1] Here, Defendant consents to the dismissal, Motion at 1, and there is no indication that the dismissal is "part of a scheme of 'prosecutorial harassment'" or otherwise improper, *Fokker Servs. B.V.*, 818 F.3d at 742 (quoting

---

[1] Some courts in this district have advanced a broader view of the "leave of court" requirement. For instance, one concluded that "a judge may deny an unopposed Rule 48(a) motion if, after an examination of the record, (1) she is not 'satisfied that the reasons advanced for the proposed dismissal are substantial'; or (2) she finds that the prosecutor has otherwise 'abused his discretion.'" *United States v. Flynn*, 507 F. Supp. 3d 116, 130 (D.D.C. 2020) (quoting *United States v. Ammidown*, 497 F.2d 615, 620–22 (D.C. Cir. 1973)). Even under that broader interpretation, however, the court finds no reason to deny leave here.

*Rinaldi*, 434 U.S. at 29 n.15). Rather, the Government explains that it seeks dismissal pursuant to Department of Justice policy and precedent. Motion at 2–6. The court will therefore grant the Government leave to dismiss this case.

Dismissal without prejudice is appropriate here. When a prosecutor moves to dismiss an indictment without prejudice, "there is a strong presumption in favor" of that course. *United States v. Florian*, 765 F. Supp. 2d 32, 34 (D.D.C. 2011). A court may override the presumption only when dismissal without prejudice "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." *Id.* at 35 (quoting *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989)). As already noted, there is no indication of prosecutorial harassment or other impropriety underlying the Motion, and therefore no basis for overriding the presumption—and Defendant does not ask the court to do so. *See* Motion at 1. Dismissal without prejudice is also consistent with the Government's understanding that the immunity afforded to a sitting President is temporary, expiring when they leave office. *Id.* at 6 (citing Memorandum from Randolph D. Moss, Assistant Attorney General, Office of Legal Counsel, *A Sitting President's Amenability to Indictment and Criminal Prosecution*, 24 Op. O.L.C. 222, 225 (Oct. 16, 2000)).

Accordingly, the court will GRANT the Government's Motion to Dismiss, ECF No. 281, and DISMISS the Superseding Indictment without prejudice. A separate Order will accompany this Opinion.

Date: November 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge